UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| JAMES BENBOW,<br><br>         Plaintiff,<br><br> - against -<br><br>POLICE OFFICER BRIAN W. FEELY; POLICE OFFICER MATTHEW J. ROSIELLO; POLICE OFFICER KENNETH L. ANDERSON; SERGEANT WILLIAM A. DAIB; POLICE OFFICER SHANIEL J. MITCHELL; and POLICE OFFICER STEPHEN J. MINUCCI,<br><br>         Defendants. | **ANSWER TO THE COMPLAINT BY DEFENDANTS FEELEY, ROSIELLO, ANDERSON, DIAB, MITCHELL, AND MINUCCI**<br><br>17-CV-6457 (AMD) (LB)<br><br>**Jury Trial Demanded** |

------------------------------------------------------------------------ X

    Defendants Brian Feely, Matthew Rosiello, Kenneth Anderson, William Diab, Shaniel Mitchell, and Stephen Minucci (hereinafter, "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to Plaintiff's Complaint, dated October 28, 2017 (the "Complaint") respectfully allege, upon information and belief, the following:

    1.  Deny the allegations set forth in paragraph "I" of the Complaint designated "Parties," and its subparts,[1] except admit that Plaintiff purports to bring the instant action and, further, admit that Defendants Feeley, Rosiello, Anderson, Diab, and Minucci are employed by the City of New York within the New York City Police Department.

    2.  Deny the allegations set forth in paragraph "II" of the Complaint designated

---

[1] The pages of the Complaint appear to be out of order. "Paragraph I" appears on parts of pages 1, 2, and 3 of the Complaint. (See Compl. (ECF No. 1.))

"Statement of Claim," and its subparts,[2] except admit, upon information and belief, that on March 7, 2015, at approximately 12:52 a.m., in Brooklyn, New York, Plaintiff was arrested pursuant to New York Penal Law Section 263.03 (Criminal Possession of a Weapon in the Second Degree) and New York Penal Law Section 120.14(1) (Menacing in the Second Degree) and, further, that Plaintiff sustained gunshot wounds. Defendants further state that to the extent the allegations set forth in paragraph "II" of the Complaint designated "Statement of Claim," and its subparts, consist of legal conclusions, no response thereto is required.

3. Deny the allegations set forth in paragraph "II-A" of the Complaint designated "Injuries,"[3] except admit that, upon information and belief, Plaintiff underwent surgery at Kings County Hospital on March 7, 2015 for gunshot wounds. Defendants further state that to the extent the allegations set forth in paragraph "II-A" of the Complaint designated "Injuries," and its subparts, consist of legal conclusions, no response thereto is required.

4. Deny that Plaintiff is entitled to the relief requested in paragraph "III" of the Complaint designated "Relief."[4]

### FIRST AFFIRMATIVE DEFENSE

5. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

6. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

---

[2] "Paragraph II" appears on parts of pages 2, 4, and 5 of the Complaint.

[3] "Paragraph II-A" appears on parts of pages 4 and 6 of the Complaint.

[4] Paragraph III" appears on parts of page 6 of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

7. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of any Defendant.

### FOURTH AFFIRMATIVE DEFENSE

8. There was probable cause for Plaintiff's arrest, detention, and prosecution.

### FIFTH AFFIRMATIVE DEFENSE

9. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

10. Punitive damages cannot be assessed against Defendants in their official capacities.

### SEVENTH AFFIRMATIVE DEFENSE

11. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

### EIGHTH AFFIRMATIVE DEFENSE:

12. At all times relevant to the acts alleged in the complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on any state law claims.

## NINTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

14. Plaintiff provoked or was at fault for any alleged incident.

## ELEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to mitigate his alleged damages.

WHEREFORE, Defendants Brian Feeley, Matthew Rosiello, Kenneth Anderson, William Diab, Shaniel Mitchell, and Stephen Minucci demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:  New York, New York
        February 25, 2019

                                        Respectfully submitted,

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants Feeley, Rosiello, Anderson, Diab, Mitchell, and Minucci*
                                        100 Church Street, 3rd Floor
                                        New York, New York  10007
                                        Tel.: (212) 356-2249
                                        Fax: (212) 356-3509
                                        jweiner@law.nyc.gov


                                        By:  ___/s/_____
                                             Joshua A. Weiner, Esq.

To:  James Benbow
     *Plaintiff Pro Se*
     DIN No. 19-R-0016
     Franklin Correctional Facility
     62 Bare Hill Road
     P.O. Box 10
     Malone, NY 12953

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| JAMES BENBOW,<br><br>                 Plaintiff,<br><br>- against –<br><br><br>POLICE OFFICER BRIAN W. FEELY; POLICE OFFICER MATTHEW J. ROSIELLO; POLICE OFFICER KENNETH L. ANDERSON; SERGEANT WILLIAM A. DAIB; POLICE OFFICER SHANIEL J. MITCHELL; and POLICE OFFICER STEPHEN J. MINUCCI,<br><br>                 Defendants. |
| **ANSWER TO THE COMPLAINT BY DEFENDANTS FEELEY, ROSIELLO, ANDERSON, DIAB, MITCHELL, AND MINUCCI** |
| **ZACHARY W. CARTER**<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants*<br>New York, New York 10007<br>Of Counsel: Joshua A. Weiner<br>Tel: (212) 356-2249 |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................., 2019 . . .*<br><br>*......................................................Esq.*<br><br>*Attorney for............................................* |