UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

........................................

James Benbow

PLAINTIFF

-against-

POLICE OFFICER BRIAN W. FEELY: POLICE
OFFICER MATTHEW J. ROSIELLO: POLICE
OFFICER KENNETH L. ANDERSON: SERGENT
WILLIAM A. DAIB: POLICE OFFICER
SHANIEL J. MITCHELL: AND POLICE OFFICER
STEPHEN J. MINUCCI:

DEFENDANT(s).

........................................

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

MAR 18 2019
4:40 PM
BROOKLYN OFFICE

REPLY TO THE DEFENDANT'S
ANSWER TO PLAINTIFF'S
COMPLAINT

FILE NO. 17-CV-6457 (AMD)(LB).

JURY TRIAL DEMANDED



THE PLAINTIFF HEREBY SWEARS UNDER THE PENALTY OF PERJURY TO THE FOLLOWING:

Defendants have filed an Answer to the Complaint raising eleven affirmative defenses, and seeking a formal dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### Discussion

Apparently the defendants are drawing legal conclusions as to the facts and recognized laws protected by 42 U.S.C. 1983 in each affirmative defense in the Answer to Plaintiff's complaint. However these claims must be held either premature or without merit as they are not supported by the Federal Rules of Civil Procedure.

<u>Affirmative Defense that the complaint fails to state a claim upon which relief can be granted is wholly without merit.</u>

Under the Constitution of the United States any person who has their Civil Roghts violated in such a fashion as the Plaintiff by being shot three times in his back and confined to a wheel chair by Police Officers acting in deriliction to their duty under the Color of State Law may sue in Federal Court for the righting of such wrong to the Constitution and the damage to the party who suffer such injury. 42 U.S.C. 1983. As to the Complaint it clearly spells out the defendants and the act committed and therefore does state a claim to which this Court may grant relief and therefore taking the law over any other course of opinion or business defendants First Affirmative Defense must be found without merit.

### Defendant's Second Affirmative Defense

The claim that the defendants have not violated any rights, or privleges, etc., is completely premature at this juncture of the proceedings and beyond their scope to determine, this is a question for a jury, or a Court to make not the defendants. In light of the fact that the plaintiff was actually shot in his back is a sure sign of not just excessive force, but deadly force and the record does not demonstrate any evidence to justify such use of force, therefore in the interest of justice any conclusion that implys the defendants where within their rights to shoot the Plaintiff in his back three times and confine him to a wheelchair must been deemed without merit and callous.

### Degendant's Third Affirmative Defense

This claim is a rephrase of the second Affirmative defense, a legal conclusion beyond the scope of the defendants, again the record clearly demonstrates that the force used was not only excessive but deadly, and therefore any claim that the Plaintiff was culpable must be determined by the record and the evidence it presents this allegation is wholly without merit as no such evidence exists to make such a determination.

### Defendant's Fourth Affirmative Defense

Probable Cause for an arrest does not justify excessive force and this claim sheds light on the mentality of the Defendants which has no legal standing in the determination of suit for excessive force. the main threshold is the justification for the use of the force implied, in this case three shots in the plaintiff's back, the plaintiff makes the straight foward claim that the public cannot be subjected to such use of force just because their was probable cause for an arrest.

### Defendant's Fifth Affirmative Defense

The Plaintiff relies upon his Constitutional right to be free from excessive force and takes this right seriously and over any course of business. The defendants all of whom are Police officers of the NYPD have a great burden in their dual role as public servant and advocate for justice, However, this does not superseed the Constitutional protection against Procedure and protections promised by our great Constitution. 42 U.S.C 1983; therefore any claim that the defendants violated the Plaintiff's Constitutional rights is demonstrated by the defendants actions and clearly established for the record.

### Defendants Sixth Affirmative Defense

The Plaintiff's complain dooes not demand puntiff damages to the defendant's in their professional capacities, at any juncture this is a question for the Jury as far as damages or the Court, furthermore irrelevant and without merit in light of the Defendant's First, Third, and fifth Affirmative Defenses.

### Defendants Seventh Affirmative Defense

The plaintiff asserts that there has been no prejudice brought upon the defendant(s) as General Municipal Law 50-K (2), provides for the defense of an employee in <u>any</u> Civil Action including any State or Federal Court under sections nineteen hundred eighty one through nineteen hundred eighty-eight of title forty-two of the Untied States code arising out of any such act or ommission which the Corporation counsel finds occurred while the employee was acting within the scope of his/her public employment and in discharge of his duties and was not in violation of any rule or regulation of such agency at the time the alleged act or omission occurred. Therefore the assignment of Corporation Counsel legally makes the 50-e and 50-h hearings a callous waste of valuable litigation as it has already been determined that the Corporation Counsel has found that shooting the plaintiff in his back three times and confining him to a wheelchair was justified, this claim is completely without merit as the Eastern District may still find that the State law was applied arbitrarily in reaching this conclusion.

### Defendants Eighth Affirmative Defense

The review of the determinations concerning the extent of the defendant(s) conduct must be limited to the facts of the record adduced by the evidence which by construction then falls to the protection recognized by the Law applied to the facts adduced supported by the evidence, To telescope such an inquiry into immunity without first demonstrating for before the Court why such reason exist is not consistent with the recognized principles of the Federal Rules of Civil Procedure, this conclusion should be determined by the Court or the Jury. again in light of the fact that the Plaintiff was shot in his back of all places three times just because there was probable for an arrest does not substain this heavy burden to conclude that the Defendant(s) should be granted immunity, therefore this claim is also without merit and premature and beyond the scope of the proceeding.

## NINTH AFFIRMATIVE DEFENSE ( DEFENDANT'S)

Plaintiff's Complaint is well within the stautue of limitations under 42 U.S.C. 1983.

## TENTH AFFIRMATIVE DEFENSE (DEFENDANT'S)

This claim is also a legal conclusion beyond the scope of the proceedings, no such evidence within the record supports such an absurb conclusion, implying that the plaintiff own's conduct somehow provided the police with a <u>legal</u> justification to shoot him three times in the back in irrationally callous, in the light of the fact that the only evidence the defendants offer as to matters of the plaintiff's conduct is the fact there was probable for the arrest, this devalues the time and energy spent on training police officers, and certainly it devalues the value of the plaintiff's life and the safety of the community contrary to their duties.

## ELEVENTH AFFIRMITIVE DEFENSE (DEFENDANT'S)

The Plaintiff reserves his right to mitigate his damages further into the littigation as it may or may not be warranted.

WHEREFORE, Plaintiff, James Benbow demand that the defendant's request seeking judgement for dismissal of the complaint in its entirety be denied without costs and disburstments, and in the interest of justice in light of Plaintiff's serious injuries, deem that an issue for trial remains in dispute and grant the Plaintiff a trial on the issues enclosed or pre-trial proceedings such as discoveries and amendments to complaint. And any other releif the court deems proper.

Respectfully Submitted,

*J. Benbow*
Plaintiff-Pro-Se
James Benbow
Franklin Corr. Facility
62 Bare Hill rd./P.O.Box 10
Malone, New York 12953

SWORN TO BEFORE ME THIS

6th DAY OF MARCH, 2019.

*Deborah A. Humbus*
NOTARY PUBLIC.

DEBORAH A. GUMBUS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN FRANKLIN COUNTY
NO. 01GU6304088
COMMISSION EXPIRES JUNE 02, 20 22

# AFFIDAVIT OF SERVICE

**NAME OF DOCUMENT:(s)** 42 U.S.C. 1983 | Reply to Defendant's Answer

STATE OF NEW YORK )
COUNTY OF FRANKLIN ) SS.:

I, JAMES BENBOW, being duly sworn, deposes and says: That I have on this 18th day of MARCH, 2019, placed and submitted the within copies of the document(s) or moving papers indicated above, to be duly mailed, via the United States Postal Service, through the institutional mail-room at Franklin Correctional Facility, Malone, New York 12953 to be mailed to the following addresses:

ZACHARY W. CARTER
CORPORATION COUNSEL OF CITY OF NEW YORK
ATTORNEY FOR DEFENDANT'S
100 CHURCH STREET 3rd FLOOR
NEW YORK, NEW YORK 10007

(Pro-se Unit)
Eastern District Clerk
225 Cadman Plaza East
Brooklyn, NY 11201

Respectfully submitted,

SWORN TO BEFORE ME THIS
18th DAY OF MARCH, 2019

_____
NOTARY PUBLIC

LISA HOPKINSON
Notary Public, State of New York
No. 01HO6079533
Qualified in Franklin County
Commission Expires October 13, 2022

_____
Franklin Correctional Facility
62 Bare Hill Road, P.O. Box 10
Malone, New York 12953

James Brikon
Din # 19R0016
Franklin Corr. Fac.
P.O. Box 10
Malone, New York 12953

RECEIVED MAR 18 2019 PRO SE OFFICE

Pro Se Office
US District Court
Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201