17 CV 6457 (AMD) (LB)

UNITED STATES EASTERN COURT
EASTERN DISTRICT OF NEW YORK

JAMES BENBOW,

                              Plaintiff,

-against-

POLICE OFFICER BRIAN W. FEELY; POLICE OFFICER MATTHEW J. ROSIELLO; POLICE OFFICER KENNETH L. ANDERSON; SERGEANT WILLIAM A. DAIB; POLICE OFFICER SHANIEL J. MITCHELL; and POLICE OFFICER STEPHEN J. MINUCCI,

                              Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 3-181*
*New York, N.Y. 10007*

*Of Counsel: Joshua A. Weiner*
*Tel: (212) 356-2249*
*Matter #: 2017-066702*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT BACKGROUND ......................................................................................... 1

ARGUMENT .................................................................................................................... 3

    POINT I ............................................................................................................... 3

    Any Amendment of the Complaint to Include
    Claims for False Arrest, Malicious Prosecution, and
    Unreasonable Search and Seizure Would be Futile. ................................... 3

    POINT II .............................................................................................................. 5

    If the Court Allows Plaintiff to Maintain His Claims
    of False Arrest, Malicious Prosecution, and
    Unreasonable Search and Seizure, the Court Should
    Stay the Case. ............................................................................................ 5

CONCLUSION ................................................................................................................. 6

## PRELIMINARY STATEMENT

Defendants Brian Feeley, Matthew Rosiello, Kenneth Anderson, William Diab, Shaneil Mitchell, and Stephen Minucci ("Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's Motion to Amend the Complaint (D.I. 60) as "Count IV" of Plaintiff's proposed amended complaint ("Proposed Complaint") impermissibly includes claims for false arrest, malicious prosecution, and unreasonable search and seizure (the "Count IV Claims").[1] Such claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994), by reason of Plaintiff's criminal conviction. Therefore, the Court should deny Plaintiff's motion to file an amended complaint including claims for false arrest, malicious prosecution, and unreasonable search and seizure.[2] Alternatively, should the Court allow Plaintiff to file the Proposed Complaint as drafted, the Court should stay this action pending the outcome of Plaintiff's criminal appeal. Otherwise, Defendants would be prejudiced by having to litigate claims that are barred by binding Supreme Court precedent.

## RELEVANT BACKGROUND

Plaintiff, then acting *pro se*, filed the complaint on November 3, 2017, alleging claims under 42 U.S.C. §1983 against Defendants. (D.I. 1.) The complaint alleged that, on March 7, 2015, Defendants, all New York City Police Department ("NYPD") officers, unlawfully shot him "two times in the back" and, thereafter, "arrested [Plaintiff] without probable cause." (D.I. 1 at p. 4.) On September 13, 2018, the Court stayed this action pending

---

[1] Although Plaintiff's initial complaint alleged a claim for false arrest, Defendants, considering Plaintiff's status as a *pro se* litigant, abstained from moving to dismiss that claim under FRCP 12(b)(6). However, the same concerns are no longer warranted as Plaintiff is now represented by counsel with the legal background to litigate the issue.

[2] Defendants consent to Plaintiff's motion to amend insofar as it pertains to the other counts in the Proposed Complaint.

resolution of Plaintiff's underlying criminal charges, as, at the time, Plaintiff was facing charges pursuant to N.Y.P.L. § 265.03 (Criminal Possession of a Weapon in the Second Degree) and N.Y.P.L. § 265.01 (Criminal Possession of a Weapon in the Fourth Degree). (D.I. 14, 14-1, 38.) Plaintiff was convicted on April 24, 2018, pursuant to N.Y.P.L. § 265.01 for Criminal Possession of a Weapon in the Fourth Degree. (See Certificate of Disposition in People of the State of New York v. James Benbow, Case No. 01849-2015, annexed as Exhibit A to the Declaration of Joshua A. Weiner in Opposition to Plaintiff's Motion to Amend.) On January 23, 2019, the Court extended the stay due to a pending investigation by the Civilian Complaint Review Board ("CCRB") into the circumstances of the events of March 7, 2015. (D.I. 44.) Upon the resolution of the CCRB investigation, the Court lifted the stay. (D.I. 47.) Defendants answered the complaint on February 25, 2019. (D.I. 48.)

On August 9, 2019, Plaintiff, now represented by counsel, moved to amend the complaint and filed the Proposed Complaint. (D.I. 60-3.) In essence, the Proposed Complaint alleges that Defendants shot Plaintiff despite the fact that he was unarmed and, subsequently, arrested and prosecuted him notwithstanding the absence of probable cause. (D.I. 60-3 at ¶¶ 15-19, 85-90.) The Proposed Complaint purports to bring claims as against Defendants under §1983 for excessive force ("Count I"), failure to intervene ("Count III"), and "Unlawful Arrest, Malicious Prosecution, False Arrest, Unlawful Search and Seizure" ("Count IV"). (D.I. 60-3.) In addition, the Proposed Complaint purports to allege a §1983 municipal liability claim against the City of New York ("Count II"). In Plaintiff's memorandum of law, submitted in support of his motion to amend, Plaintiff argues that, notwithstanding his criminal conviction, he is not precluded from maintaining claims for false arrest and malicious prosecution because his conviction is pending appeal. (D.I. 60-3, at p. 3, fn. 3.)

2

# ARGUMENT

## POINT I

**ANY AMENDMENT OF THE COMPLAINT TO INCLUDE CLAIMS FOR FALSE ARREST, MALICIOUS PROSECUTION, AND UNREASONABLE SEARCH AND SEIZURE WOULD BE FUTILE.**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course before being served with a responsive pleading. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1), 15(a)(2). "A motion for leave to amend should be denied only for good reason such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Griffith v. Sadri, 07 CV 4824 (BMC) (LB), 2009 U.S. Dist. LEXIS 72529, *2-4 (E.D.N.Y. May 19, 2009), report and recommendation, adopted by 2009 U.S. Dist. LEXIS 72531 (citing Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962))). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Intl Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a §1983 plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

3

called into question by a federal court's issuance of a writ of habeas corpus." As such, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Applying Heck, the Second Circuit has held that § 1983 claims for false arrest, malicious prosecution, and unreasonable search and seizure must be dismissed where the plaintiff cannot show that his conviction had been invalidated. Sanadze v. City of N.Y., 736 F. App'x 284, 287 (2d Cir. 2018) (affirming district court's holding that Heck barred plaintiff's claims for unreasonable search and seizure); Lynch v. Suffolk Cnty. Police Dep't, Inc., 348 F. App'x 672, 674 (2d Cir. 2009) (holding malicious prosecution claim barred by Heck where plaintiff's convictions had not been invalidated); Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) (valid conviction is complete defense to false arrest claim brought under § 1983).

Here, Plaintiff does not allege that his conviction has been invalidated, nor could he. Instead, Plaintiff contends that he has viable claims for false arrest, malicious prosecution, and unreasonable search and seizure because his underlying conviction is currently being appealed. (D.I. 60-3, at p. 3, fn. 3.) Plaintiff is mistaken. Heck makes clear that to survive dismissal, a § 1983 plaintiff "must prove that [his] conviction or sentence ***has been reversed on direct appeal***." Heck, 512 U.S. at 487 (emphasis added). Because Plaintiff has not, and cannot, make such a showing, the Count IV Claims would be subject to dismissal under FRCP 12(b)(6) and, therefore, it would be futile to permit Plaintiff to include such claims in an amended complaint. See e.g. Johnson v. Pugh, 11-CV-385 (RRM)(MDG), 2013 U.S. Dist. LEXIS 85699, at *10-11 (E.D.N.Y. June 18, 2013) (granting motion to dismiss false arrest claim as barred by Heck); Whaley v. Lopez, No. 12-cv-2889(SJF)(ARL), 2012 U.S. Dist. LEXIS 107802, at *8

4

(E.D.N.Y. July 30, 2012) (dismissing false arrest and malicious prosecution claims *sua sponte* as barred by Heck); Harris v. City of New York, 1:16-cv-07960-GHW, 2016 U.S. Dist. LEXIS 146915, at*3 (S.D.N.Y. Oct. 24, 2016) (dismissing plaintiff's § 1983 pursuant to Heck, despite the fact that plaintiff's conviction was on appeal).

Furthermore, Plaintiff's malicious prosecution claim fails for the additional reason that by virtue of his conviction, Plaintiff cannot show a favorable termination of the underlying criminal proceedings – as he must in order to meet the prongs of the malicious prosecution standard.  See Lanning v. City of Glens Falls, 908 F.3d 19, 24 (2d Cir. 2018) (favorable termination required element of § 1983 malicious prosecution claim); see also Corley v. Vance, 365 F. Supp. 3d 407, 441 (S.D.N.Y. 2019) (granting FRCP 12(b)(6) motion to dismiss malicious prosecution claim where plaintiff failed to plead a favorable termination of his criminal proceedings).

As such, because it would be futile to permit Plaintiff to proceed on claims of false arrest, malicious prosecution, and unreasonable search and seizure, Plaintiff's motion to amend should be denied as to the Count IV Claims.

### POINT II

**IF THE COURT ALLOWS PLAINTIFF TO MAINTAIN HIS CLAIMS OF FALSE ARREST, MALICIOUS PROSECUTION, AND UNREASONABLE SEARCH AND SEIZURE, THE COURT SHOULD STAY THE CASE.**

In the event that the Court permits Plaintiff to file the Proposed Complaint, including the Count IV Claims, the Court should stay the action pending the resolution of Plaintiff's criminal appeal.  Courts in this circuit have adopted this approach where a plaintiff's underlying criminal conviction is pending appeal.  See Wheeler v. DeYoung, 16-CV-8857 (VB)(LMS), 2017 U.S. Dist. LEXIS 152314, at *9-14 (S.D.N.Y. Sept. 14, 2017), report and

5

recommendation (staying § 1983 action pending plaintiff's criminal appeal), adopted by 2017 U.S. Dist. LEXIS 188178; Othman v. City of New York, 13-CV-4771 (NGG), 2015 U.S. Dist. LEXIS 54903, at*10-11 (E.D.N.Y. Apr. 2, 2015) report and recommendation (same), adopted by 2015 U.S. Dist. LEXIS 54488.  Otherwise, were the Court to allow this action to proceed immediately to discovery, Defendants would be prejudiced by having to litigate claims that are barred as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to amend the complaint to include claims for false arrest, malicious prosecution, and unreasonable search and seizure.  In the alternative, Defendants respectfully request that the Court stay the action pending the outcome of Plaintiff's criminal appeal.

Dated:    New York, New York
          August 13, 2019

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-181
        New York, New York 10007
        (212) 356-2249

By:    ___/s/ Joshua A. Weiner_____
       Joshua A. Weiner
       *Senior Counsel*

TO: <u>BY ECF</u>
Aymen A. Aboushi, Esq.
*Attorney for Plaintiff*
The Aboushi Law Firm, PLLC
1441 Broadway, 5th Floor
New York, NY 10018
(212) 391-8500