UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| JAMES BENBOW,<br><br>                                                   Plaintiff,<br><br>      - against -<br><br>Feely, et al.<br><br>                                                   Defendants. | **ANSWER TO THE AMENDED COMPLAINT BY DEFENDANTS CITY, FEELEY, ROSIELLO, ANDERSON, DIAB, MITCHELL, AND MINUCCI**<br><br>17-CV-6457 (AMD) (LB)<br><br>**Jury Trial Demanded** |

------------------------------------------------------------------------ X

        Defendants City of New York, Brian Feeley, Matthew Rosiello, Kenneth Anderson, William Diab, Shaniel Mitchell, and Stephen Minucci (hereinafter, "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to Plaintiff's Amended Complaint, dated August 14, 2019 (the "Complaint") respectfully allege, upon information and belief, the following:

        1.    Deny the allegations set forth in Paragraph "1" of the Complaint, except admit only that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        2.    Deny the allegations set forth in Paragraph "2" of the Complaint, except admit only that Plaintiff purports to base venue as stated therein.

        3.    Deny the allegations set forth in Paragraph "3" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

        5.    Admit only, upon information and belief, that Defendant Brian Feeley is an employee of the City of New York assigned to the NYPD, as set forth in Paragraph "5" of the

Complaint; the remainder of the paragraph, however, sets forth legal conclusions to which no response is required.

6. Admit only, upon information and belief, that Defendant Matthew Rosiello is an employee of the City of New York assigned to the NYPD, as set forth in Paragraph "6" of the Complaint; the remainder of the paragraph, however, sets forth legal conclusions to which no response is required.

7. Admit only, upon information and belief, that Defendant Kenneth Anderson is an employee of the City of New York assigned to the NYPD, as set forth in Paragraph "7" of the Complaint; the remainder of the paragraph, however, sets forth legal conclusions to which no response is required.

8. Admit only, upon information and belief, that Defendant Shaniel Mitchell is an employee of the City of New York assigned to the NYPD, as set forth in Paragraph "8" of the Complaint; the remainder of the paragraph, however, sets forth legal conclusions to which no response is required.

9. Admit only, upon information and belief, that Defendant Stephen Minucci is an employee of the City of New York assigned to the NYPD, as set forth in Paragraph "9" of the Complaint; the remainder of the paragraph, however, sets forth legal conclusions to which no response is required.

10. Admit only, upon information and belief, that Defendant William Diab is an employee of the City of New York assigned to the NYPD, as set forth in Paragraph "10" of the Complaint; the remainder of the paragraph, however, sets forth legal conclusions to which no response is required.

11. Deny the allegations in Paragraph "11" of the Complaint, except admit only that Defendant City of New York is a municipal entity organized under the laws of the State of New

York and that it maintains a police department. Further, Defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City of New York and the New York City Police Department ("NYPD"). Defendants further state that, upon information and belief, Defendants Feeley, Rosiello, Anderson, Diab, Mitchell, and Minucci are each employees of the City of New York.

12. State that Paragraph "12" of the Complaint states legal conclusions to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint to the extent that the allegations stated therein pertain to John Doe defendant(s) who have not been identified and, further, state that to the extent the allegations in Paragraph "13" contain legal conclusions, no response is required.

14. Deny the allegations set forth in Paragraph "14" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

15. Deny the allegations set forth in Paragraph "15" of the Complaint.

16. Deny the allegations set forth in Paragraph "16" of the Complaint, except admit only, upon information and belief, that on March 7, 2015, Plaintiff sustained gunshot wounds.

17. Deny the allegations set forth in Paragraph "17" of the Complaint.

18. Deny the allegations set forth in Paragraph "18" of the Complaint.

19. Deny the allegations set forth in Paragraph "19" of the Complaint.

20. Deny the allegations set forth in Paragraph "20" of the Complaint, except admit only, upon information and belief, that on March 7, 2015, Plaintiff sustained gunshot wounds and, further, deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff experienced "pain and suffering."

21. Deny the allegations set forth in Paragraph "21" of the Complaint, except

admit only, upon information and belief, that on March 7, 2015, Plaintiff sustained gunshot wounds and, further, deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff experienced "emotional and psychological trauma."

22. Deny the allegations set forth in Paragraph "22" of the Complaint, except admit only, upon information and belief, that on March 7, 2015, Plaintiff sustained gunshot wounds and, further, deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff experienced "disfigurement and loss of mobility."

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24. Deny the allegations set forth in Paragraph "24" of the Complaint.

25. Deny the allegations set forth in Paragraph "25" of the Complaint.

26. Deny the allegations set forth in Paragraph "26" of the Complaint.

27. Deny the allegations set forth in Paragraph "27" of the Complaint.

28. Deny the allegations set forth in Paragraph "28" of the Complaint.

29. In response to the allegations in Paragraph "29" of the complaint, Defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

30. Deny the allegations set forth in Paragraph "30" of the Complaint.

31. Deny the allegations set forth in Paragraph "31" of the Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Complaint.

33. Deny the allegations set forth in Paragraph "33" of the Complaint.

34. In response to the allegations in Paragraph "34" of the complaint, Defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

35. Deny the allegations set forth in Paragraph "35" of the Complaint.

36. Deny the allegations set forth in Paragraph "36" of the Complaint.

37. Deny the allegations set forth in Paragraph "37" of the Complaint.

38. Deny the allegations set forth in Paragraph "38" of the Complaint.

39. Deny the allegations set forth in Paragraph "39" of the Complaint.

40. Deny the allegations set forth in Paragraph "40" of the Complaint.

41. Deny the allegations set forth in Paragraph "41" of the Complaint.

42. Deny the allegations forth in Paragraph "42" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "42" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

43. Deny the allegations forth in Paragraph "43" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "43" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

44. Deny the allegations forth in Paragraph "44" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "44" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

45. Deny the allegations set forth in Paragraph "45" of the Complaint.

46. Deny the allegations set forth in Paragraph "46" of the Complaint.

47. Deny the allegations set forth in Paragraph "47" of the Complaint.

48. Deny the allegations set forth in Paragraph "48" of the Complaint.

49. Deny the allegations set forth in Paragraph "49" of the Complaint.

50. Deny the allegations set forth in Paragraph "50" of the Complaint.

51. Deny the allegations set forth in Paragraph "51" of the Complaint.

52. Deny the allegations set forth in Paragraph "52" of the Complaint.

53. Deny the allegations set forth in Paragraph "53" of the Complaint.

54. Deny the allegations set forth in Paragraph "54" of the Complaint.

55. Deny the allegations set forth in Paragraph "55" of the Complaint.

56. Deny the allegations forth in Paragraph "56" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "56" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

57. Deny the allegations forth in Paragraph "57" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "57" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

58. Deny the allegations forth in Paragraph "58" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "58" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

59. Deny the allegations forth in Paragraph "59" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "59" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

60. Deny the allegations set forth in Paragraph "22" of the Complaint, except admit only, upon information and belief, that on March 7, 2015, Defendants Feeley and Rosiello discharged their firearms.

61. Deny the allegations forth in Paragraph "61" of the Complaint, except state

that, to the extent that the allegations set forth in Paragraph "61" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

62. Deny the allegations forth in Paragraph "62" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "62" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

63. Deny the allegations set forth in Paragraph "63" of the Complaint.

64. Deny the allegations set forth in Paragraph "64" of the Complaint.

65. Deny the allegations set forth in Paragraph "65" of the Complaint.

66. Deny the allegations set forth in Paragraph "66" of the Complaint.

67. Deny the allegations forth in Paragraph "67" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "67" of the Complaint purport to refer to publicly available court filing(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

68. Deny the allegations forth in Paragraph "68" of the Complaint, except state that, to the extent that the allegations set forth in Paragraph "68" of the Complaint purport to refer to publicly available court filing(s) and/or court decision(s), no response need be given and, further, respectfully refer the Court to the materials referenced therein for a recitation of their contents.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

70. Deny the allegations set forth in Paragraph "70" of the Complaint.

71. Deny the allegations set forth in Paragraph "71" of the Complaint.

72. Deny the allegations set forth in Paragraph "72" of the Complaint.

73. Deny the allegations set forth in Paragraph "73" of the Complaint.

74. Deny the allegations set forth in Paragraph "74" of the Complaint.

75. Deny the allegations set forth in Paragraph "75" of the Complaint.

76. Deny the allegations set forth in Paragraph "76" of the Complaint.

77. Deny the allegations set forth in Paragraph "77" of the Complaint.

78. In response to the allegations in Paragraph "78" of the complaint, Defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

79. Deny the allegations set forth in Paragraph "79" of the Complaint.

80. Deny the allegations set forth in Paragraph "80" of the Complaint.

81. Deny the allegations set forth in Paragraph "81" of the Complaint.

82. Deny the allegations set forth in Paragraph "82" of the Complaint.

83. Deny the allegations set forth in Paragraph "83" of the Complaint.

84. In response to the allegations in Paragraph "84" of the complaint, Defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

85. Deny the allegations set forth in Paragraph "85" of the Complaint.

86. Deny the allegations set forth in Paragraph "86" of the Complaint.

87. Deny the allegations set forth in Paragraph "87" of the Complaint.

88. Deny the allegations set forth in Paragraph "88" of the Complaint.

89. Deny the allegations set forth in Paragraph "89" of the Complaint, except admit only, upon information and belief, that Defendants did not have a warrant to arrest Plaintiff.

90. Deny the allegations set forth in Paragraph "90" of the Complaint, except admit only, upon information and belief, that Plaintiff did not consent to his arrest.

91. Deny that Plaintiff is entitled to the relief requested in the unnumbered paragraph of the Complaint beginning with "WHEREFORE" and containing subparts (a) through (f).

92. State that the unnumbered paragraph titled "JURY DEMAND" contains a request for a trial by jury to which no response is required.

**FIRST AFFIRMATIVE DEFENSE**

93. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

94. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**

95. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of any Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

96. There was probable cause for Plaintiff's arrest, detention, and prosecution.

**FIFTH AFFIRMATIVE DEFENSE**

97. Defendants Feeley, Rosiello, Anderson, Diab, Mitchell, and Minucci have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

98. Punitive damages cannot be assessed against Defendants Feeley, Rosiello, Anderson, Diab, Mitchell, and Minucci in their official capacities.

**SEVENTH AFFIRMATIVE DEFENSE**

99. Plaintiff's state law claims may be barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**EIGHTH AFFIRMATIVE DEFENSE:**

100. At all times relevant to the acts alleged in the complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on any state law claims.

**NINTH AFFIRMATIVE DEFENSE**

101. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

102. Plaintiff provoked or was at fault for any alleged incident.

**ELEVENTH AFFIRMATIVE DEFENSE**

103. Plaintiff has failed to mitigate his alleged damages.

**TWELVTH AFFIRMATIVE DEFENSE:**

104. Any claims for false arrest, malicious prosecution, and/or unlawful search and seizure are barred due to Plaintiff's conviction. See Heck v. Humphrey, 512 U.S. 477 (1994).

**THIRTEENTH AFFIRMATIVE DEFENSE:**

105. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## FOURTEENTH AFFIRMATIVE DEFENSE:

106. Plaintiff has failed to state a viable claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

WHEREFORE, Defendants City of New York, Brian Feeley, Matthew Rosiello, Kenneth Anderson, William Diab, Shaniel Mitchell, and Stephen Minucci demand judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED: New York, New York
August 28, 2019

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City, Feeley, Rosiello, Anderson, Diab, Mitchell, and Minucci*
100 Church Street, 3rd Floor
New York, New York 10007
Tel.: (212) 356-2249
Fax: (212) 356-3509
jweiner@law.nyc.gov

By: ___/s/_____
Joshua A. Weiner, Esq.

To: James Benbow
Aymen A. Aboushi, Esq.
The Aboushi Law Firm
*Attorney for Plaintiff*
1441 Broadway, 5th Floor
New York, New York 10018
Tel: (212) 391-8500
Fax: (212) 391.8508
Aymen@Aboushi.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES BENBOW,

Plaintiff,

- against –

Feely, et al.

Defendants.

**ANSWER TO THE AMENDED COMPLAINT BY DEFENDANTS CITY, FEELEY, ROSIELLO, ANDERSON, DIAB, MITCHELL, AND MINUCCI**

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants*
New York, New York 10007
Of Counsel: Joshua A. Weiner
Tel: (212) 356-2249

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................, 2019 . . .*

*...................................................................Esq.*

*Attorney for............................................................*