1

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS:  CRIMINAL TERM:  PART: 16
-------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                                        Plaintiff,


                                        Indict. No.
                                          1849/2015

            -against-


JAMES BENBOW,


                                        Defendant.
-------------------------------------------------------X
                        320 Jay Street
                        Brooklyn, New York 11201
                        APRIL 24, 2018


B E F O R E:  HONORABLE BRUCE M. BALTER, Justice

A P P E A R A N C E S:


THE HONORABLE ERIC GONZALEZ, ESQ.
DISTRICT ATTORNEY - KINGS COUNTY
        350 Jay Street
        Brooklyn, New York 11201
BY:     THERESA SHANAHAN, ESQ.
        JINGU CHONG, ESQ.
        Assistant District Attorneys


STEVE WILLIAMS, ESQ.
        Attorney for Defendant


                        THOMAS A. RUSSO, JR., RPR
                        Senior Court Reporter

                                                    tr

DEF_0036

Proceedings

2

1          THE COURT CLERK:  On the part 16 calendar, number

2     three, indictment number 1849/2015, James Benbow.

3          MR. WILLIAMS:  Good afternoon, Your Honor, Steve

4     Williams, assigned counsel for Mr. Benbow.

5          THE COURT:  Good afternoon.

6          MS. SHANAHAN:  Theresa Shanahan for the People.

7          MR. CHONG:  Jingu Chong, J-I-N-G-U, C-H-O-N-G,

8     for the People.

9          THE COURT:  Be seated.  I'd like to extend an

10    opportunity to Mr. Benbow to consult with his attorney of

11    record, Mr. Williams, as well as with his family, if the

12    officer will so permit.

13         The Court has inquired with the clerk specialist

14    of our part, and by the law, I am allowed to order that the

15    sentence with parole run concurrent.  It would be one and a

16    half to three on both concurrent, not consecutive.

17         Now also I want to complement the District

18    Attorney.  They reached out to Ms. Lucas, supervisor at the

19    Department of Parole, who's number is known now to the

20    Court, and they've asked there's any question, to call her.

21    The Department of Parole has consented to the same.  I want

22    to make sure the Defense is listening to that besides

23    reading everything.

24         MR. WILLIAMS:  I am listening.

25         THE COURT:  I want to give you as much time as

tr

**DEF_0037**

Proceedings

3

1  you need, but I want you to know what they've done, what

2  the Court's done, and all your requests, I've made sure the

3  dots are on the I's and the T's have been crossed.

4          So what you've required --

5          MR. WILLIAMS:  Your Honor, the concern is you're

6  saying one and a half to three concurrent.  So are you

7  indicating he's going to take a plea to the violation of

8  parole?

9          THE COURT:  It's a plea to both.

10          MR. WILLIAMS:  So to the current case and to the

11  violation of parole.

12          THE COURT:  Correct.

13          MR. WILLIAMS:  And Parole is aware of this.

14          THE COURT:  That's correct.

15          MR. WILLIAMS:  And that's going to be all the

16  time that he's going to be getting on his parole, one and a

17  half to three concurrent with this sentence, one and a half

18  to three.

19          THE COURT:  That's correct.

20          MR. WILLIAMS:  No further action by Parole.

21          THE COURT:  None.

22          MR. WILLIAMS:  That was one of my concerns, and

23  I'm sure that was one of yours.

24          THE DEFENDANT:  Yes.

25          THE COURT:  As you indicated yesterday, should

tr

Proceedings

4

1    there be any concern on your part, on the record, when I

2    respectfully allocute Mr. Benbow in your presence, and he

3    may turn to you at any time during my respectful

4    allocution, if he has a question, we'll stop the

5    proceedings and continue when he's satisfied that, if

6    there's any possibility of anything going out of the

7    ordinary -- which I do not see now.

8            We've spoken to the Division of Parole and the

9    supervisor, that I allow your client to withdraw his plea.

10   That was his other concern.  It's as if it never happened.

11           MR. WILLIAMS:  I've explained to my client, he

12   wants it on the record that whatever time he's been

13   incarcerated, he's getting credit towards the sentence,

14   obviously.

15           THE COURT:  Yes.

16           MR. WILLIAMS:  And the fact that it's running

17   concurrent with parole, it's going to be credited towards

18   that particular sentence also, because they run concurrent.

19           THE COURT:  That's correct.  That's my

20   understanding.

21           THE DEFENDANT:  I have a prior situation with a

22   DUI, which I'm surpassing time on also, a misdemeanor,

23   basically, how do that fit all into everything?  Because

24   that's what got me back here in front.  So if I take this

25   plea -- because it's on for trial the 26th, and I got

                                                              tr

**DEF_0039**

Proceedings

5

1    eleven months in on the misdemeanor charge, which you only

2    do eight months out of that.

3           So I'm surpassed all the timeframe, so I'm

4    wondering, if I take this plea today, where do that put me

5    as far as being released.  Because my concern on the one

6    and a half to three, you got a CR date, which I'm way past

7    that.

8           THE COURT:  We don't know what time you have in.

9    I don't know what time you have in.

10          MR. WILLIAMS:  You know, Judge --

11          THE COURT:  Yes, sir?

12          MR. WILLIAMS:  I was going to call his attorney,

13   Ms. Weinberger, on the DWI case.  Maybe we can bring the

14   DWI case here and resolve everything at the same time.

15   It's on for tomorrow.

16          THE DEFENDANT:  The 26th.

17          MR. WILLIAMS:  That's Thursday.  I'm just saying

18   we can resolve everything, this and the misdemeanor case,

19   so he doesn't have anything to deal with in Brooklyn.

20          THE COURT:  Where is the misdemeanor case?  Is it

21   in lower court at 120 Schermerhorn Street?

22          MS. SHANAHAN:  Yes, Judge, I believe it's an

23   orange zone case.

24          MR. WILLIAMS:  It's in TP3.

25          MS. SHANAHAN:  I can plea out that to the 1192

tr

DEF_0040

Proceedings

6

1     three or two, whichever one, we can do time served, but

2     he'd have to plead guilty to the DWI.

3              THE COURT:  Fine.  Thank you, ma'am.

4              MR. WILLIAMS:  Your Honor, my client would like

5     to speak to his family; is that okay?

6              THE COURT:  Yes, with the permission of the

7     officers.

8              MR. WILLIAMS:  We're doing everything at the same

9     time right now?

10             THE COURT:  Right now.

11             MS. SHANAHAN:  Your Honor, I think we may need

12     the Court file.

13             THE COURT:  I have a printout of the lower court

14     here, what it is.  I have the docket number here.  I'll

15     attach -- we'll bring the file on the date of sentencing,

16     which will take ten days for a probation report to be done

17     to encompass all three.  I'll attach the notes to the file.

18             MS. SHANAHAN:  I think we need to get the file if

19     he's going to plead it, to get the TPO.  I can try and get

20     a copy of our file with the -- at least --

21             THE COURT:  Please make yourself available to

22     your staff.  My pleasure.

23             MR. WILLIAMS:  Your Honor, just two things.  I'm

24     going to call his attorney --

25             THE COURT:  One second, please.

tr

Proceedings

7

1              Yes, sir?

2              MR. WILLIAMS:  I'm going to call Ms. Weinberger

3       and tell her what's going on.

4              THE COURT:  Of course.

5              MR. WILLIAMS:  The other concern my client had

6       is, is there a possibility, if he does take the plea, that

7       Rikers will do the calculation, as opposed to him having to

8       go upstate?  That's his concern, about having to go upstate

9       to the calculation to release him.  He's done 32 months,

10      he's indicated to me.  That's like two years, eight months.

11      I know a CR date would be earlier --

12             THE COURT:  Whatever time he has in will be

13      credited to him.  So what I'm informed is, I don't have any

14      control over Rikers Island and what they do.  If he has to

15      be brought back to a facility upstate in the interim to

16      calculate that time, that's beyond my control.

17             But if he has the time in that's calculated, then

18      he'll be let go according to whatever time is in.  And you

19      may make an application to the Court based on that, and

20      we'll be happy to follow up on it for you.

21             I am doing everything that I possibly can do.  I

22      don't know what more I can do.  I can't get on the phone

23      and order people that I don't have authority on.

24             As I said, according to the Penal Law, I believe

25      70.25, subdivision two, I am allowed to order, by my order

tr

**DEF_0042**

Proceedings

8

1   here, the Department of Parole to obey this Court order,

2   and that, I believe, was Mr. Benbow's concern, and that's

3   what I have addressed.

4           Anything ancillary -- it's a very good concern

5   you have.  I hope you'll take this opportunity, maybe, to

6   consider going into law or something in an education -- I

7   see you have a smile on your face, and your niece has been

8   quite charming throughout these proceedings with the

9   support of the family.

10          You have some familiar support here.  I hope

11  you'll take advantage of it.

12          MR. WILLIAMS:  Just to be clear, Judge, he's

13  pleading to two things, the violation of parole, that's how

14  we're settling the parole matter.

15          THE COURT:  Yes, of course.

16          MR. WILLIAMS:  If I could just have a minute to

17  call Ms. Weinberger.

18          THE COURT:  Of course.

19          (Whereupon, a brief recess was taken.)

20          THE COURT:  Respectfully, Mr. Williams, sir, are

21  you now empowered on behalf of your client, in consultation

22  with Mr. Benbow, to withdraw his previously entered plea of

23  not guilty in the matter before the Court under indictment

24  1849 of 2015, to withdraw his previously entered plea of

25  not guilty for the negotiated plea to cover the instant

tr

Proceedings

9

1    case involving the criminal possession of the firearm, the

2    intended VOP, for the sentences to run concurrent, one and

3    a half to three years, and the other case that Mr. Benbow

4    raised, which shall be incorporated in this plea under

5    driving under the influence under docket 2017KN028685, that

6    would be the Vehicle and Traffic Law violation under 1192,

7    subdivision two, operating a motor vehicle while under the

8    influence of alcohol or drugs.

9            Now, that would be a $500 fine and one year

10   ignition interlock and a one-year license revocation.

11           Do I have your respectful permission to allocute

12   Mr. Benbow in your presence, sir?

13           MR. WILLIAMS:  Yes, Your Honor.

14           THE COURT:  Thank you very much, sir.

15           Now, Mr. Benbow, with the benefit of your Counsel

16   at your side, I'm going to ask you a series of questions.

17   They're not meant to the invade your privacy or to

18   embarrass you publicly in any way.  They usually require a

19   simple yes or no answer.  If you don't understand anything

20   I'm saying, turn to Mr. Williams, whose reputation is known

21   to the Court.  We will stop the proceeding, and when you

22   and he are satisfied, we'll continue with your respectful

23   allocution by this Court.

24           Can you do that, sir?

25           THE DEFENDANT:  Yes.

tr

DEF_0044

Proceedings

10

1          THE COURT:  Thank you.  I'm going to ask you to

2     raise your right hand and face the presiding clerk and be

3     sworn in, please.

4          THE COURT CLERK:  Raise your right hand, please.

5          THE DEFENDANT:  I can't.

6          THE COURT:  Administer the oath.

7          THE COURT CLERK:  Do you solemnly swear or affirm

8     that you will answer truthfully all questions asked of you,

9     sir?

10          THE DEFENDANT:  Yes.

11          MR. WILLIAMS:  Your Honor, can my client be

12     uncuffed?

13          THE COURT:  Sure, of course.  I have to give you

14     a form.  I didn't realize that.  Let's do that.

15          I'll give you a form, Mr. Benbow.  It's a written

16     waiver of appeal form.  It's part of my allocution.  I'm

17     going to ask you and your Counsel to execute it, and

18     Mr. Williams will explain it to you.

19          But before you execute, I'm going to ask you a

20     series of questions, and then we're going to respectfully

21     ask you to execute the written waiver of appeal form.

22          Mr. Benbow, based on the negotiated plea for the

23     three separate cases before this Court that have been

24     incorporated, the instant case that came before the Court,

25     1849 of 2015, the second count of said indictment, criminal

tr

Proceedings

11

1    possession of a firearm, in violation of Penal Law section

2    265.01, subdivision B, in exchange for the negotiated plea

3    of one and a half to three years, with the attendant

4    mandatory surcharges, DNA fee, and crime victim assistance

5    fee:  $300, $25, and $50, total fees $375 taken from your

6    inmate found if you're unable to pay them within sixty days

7    from the date of your sentencing.

8         This is to run concurrent with the violation of

9    probation, which, under warrant number 771205, with the

10   notation it is to run concurrent to the criminal possession

11   of a firearm matter on this parole matter, and the third

12   matter, the docket number 2017KN028485, pleading guilty to

13   Vehicle and Traffic Law section 1192, subdivision two,

14   operating a motor vehicle while under the influence of

15   alcohol or drugs, in exchange for the negotiated sentence

16   of a $500 fine, a one-year ignition interlock, and a

17   one-year license revocation.

18        Placing on the record that the Court, in addition

19   to the People, speaking to the appropriate authorities in

20   the supervisory level of the Department of Probation,

21   Ms. Lucas --

22        MR. WILLIAMS:  Parole, Your Honor, parole.

23        THE COURT:  Parole.  Thank you, Mr. Williams.

24   Parole.  And speaking to the clerk in charge of our

25   sentencing guidelines, Mr. Daily, that pursuant to the

tr

DEF_0046

Proceedings

12

1    Penal Law section 70.25, subdivision two, this Court will

2    order that these sentences run concurrent.

3              Is it your desire now, Mr. Benbow, to enter into

4    that plea in full satisfaction of all three matters before

5    the Court, sir, respectfully?

6              THE DEFENDANT:  With no board action required?

7              THE COURT:  I'm sorry?

8              THE DEFENDANT:  Is this plea with no board action

9    required, meaning that I won't have to see the parole

10   board?

11             THE COURT:  I have no idea if you'll have to see

12   them, but they're mandated to accept the order of the

13   Court.  Whether you see them or not, I have no idea.

14             What I'm doing is sentencing you by -- under the

15   authority of the Penal Law, which the parole board must

16   respect, that it will run concurrent.

17             THE DEFENDANT:  Without -- my concern is, I

18   understand that, being hit at the parole board with 24

19   months --

20             THE COURT:  If anything goes beyond the one and a

21   half to three years I'm permitting you, as Mr. Williams has

22   strenuously advocated and zealously advocated for, I

23   perfect the record for Appellate review, your plea will be

24   allowed to be withdrawn, and you can go to trial.

25             THE DEFENDANT:  So it can do it, if they do it,

tr

Proceedings

13

1    then I would have to come back if they hit me at the parole

2    board?

3            THE COURT:  I have no knowledge of what they're

4    going to do.  I know what the Court's going to do.  The

5    Court is ordering, if you're allocuted respectfully on this

6    plea, it covers all three matters.

7            You're supposed to do one and a half to three

8    years.  That covers all the matters, plus the fine on the

9    VTL 1192.2, one and a half to three years, and the -- the

10   parole board is mandated to accept the order of the Court

11   pursuant to Penal Law 70.25, subdivision two.

12           MR. WILLIAMS:  Again, I think the Court might

13   have clarified it.  My client is concerned that -- I know

14   we have the second thing regarding the violation of his

15   parole.  He wants to make sure that that's going to be it.

16   So if he goes upstate, that they're not going to hit him

17   with another violation as a result of this plea.

18           THE COURT:  To my knowledge, no.

19           MR. WILLIAMS:  Okay.  I assume that's based on

20   the Court's conversation with the parole board person that

21   you spoke with at parole.

22           THE COURT:  The Court staff and the District

23   Attorney have spoken to a parole supervisor, and the Court,

24   specifically, spoke to our sentencing clerk that deals with

25   this issue pursuant to the Penal Law.

                                                              tr

**DEF_0048**

Proceedings

14

1          And as I said, if there's any hitch at all, other

2     than the one and a half to three, the Court orders that the

3     plea may be withdrawn in its entirety, and he may go back

4     to a full trial on the matters, all matters.

5          MR. WILLIAMS:  Just want to clarify, would the

6     Court indicate who the Court spoke to at parole so we have

7     no concerns.

8          THE COURT:  Lucas, I believe.  And she left a

9     number if we have any questions.  Ms. Lucas, the supervisor

10    from parole.  It's on the record now.

11         MR. WILLIAMS:  And, again, the Court has

12    indicated that if they're going to give him any more time,

13    he can vacate this plea.  This concern is whether it's

14    going to vacate the plea to the parole violation.

15         THE COURT:  Everything before the Court will be

16    vacated.

17         MR. WILLIAMS:  Okay.  I just wanted to make sure

18    we have it on the record.

19         THE COURT:  Absolutely.  That is to address any

20    concern Mr. Benbow has raised, and I'm taking all the time

21    in the world to make sure Mr. Benbow is satisfied.

22         Mr. Benbow, is that your desire now, to enter

23    into the plea as set forth on the record in open court with

24    the benefit of Counsel at your side, sir?

25         THE DEFENDANT:  Yes.

tr

DEF_0049

Proceedings

15

1          THE COURT:  Have you discussed this case with

2     Mr. Williams -- and your plea -- who stands next to you

3     today, your attorney of record, sir?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Have you taken any medication today,

6     sir?

7          THE DEFENDANT:  No.

8          THE COURT:  Have you taken any drugs or alcohol

9     today?

10          THE DEFENDANT:  No.

11          THE COURT:  As I said before, these questions are

12     not meant to embarrass you.  We just want to make sure

13     you're able to make an informed decision.

14          Do you understand?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Thank you, sir.  Has anyone forced

17     you or threatened you in any way to get you to plead

18     guilty?

19          THE DEFENDANT:  No.

20          THE COURT:  You understand your plea of guilty

21     has the same force and effect under the law if a jury found

22     you guilty after trial of criminal possession of a firearm

23     in violation of the Penal Law section 265.01, subdivision

24     B, and the violation of parole as indicated in the warrant

25     number 771205, this will all run concurrent, one and a half

tr

DEF_0050

Proceedings

16

1    to three years on both.

2            And on the misdemeanor case, the Vehicle and

3    Traffic Law 1192 subdivision two, operating a motor vehicle

4    while under the influence of alcohol or drugs, one year

5    license revocation, one year ignition interlock and a $500

6    fine.

7            That understood, sir?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Thank you.  Do you understand, by

10   pleading guilty, you're going to waive certain

11   constitutional rights?  You give up your right to remain

12   silent.

13           Do you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Further you give up your right to

16   trial jury and to put the People to task to prove their

17   case beyond a reasonable doubt?  You give up your right to

18   any hearings in this case and give up your right to raise

19   any defenses you may have?

20           Do you understand that, respectfully, sir?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Thank you, sir.  You give up the

23   right to confront any witnesses who may testify against you

24   and your right to present witnesses on your own behalf.

25           Do you understand that, sir?

tr

DEF_0051

Proceedings

17

1          THE DEFENDANT:  Yes.

2          THE COURT:  Mr. Benbow, I'm giving you a written

3    waiver of appeal form to execute with the benefit of

4    Counsel at your side.

5          Do you understand now that you will be giving up

6    your right to appeal, sir?

7          THE DEFENDANT:  Yes.

8          THE COURT:  You're giving up your right to

9    appeal.  Is that a yes?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Mr. Benbow, with the benefit of

12    Counsel at your side, is there any questions that the

13    written waiver of appeal confirms that you are waiving your

14    right to appeal?

15          MR. WILLIAMS:  Your Honor, defendant's pleading,

16    I assume the firearm is a D.

17          MR. CHONG:  Your Honor, criminal possession of a

18    firearm is an E felony.

19          THE COURT:  Yes, thank you, sir.

20          A written waiver of appeal form was executed in

21    open court by defendant an his Counsel.

22          THE COURT:  The Court executes the same and gives

23    a copy back to the defendant and the attendant documents

24    therein become part of the Court file.

25          Under indictment number 1849 of 2015, under count

tr

DEF_0052

Proceedings

18

1    two, respectfully, Mr. Benbow, it is alleged that on or

2    about March had 7, 2015, in the County of Kings, you did

3    knowingly possess any firearm, namely a pistol.

4            Yes or no, sir?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Thank you, sir.  On the Vehicle and

7    Traffic Law, under docket 2017KN08685, did you, on or about

8    May 18, 2017, did you operate a motor vehicle while under

9    the influence of alcohol or drugs in the County of Kings,

10   sir?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Thank you, sir.

13           Do the people require any other further

14   allocution with respect do the VOP as well?

15           MR. CHONG:  No, Your Honor.

16           THE COURT:  Fine.

17           Based on your plea of guilty and the plea

18   agreement entered into by all the parties, I intend to

19   impose the negotiated sentence that I have spread forth on

20   the record, and I will respectfully reiterate now, once

21   again, if there are any bumps on the road beyond the

22   control of this Court, unforeseen, that occur at any time

23   in any way, I'll allow you to withdraw your guilty plea to

24   all the counts before the Court today, as if there were

25   none, and you would proceed to trial.

tr

DEF_0053

Proceedings

19

1          Do you understand that all, Mr. Benbow?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Mr. Williams, satisfactory to you,

4     sir?

5          MR. WILLIAMS:  Yes, Judge.

6          I just want to clarify, do you specifically have

7     to address the -- the violation of parole as a guilty plea

8     to the violation?  I know he pled to the possession.  Is

9     that implied that he's also pleading to the violation of

10    parole?

11         THE COURT:  That is my belief.  That's why I

12    asked the People if they have need further allocution with

13    respect to the violation of parole.

14         MS. SHANAHAN:  No, Your Honor, I believe by

15    pleading guilty he violated parole.  He's pleading guilty

16    to that violation.

17         I just want to clarify, the only way you would

18    take the plea back is if this's a bump -- it's just a plea

19    that violates his parole, he would be able --

20         THE COURT:  The matter before the Court, that is

21    correct, ma'am.  Thank you.

22         MR. WILLIAMS:  I you just want to make sure that

23    parole doesn't require a separate allocution for -- that

24    could -- I could provide --

25         THE COURT:  People have represented on the record

tr

Proceedings

20

1       that they need no further allocution, that by pleading

2       guilty to criminal possession of a firearm, he has, in

3       fact, violated parole, and, therefore, he is being

4       sentenced today to one and a half to three years on the

5       violation of parole pursuant to section 70.25, subdivision

6       two, of the Penal Law.  I hereby order that it shall run

7       concurrent to indictment 1849 of 2015, the criminal

8       possession of a firearm.

9               MR. WILLIAMS:  Thank you.

10              THE COURT:  You're welcome.  Now I hereby order a

11      probation report, and I respectfully advise Mr. Benbow, in

12      connection with this plea agreement, you are required to

13      comply with all the following conditions:

14              Cooperate fully with the probation department in

15      the preparation of a presentence report; appearance

16      required, provide any information requested truthfully,

17      provide any documents requested of you.

18              You must not get into any trouble or get

19      rearrested between now and the date set for sentencing and

20      appear in court promptly on the date set for sentencing to

21      the best of your ability.

22              In the event you fail to comply fully, I am

23      not -- you will not be permitted to enter this guilty plea.

24      I'm authorized by law to impose a higher sentence pursuant

25      to statutory authority.

tr

DEF_0055

Proceedings

21

1          Do you understand, Mr. Benbow?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Thank you.  You have been convicted

4    of a felony in the past?

5          THE DEFENDANT:  Yes, JO felony, yes.

6          THE COURT:  Now, however, in the event the

7    probation report contains any information that renders this

8    promised plea inappropriate, under the circumstances, in my

9    sole discretion, I will not be bound to and I will not

10   impose negotiated sentence, but I will permit you to

11   withdraw your guilty plea.

12         Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Thank you, sir.  Have any other

15   promises been made to get you to plead guilty, sir?

16         THE DEFENDANT:  No.

17         THE COURT:  Okay.  Do you understand you're

18   pleading guilty to a felony and this means if you're

19   convicted of another felony in the future, you may be

20   sentenced as a second felony offender, a persistent felony

21   offender, you may be subject to a higher sentence including

22   the possibility of a life sentence.

23         Do you understand?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Was the gun operable to your

tr

DEF_0056

Proceedings

22

1    knowledge.

2                    THE DEFENDANT:  I don't know.

3                    THE COURT:  Are you a citizen of the United

4    States of America?

5                    MR. CHONG:  Sir?

6                    THE DEFENDANT:  Yes.

7                    THE COURT:  Do the People, through their

8    respectful representatives, the Assistant District Attorney

9    and the Deputy Bureau Chief require any further allocution?

10                   MS. SHANAHAN:  No, Your Honor.

11                   THE COURT:  I see Mr. Benbow has a hand in the

12   air.  I would suggest that you speak to Mr. Williams -- not

13   that I don't want to hear from you, I want to make sure I

14   protect your constitutional rights.

15                   On the record, any concerns that are addressed by

16   the defendant's concerns about former allocutions are not

17   before this Court.  He will be sentenced pursuant to a

18   predicate statement done by the People on the date of

19   sentencing, but in no way will that affect the promised and

20   negotiated plea, which is one and a half to three years.

21                   THE DEFENDANT:  All right.

22                   THE COURT:  Is that satisfactory to you now,

23   Mr. Benbow, on the record, as you requested?

24                   THE DEFENDANT:  Yes.

25                   THE COURT:  Thank you very much, Mr. Williams.

tr

DEF_0057

Proceedings

23

1          Thank you, Madam.

2          Thank you, sir.

3          We are adjourned till May 9.  Time certain.  I'll

4     make it 11:30 a.m.

5          So, Mr. Williams, you may make your

6     appearances --

7          Yes, ma'am?

8          MS. SHANAHAN:  Is there any chance we could have

9     May 8?

10          THE COURT:  My calendar dates are May 2 and May 9

11     in the month of May.

12          MS. SHANAHAN:  I won't be here, but that's okay.

13          THE COURT:  If a problem arises, I might be able

14     to move it to other dates.

15          Defendant is respectfully remanded.

16

17          *    *    *    *    *    *    *

18

19          The preceding transcript is certified to be a true

20     and correct record of the proceedings in this matter.

21

22

23

24     THOMAS A. RUSSO, JR.

25     SENIOR COURT REPORTER

                                                         tr

DEF_0058