UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JAMES BENBOW,

                            Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
FEELEY, POLICE OFFICER MATTHEW ROSIELLO,
POLICE OFFICER KENNETH ANDERSON,
SERGEANT WILLIAM DIAB, DETECTIVE SHANIEL
MITCHELL, AND POLICE OFFICER STEPHEN
MINUCCI,

                         Defendants.

-------------------------------------------------------------------- x

**DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSES
AND OBJECTIONS TO
DEFENDANTS'
STATEMENT OF
UNDISPUTED FACTS**

17-CV-6457 (EK) (JRC)

Defendants The City of New York, Police Officer Brian Feeley, Police Officer Matthew

Rosiello, Police Officer Kenneth Anderson, Sergeant William Diab, Detective Shamiel Mitchell,

and Police Officer Stephen Minucci, by their attorney, Georgia M. Pestana, Corporation Counsel

of the City of New York, submit this statement pursuant to Local Civil Rule 56.1, in response to

Plaintiff's Responses and Objections to Defendants' Statement of Undisputed Facts:[1]

      1.      On March 6, 2015, sometime between approximately 7:00 p.m. and 8:30 p.m.,

plaintiff arrived at Amarachi Prime, a restaurant/bar on the corner of Bridge Street and Nassau

Street in Brooklyn, New York, with non-party Kate Williams. (See Transcript of September 17,

---

[1] Defendants adopt the facts set forth herein only for purposes of the Motion for Summary Judgment and reserve the
right to present different and/or conflicting facts at any trial in this matter. See Vasconcellos v. City of New York,
12 Civ. 8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1
"means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission'
…neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.")

2020 Deposition of plaintiff James Benbow, annexed as Exhibit A to the Declaration of Christopher DeLuca submitted in support of Defendants' Summary Judgment Motion ("DeLuca Decl.") at 61:8-12; 66:19-25; 73:10-13; 77:12-17)

**PLAINTIFF RESPONSE:** Admit.

2.      At Amarachi Prime, plaintiff interacted with Jason Marshall, the owner of Amarachi Prime, and a female bartender.  (Exhibit A to DeLuca Decl. at 76:20-24; 66:5-18; 67:1-3)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact. Plaintiff did not interact with Jason Marshall on the night of the incident. Pl. CSOF at ¶20.

**Defendants' Reply:**  Plaintiff's denial is not supported by the cited evidence.  Further, plaintiff's response is a clear misrepresentation, as plaintiff unequivocally testified that he interacted with Jason Marshall on the date of the incident.  (*See* Exhibit A to DeLuca Decl. at 128:17-129:22.)  Further, plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.

3.      On March 6 and March 7, 2015, Jason Marshall, while working at Amarachi Prime, was, and had been, an auxiliary police officer with the New York City Police Department since 2013.  (Transcript of October 9, 2020 Deposition of non-party witness Police Officer Ruben Cespedes, annexed as Exhibit C to DeLuca Decl. at 53:3-7; see also Jason Marshall's Grand Jury Testimony, annexed as Exhibit AA to DeLuca Decl. at 43:10-44:4; 44:16-45:1; see also Detective Stilianos Panagopoulos's DD5 entry dated March 7, 2015, annexed as Exhibit I to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact. Plaintiff did not interact with Jason Marshall on the night of the incident. Pl. CSOF at ¶20.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff only addresses whether Marshall interacted with plaintiff, not Marshall's employment. Further, plaintiff's response is a clear misrepresentation, as plaintiff unequivocally testified that he interacted with Jason Marshall on the date of the incident. (*See* Exhibit A to DeLuca Decl. at 128:17-129:22.) Moreover, plaintiff has failed to controvert this fact with citation to relevant, admissible evidence. Accordingly, this fact must be deemed admitted.

4.    Non-party Eric Bradley was also at Amarachi Prime on the evening of March 6, 2015. (Exhibit A to DeLuca Decl. at 62:17-65:1)

**PLAINTIFF RESPONSE:** Admit.

5.    On the evening of March 6, 2015 plaintiff was wearing a black jacket, glasses, a sweat suit, and a "skully" hat. (Exhibit A to DeLuca Decl. at 77:18-78:5; see also NYPD Property Voucher, annexed as Exhibit J to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this alleged fact regarding what the NYPD voucher states, and the voucher does not establish this fact.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff merely controverts—incorrectly—the substance of the cited voucher. As such, the cited evidence does not support plaintiff's denial. Accordingly, this fact must be deemed admitted.

6.    While inside of Amarachi Prime, Marshall approached plaintiff and told him to not talk to a female bartender. (Exhibit A to DeLuca Decl. at 128:13-129:3; see also Exhibit AA to DeLuca Decl. at 45:20-46:13; see also Exhibit I to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not interact with Jason Marshall on the night of the incident. See Plaintiff's Counter Statement of Facts at ¶20.

3

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted. Plaintiff's response is a clear misrepresentation, as plaintiff unequivocally testified that Jason Marshall approached him about a female bartender. (*See* Exhibit A to DeLuca Decl. at 128:17-129:22.)

7. Marshall also told plaintiff to stop touching the female bartender. (Exhibit I to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not interact with Jason Marshall on the night of the incident. See Plaintiff's Counter Statement of Facts at ¶20.

**Defendants' Reply:** Plaintiff has failed to controvert this fact—that Marshall told plaintiff to stop touching the female bartender—with citation to admissible, relevant evidence, and thus it must be deemed admitted. Plaintiff's denial of interacting with Jason Marshall is a clear misrepresentation, as plaintiff unequivocally testified to the contrary. (*See* Exhibit A to DeLuca Decl. at 128:17-129:22.)

8. Marshall observed plaintiff remove his jacket, exposing what Marshall believed to be a holster for a firearm attached to his belt. (Exhibit AA to DeLuca Decl. at 51:24-52:13; see also Exhibit I to DeLuca Decl.).

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not interact with Jason Marshall on the night of the incident. See Plaintiff's Response to Defendants' Fact No. 2. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. Plaintiff's response is a clear misrepresentation, as plaintiff unequivocally testified that Jason Marshall approached him about a

female bartender.  (*See* Exhibit A to DeLuca Decl. at 128:17-129:22.)  Further, while plaintiff's denial that he had a gun is not responsive to this fact, Officers Rosiello, Anderson, and Feeley all observed plaintiff holding a firearm.  (*See* Rosiello Deposition Transcript ("Rosiello Tr.") at 86:3-14, 88:8-12, annexed to the DeLuca Decl. as Ex. F; Anderson Deposition Transcript ("Anderson Tr.") at 98:10-14, 106:25-107:5, annexed to the DeLuca Decl. as Ex. B; Feeley Tr. at 86:11-22, DeLuca Decl., Ex. H.)  Sgt. Diab observed a silver gun a few feet away from where plaintiff was located on the ground.  (*See* Diab Deposition Transcript ("Diab Tr.") at 102:8-15, annexed to the DeLuca Decl. as Ex. E.)  A loaded chrome Interams Star .45 caliber semi-automatic pistol was recovered from the scene of the shooting and vouchered.  (*See* Crime Scene Unit Report dated March 7, 2015, annexed to the DeLuca Decl. as Ex. O; Photo of Interams Star .45 Caliber Semi-Automatic Pistol, annexed to the DeLuca Decl. as Ex. P; NYPD Property Voucher, annexed to the DeLuca Decl. as Ex. Q.)  Plaintiff told a Kings County Criminal Court judge, under oath, that he possessed a firearm on the date of the incident.  (*See* Plea Allocution Transcript ("Plea Tr.") at 17:22-18:5, annexed to the DeLuca Decl. as Ex. W.)  Surveillance footage shows plaintiff pull a gun from the area of his waistband.  (*See* Surveillance Footage at timestamp 12:45:39-12:45:40, DeLuca Decl., Ex L.)

9.    Marshall touched plaintiff's waist and felt what he believed to be a firearm. (Exhibit AA to DeLuca Decl. at 52:6-24)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact No. 8.

**Defendants' Reply:**  Other than denying that plaintiff ever interacted with Marshall (which, as set forth *supra*, is a clear misrepresentation), plaintiff's response to ¶ 8 does not address whether Marshall touched plaintiff's waist and felt what he believed to be a firearm.  Plaintiff has

failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

10.    At around 12:15 a.m., now March 7, 2015, Marshall called 77th Precinct Field Intelligence Officer ("FIO") (now Detective) Ruben Cespedes and provided a description of plaintiff.  (Exhibit I to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Denied. Plaintiff did not have a gun and this purported fact relies upon inadmissible hearsay. Pl. CSOF at ¶¶51-53. There was no legitimate reason to call any officer and purport to give Plaintiff's description. Moreover, no one called 9-11 to report any crime or emergency.

**Defendants' Reply:**  Plaintiff's denial is not responsive to this fact—that Marshall called Cespedes and provided a description of plaintiff.  Because plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, it must be deemed admitted.  Defendants note that they are not offering the cited evidence for the truth of the matter asserted therein.

11.    Detective Cespedes received the phone call from Marshall as he was leaving work. (Exhibit C to DeLuca Decl. at 52:22-53:2; 90:11-13).

**PLAINTIFF RESPONSE:** Admit that Cespedes testified to receiving the phone call from Marshall, however, this purported fact relies upon inadmissible hearsay and may not be considered by the Court. See also Plaintiff's Response to Defendants' Fact No. 8.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.  Defendants also note they are not offering any out-of-court statement for the truth of the matter asserted therein.

12.    During that phone call, Marshall informed Detective Cespedes that an individual at Amarachi Prime possessed a firearm.  (Exhibit C to DeLuca Decl. at 90:14-19)

6

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not interact with Jason Marshall on the night of the incident. See Plaintiff's Response to Defendants' Fact Nos. 2 and 10. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53.

 **Defendants' Reply:** Plaintiff's denial is not responsive to this fact—that Marshall informed Cespedes that an individual at Amarachi Prime possessed a firearm. Further, as set forth *supra*, plaintiff's assertion that he did not interacted with Marshall is a misrepresentation. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

 13.   Detective Cespedes then informed Sergeant Jones of what Marshall had reported. (Exhibit C to DeLuca Decl. at 91:8-13)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 12.

 **Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff does not address whether Cespedes informed Jones of what Marshall had reported. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

 14.   Sergeant Jones told Detective Cespedes to reach out to Sergeant William Diab. (Exhibit C to DeLuca Decl. at 91:8-13)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 12.

 **Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff does not address whether Jones told Cespedes to reach out to Diab. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

15.     Detective Cespedes could not reach Sergeant Diab, so he called Detective (then Police Officer) Shaniel Mitchell and then provided Marshall with Detective Mitchell's phone number.  (Exhibit C to DeLuca Decl. at 91:14-21; 92:6-16)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 11.

   **Defendants' Reply:**  Plaintiff's denial is not responsive to this fact.  Again, plaintiff does not  address the substance of this fact.  Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

16.     Detective Cespedes informed Detective Mitchell (who was assigned to AntiCrime), that there was a male with a firearm at Amarachi Prime.  (Transcript of October 14, 2020 Deposition of Detective Shaniel Mitchell, annexed as Exhibit G to DeLuca Decl. at 51:14-52:13; 52:18-53:16; 55:17-24)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not interact with Jason Marshall on the night of the incident. See Plaintiff's Response to Defendants' Fact No. 2.  Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53. This purported fact also relies upon inadmissible hearsay and may not be considered by the Court. Notably, none of this information was relayed to Defendants Anderson, Feeley, or Rosiello.

   **Defendants' Reply:**  Plaintiff's denial is not responsive to this fact—that Cespedes informed Mitchell that there was a male with a firearm at Amarachi Prime.  Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, it must be deemed admitted. Defendants also note that they are not offering any out-of-court statement for the truth of the matter asserted, but rather as evidence that the statement was made to Mitchell.

17.     Detective Mitchell relayed this information to Sergeant Diab, who was supervising the Conditions and Anti-Crime teams at the 77th Precinct.  (Exhibit G to DeLuca Decl. at 56:12-

17; see also Transcript of October 14, 2020 Deposition of Sergeant William Diab, annexed as Exhibit E to DeLuca Decl. at 71:14-25; 80:14-81:8)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 16.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff does not address whether Mitchell relayed information to Diab. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

18.    Sergeant Diab then held a tactical meeting with Police Officers Steven Minucci, Brian Feeley, Matthew Rosiello, Kenneth Anderson, and Mitchell. (Exhibit E to DeLuca Decl. at 85:12-19)

**PLAINTIFF RESPONSE:** Admit that Diab testified to this. Deny that there was any reason to apprehend or arrest Plaintiff. Pl. CSOF ¶¶51-53, 72, 132-138, 155, 180-184.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact. Again, plaintiff does not address the substance of this fact. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

19.    After the tactical meeting, Sergeant Diab, Officer Minucci and Detective Mitchell traveled in an unmarked vehicle, RMP #1464, to Amarachi Prime. (Exhibit E to DeLuca Decl. at 94:25-95:4; see also Exhibit G to DeLuca Decl. at 60:10-22; see also Excerpt from Police Officer Shaniel Mitchell's Memobook, annexed as Exhibit K to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit that this is Defendant Diab's testimony.

**Defendants' Reply:** Plaintiff does not deny this fact, and thus it must be deemed admitted. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence.

20. Officers Feeley, Rosiello, and Anderson followed in an unmarked vehicle, RMP #649. (Exhibit E to DeLuca Decl. at 95:5-11; see also Transcript of October 9, 2020 Deposition of Police Officer Kenneth Anderson, annexed as Exhibit B to DeLuca Decl. at 83:10-84:7)

**PLAINTIFF RESPONSE:** Admit that this in Defendant Anderson's testimony.

**Defendants' Reply:** Plaintiff does not deny this fact, and thus it must be deemed admitted. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence.

21. After arriving at Amarachi Prime, Detective Mitchell received a phone call from Marshall, who provided updated descriptions of plaintiff and Bradley. (Exhibit G to DeLuca Decl. at 53:17-54:2; 60:23-61:10)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact Nos. 10 and 16.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

22. Part of Marshall's description included information that a shorter male was holding a bag and a taller male had a firearm and that both of those individuals were about to exit Amarachi Prime. (See Exhibit G to DeLuca Decl. at 53:17-54:2; see also Exhibit E to DeLuca Decl. at 97:2-10).

**PLAINTIFF RESPONSE:** Plaintiff admits that the description provided by Marshall was of a shorter male holding a bag, and a taller male, but denies that he had a firearm. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53. See also Plaintiff's Response to Defendants' Fact Nos. 10 and 16. Furthermore, Jason Marshall did not speak with Feeley, Rosiello, or Anderson. Pl. CSOF ¶30.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact. Further, plaintiff's assertion that Marshall did not speak with Feeley, Rosiello, or Anderson is not supported with

citation to evidence. In any event, the paragraph cited in support of that assertion does not support plaintiff's denial. Because plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, it must be deemed admitted.

23. Sergeant Diab overheard this information. (Exhibit E to DeLuca Decl. at 97:2-10)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in part. Defendants mischaracterize the testimony, wherein Sgt. Diab describes the communications the officers were receiving regarding the individuals of interest and how they were able to identify the persons Jason Marshall allegedly described. See Plaintiff's Response to Defendants' Fact Nos. 10, 16, 22.

**Defendants' Reply:** Defendants object to plaintiff's accusation that defendants mischaracterized Sgt. Diab's testimony. Defendants respectfully refer the Court to the cited testimony, which is exactly what defendants represented it to be. Because plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, it must be deemed admitted.

24. This information, which also included a description of the individuals' clothing, was relayed via radio transmission to the vehicle containing Officers Rosiello, Feeley, and Anderson. (Transcript of October 27, 2020 Deposition of Police Officer Matthew Rosiello annexed as Exhibit F to DeLuca Decl. at 76:16-77:25).

**PLAINTIFF RESPONSE:** Plaintiff denies this alleged fact – Defendant Rosiello testified that he did not remember what was relayed in the radio transmission. Aboushi Cert. Ex. 4 at 76:17-25.

**Defendants' Reply:** The cited evidence does not support plaintiff's denial, and thus it must be deemed admitted. In the portion of Rosiello's testimony cited by plaintiff (the exact testimony cited by defendants in support of this fact), Rosiello testified that the radio transmission included a clothing description, and that—on the date of his deposition—he could not remember what clothing was described. (*See id.*)

25.     Plaintiff left Amarachi Prime with Eric Bradley.  (Exhibit A to DeLuca Decl. at 99:11-15)

**PLAINTIFF RESPONSE:** Admit.

26.     As plaintiff and Bradley left Amarachi Prime, plaintiff gave Bradley a bag that, according to plaintiff, Bradley had previously left in his car.  (Exhibit A to DeLuca Decl. at 67:918)

**PLAINTIFF RESPONSE:** Admit.

27.     Upon exiting Amarachi Prime, plaintiff and Bradley walked on Bridge Street, then made a right turn onto Nassau Street.  (Exhibit A to DeLuca Decl. at 102:16-103:1)

**PLAINTIFF RESPONSE:** Admit.

28.     Outside of Amarachi Prime, Detective Mitchell, who was the driver of RMP #1464, observed plaintiff and Bradley exit Amarachi Prime and walk on Nassau Street.  (Exhibit G to DeLuca Decl. at 60:23-61:24; Exhibit K to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit.

29.     Detective Mitchell followed plaintiff and Bradley in his vehicle on Nassau Street. (Exhibit G to DeLuca Decl. at 61:11-24; see also Exhibit E to DeLuca Decl. at 96:9-18)

**PLAINTIFF RESPONSE:** Admit.

30.     Plaintiff admits that surveillance video time-stamped at 12:45:31 from March 7, 2015 depicts both him and Bradley walking on the sidewalk on Nassau Street.  (Exhibit A to DeLuca Decl. at 100:1-102:13; see also video surveillance file titled "180 Nassau St" from March 7, 2015, annexed to DeLuca Decl. as Exhibit L)

**PLAINTIFF RESPONSE:** Admit.

31.     Subsequent to the shooting, Officer Feeley attended a GO-15 hearing where he was shown a diagram, or crime scene sketch.  (Transcript of December 7, 2020 Deposition of Police

Officer Brian Feeley, annexed as Exhibit H to DeLuca Decl. at 126:14-17; 117:16-118:5; see also NYPD Crime Scene Sketch, annexed as Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit that Feeley attended the GO-15 hearing approximately 1.5 years after the incident, otherwise denied. The shooting reconstruction expert illustrates where everyone was standing. See Aboushi Cert. Ex. 13.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff does not address whether Feeley was shown a diagram, or crime scene sketch. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

32. The crime scene sketch presented to Officer Feeley at the GO hearing included Officer Feeley's tax number and signature. (Exhibit H to DeLuca Decl. at 119:17-121:9; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit that Feeley made notations on a crime scene sketch, otherwise denied. The shooting reconstruction expert established where everyone was standing. See Aboushi Cert. Ex. 13.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff does not address whether the crime scene sketch included Officer Feeley's tax number and signature. Accordingly, this fact must be deemed admitted.

33. Officer Feely made notations on the crime scene sketch, including notations indicating the locations of where he, Officers Rosiello and Anderson, and plaintiff were located on Nassau Street on March 7, 2015. (Exhibit H to DeLuca Decl. at 121:10-124:22; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit.

34.     The "A" on the crime scene sketch stands for Anderson, "F" stands for Feeley, and "R" stands for Rosiello.  (Exhibit H to DeLuca Decl. at 121:10-122:16; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 33.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, but rather to a prior response in which plaintiff admitted the corresponding fact in its entirety (*See id.* ¶ 33.)  As such, this fact must be deemed admitted.

35.     The crime scene sketch indicates that "P2" represents where plaintiff was located when he was approached by police.  (Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 33.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, but rather to a prior response in which plaintiff admitted the corresponding fact in its entirety (*See id.* ¶ 33.)  As such, this fact must be deemed admitted.

36.     The crime scene sketch indicates that "P3" represents where plaintiff was located when the discharge of the firearm occurred.  (Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff was further in the middle of the street than the crime scene sketch indicated, which is corroborated by testimony and expert analysis.  Pl. CSOF ¶¶42-44, 155-159, 163-166, 170-172. Furthermore, a shooting reconstruction expert's reconstruction contradicts this purported notation. See Aboushi Cert. Ex. 13 at p. 12.

**Defendants' Reply:**  Insofar as plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, thus it must be deemed admitted.  Further, the cited expert report

does not support plaintiff's denial, as it appears that the Highlands experts placed plaintiff even further towards the sidewalk that the crime scene sketch. (*See id.* at 12.)

37. The crime scene sketch further indicates the locations of RMP #649 and #1464. (Exhibit M to DeLuca Decl.).

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 37.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, but rather by referring to the instant paragraph. As such, this fact must be deemed admitted.

38. When his vehicle was alongside plaintiff and Bradley, Sergeant Diab, upon observing plaintiff and Bradley, exited his vehicle with his gun drawn. (Exhibit E to DeLuca Decl. at 94:13-21).

**PLAINTIFF RESPONSE:** Admit.

39. Detective Mitchell also exited his vehicle with his firearm drawn. (Exhibit G to DeLuca Decl. at 63:10-16)

**PLAINTIFF RESPONSE:** Admit.

40. Sergeant Diab intended to approach and stop plaintiff and Bradley. (Exhibit E to DeLuca Decl. at 97:19-98:3).

**PLAINTIFF RESPONSE:** Admit that Defendant Diab testified to this, denied that Diab had any lawful reason to stop Plaintiff. Pl. CSOF ¶¶51-53, 72,132-138, 155, 180-184. Plaintiff did not have a gun. Pl. CSOF ¶¶51-53. Running away from the police is not an illegal act. Pl. CSOF ¶2. Refusing to talk to a police officer is not an illegal act – civilians have no obligations to talk to the police and should they choose to do so, they have a right to stop talking at any point in time. Pl. CSOF ¶4-6.

15

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact, as plaintiff does not address whether Diab intended to approach and stop plaintiff and Bradley. Plaintiff has also failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted.

41.     At this point, the vehicle containing Officers Feeley, Rosiello, and Anderson was a few car lengths behind the vehicle containing Sergeant Diab, Detective Mitchell, and Officer Minucci.  (Exhibit E to DeLuca Decl. at 94:13-95:8; see also Exhibit F to DeLuca Decl. at 80:2281:19)

**PLAINTIFF RESPONSE:** Admit.

42.     Officers Anderson and Rosiello exited their vehicle and approached the sidewalk. (Exhibit B to DeLuca Decl. at 91:5-13; see also Exhibit F to DeLuca Decl. at 83:13-84:6; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit.

43.     Officer Feeley also exited the vehicle and positioned himself in the street. (Exhibit H to DeLuca Decl. at 89:6-8 to DeLuca Decl.; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Denied. A shooting reconstruction expert established where everyone was standing. Aboushi Cert. Ex. 13 at p. 12.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact, nor is it supported by the cited evidence.

44.     Sergeant Diab announced "police, get down on the ground."  (Exhibit E to DeLuca Decl. at 94:13-21)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Defendant officers did not give any verbal commands. Plaintiff did not hear any verbal commands. According to Sgt.

Diab, no officer gave Benbow any verbal commands. Officer Anderson told the CCRB that neither he, nor Rosiello nor Feeley issued any verbal commands. Officer Mitchell did not recall hearing any verbal commands. Officer Rosiello did not hear any verbal commands. Pl. CSOF ¶¶54-61.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to admissible, relevant evidence, and thus it must be deemed admitted. Further, the cited paragraphs of plaintiff's Counter Statement of Facts do not support plaintiff's denial. (*See* Defendants' Response to Plaintiff's Counter Statement of Facts, at ¶¶54-61.) For example, Sgt. Diab did not state (to a CCRB investigator, whose report is inadmissible hearsay) that no officer gave plaintiff any verbal commands, but rather that he could not recall whether Officers Rosiello, Anderson, or Feeley issued plaintiff any commands. (*See* Aboushi Cert. Ex. 31.) Further, Officer Mitchell did not testify that he did not recall hearing any verbal commands, but rather that he could not remember whether *he* gave any verbal commands. (*See* Aboushi Cert. Ex. 5 – Mitchell 73:14-17.) Moreover, Officer Rosiello did not testify that he did not hear any verbal commands, but rather that he did not hear *Officer Feeley* give commands. (*See* Aboushi Cert. Ex. 36.) Rosiello testified during his deposition that he heard Mitchell or Minucci yell, in sum and substance, "police," "don't move," or "drop." (*See* Rosiello Tr. at 80:2-9, DeLuca Decl., Ex. F.)

45.     Detective Mitchell heard Sergeant Diab yell "police." (Exhibit G to DeLuca Decl. at 61:11-24).

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Officer Mitchell did not recall hearing any verbal commands. Pl. CSOF ¶58. See Plaintiff's Response to Defendants' Fact No. 44.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. In any event, the cited paragraphs do

not support plaintiff's denial, as Officer Mitchell did not testify that he did not recall hearing any verbal commands, but rather that he could not remember whether *he* gave any verbal commands. (*See* Aboushi Cert. Ex. 5 – Mitchell 73:14-17.)

46.     Upon hearing these commands, Bradley stopped and dropped to the ground. (Transcript of Eric Bradley's Grand Jury testimony, annexed as Exhibit N to DeLuca Decl. at 25:14-26:2).

**PLAINTIFF RESPONSE:** Plaintiff admits this purported fact in part – Bradley stopped and dropped to the ground, but the reason why he did so is conjecture and there is nothing in the record to support this conjecture. Plaintiff denies this purported fact in part because no verbal commands were given. Pl. CSOF ¶¶54-61. See Plaintiff's Response to Defendants' Fact No. 44.

**Defendants' Reply:** Plaintiff's denial is not supported with citation to admissible, relevant evidence, and thus it must be deemed admitted. Bradley testified that police officers "told [him] to stop" and that he "followed police orders." (*See* Transcript of Eric Bradley's Grand Jury Testimony, at 25:14-26:2, DeLuca Decl., Ex. N.) Defendants object to plaintiff's irrelevant commentary.

47.     Sergeant Diab and Detective Mitchell observed Bradley on the ground. (Exhibit E to DeLuca Decl. at 99:12-14; see also Exhibit G to DeLuca Decl. at 61:11-24)

**PLAINTIFF RESPONSE:** Admit that this is what Defendants Diab and Mitchell testified to.

**Defendants' Reply:** Plaintiff has not denied this fact, and thus it must be deemed admitted in its entirety.

48.     Plaintiff turned around and ran in the opposite direction on the sidewalk. (Exhibit A to DeLuca Decl. at 104:11-16; see also Exhibit G to DeLuca Decl. at 61:11-24; see also Exhibit

18

E to DeLuca Decl. at 98:22-99:11; <u>see also</u> Transcript of November 19, 2020 Deposition of Police

Officer Stephen Minucci, annexed as Exhibit D to DeLuca Decl. at 89:24-90:4)

**PLAINTIFF RESPONSE:** Admit because Defendant Officers jumped out with guns drawn and

failed to announce themselves. Pl. CSOF ¶¶37, 39, 54-61.

 <u>**Defendants' Reply:**</u> <u>Plaintiff has failed to controvert this fact with citation to relevant</u>

<u>admissible evidence, and thus it must be deemed admitted.  Additionally, defendants object to</u>

<u>plaintiff's irrelevant commentary, which is not responsive to this fact.</u>

 49. Plaintiff admits that video surveillance from March 7, 2015 time-stamped between

12:45:31 and 12:45:38 depicts him turning around and running in the opposite direction on the

sidewalk on Nassau Street.  (Exhibit L to DeLuca Decl.; <u>see also</u> Exhibit A to DeLuca

Decl. at 106:19-25)

**PLAINTIFF RESPONSE:** Denied. Plaintiff ran because people jumped out of two cars with guns

drawn and did not announce themselves. Pl. CSOF ¶¶54-61.

 <u>**Defendants' Reply:**</u> <u>Although plaintiff states that this fact is "denied," he goes on to admit</u>

<u>the fact and merely attempts to explain why plaintiff ran.  Plaintiff's commentary is irrelevant and</u>

<u>should be disregarded.  Plaintiff has also failed to controvert this fact with citation to admissible,</u>

<u>relevant evidence, and thus it must be deemed admitted.</u>

 50. Plaintiff then left the sidewalk, made a right turn, and ran between two cars and into

the street.  (Exhibit A to DeLuca Decl. at 105:17-19; 107:13-108:9; <u>see also</u> Exhibit B to DeLuca

Decl. at 94:12-19; <u>see also</u> Exhibit F to DeLuca Decl. at 83:4-7; <u>see also</u> Exhibit H to DeLuca

Decl. at 86:7-13)

**PLAINTIFF RESPONSE:** Admit. See also shooting reconstruction expert report. Aboushi Cert.

Ex. 13.

51.     Plaintiff admits that video surveillance from March 7, 2015 time-stamped between 12:45:32 and 12:45:41 depicts him making a right turn into the street.  (Exhibit L to DeLuca Decl.; see also Exhibit A to DeLuca Decl. at 107:13-108:9)

**PLAINTIFF RESPONSE:** Denied, this mischaracterizes Plaintiff's testimony. Plaintiff testified in the cited portion that he turned into the street, but not at a ninety-degree angle, and that he collapsed following gunshots. Deft. Ex. A at 107:13-108:9.

**Defendants' Reply:**  Plaintiff unequivocally testified that the video surveillance depicts him making a right turn into the street.  (*See id.*)  Because the cited evidence fails to controvert this fact, it must be deemed admitted.

52.     As plaintiff ran between the two cars, Officer Feeley was located in front of plaintiff in the street.  (Exhibit H to DeLuca Decl. at 86:14-18; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Testimony and forensic evidence clearly demonstrate that Officer Feeley was behind Plaintiff, as Plaintiff was shot in the back twice. Pl. CSOF ¶¶42-44, 62-63, 136-139, 155-158, 162-166, 170-175. The shooting reconstruction expert report also establishes that Officer Feeley was behind Plaintiff when he fired his shots. See Aboushi Cert. Ex. 13 generally.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  Further, plaintiff's denial is not responsive to this fact, and none of the cited paragraphs (which are not evidence) controvert the fact that, when plaintiff ran between the two cars, there was at least some point at which Feeley was in front of plaintiff.  In further response to plaintiff's denial, defendants respectfully refer the

Court to their response to the above-cited paragraphs of plaintiff Counter Statement of Facts Pursuant to Rule 56.1.

53. On the sidewalk, Officer Anderson observed Officer Rosiello to be standing about five or six steps in front of him. (Exhibit B to DeLuca Decl. at 94:16-95:8; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Denied. See shooting reconstruction expert report. Aboushi Cert. Ex. 13.

**Defendants' Reply:** The cited evidence does not support plaintiff's denial. Indeed, the purported expert report does not opine on Officer Rosiello's position relative to Officer Anderson. (*See id., passim.*) As plaintiff has failed to controvert this fact with citation relevant, admissible evidence, it must be deemed admitted.

54. Officer Rosiello observed plaintiff pull a gun from his waistband as plaintiff was running towards him. (Exhibit F to DeLuca Decl. at 86:3-14)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-54. Plaintiff did not gesture towards his waistband. Pl. CSOF ¶55. Officer Rosiello provides conflicting testimony where he stated that Benbow could not see where Rosiello was when he turned to ran away from the other officers. Pl. CSOF ¶67.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. In further response to this plaintiff's denial, defendants respectfully refer the Court to their response to the above-cited paragraphs of plaintiff Counter Statement of Facts Pursuant to Rule 56.1. Officers Rosiello, Anderson, and Feeley all observed plaintiff holding a firearm. (*See* Rosiello Tr. at 86:3-14, 88:8-12, DeLuca Decl., Ex. F; Anderson Tr. at 98:10-14, 106:25-107:5, DeLuca Decl., Ex. B; Feeley Tr. at 86:11-

22, DeLuca Decl., Ex. H.)  Sgt. Diab observed a silver gun a few feet away from where plaintiff was located on the ground.  (*See* Diab Tr. at 102:8-15, DeLuca Decl., Ex. E.)  A loaded chrome Interams Star .45 caliber semi-automatic pistol was recovered from the scene of the shooting and vouchered.  (*See* Crime Scene Unit Report dated March 7, 2015, DeLuca Decl., Ex. O; Photo of Interams Star .45 Caliber Semi-Automatic Pistol, DeLuca Decl., Ex. P; NYPD Property Voucher, DeLuca Decl., Ex. Q.)  Plaintiff told a Kings County Criminal Court judge, under oath, that he possessed a firearm on the date of the incident.  (*See* Plea Tr. at 17:22-18:5, DeLuca Decl., Ex. W.)  Finally, surveillance footage shows plaintiff pull a gun from the area of his waistband.  (*See* Surveillance Footage at timestamp 12:45:39-12:45:40, DeLuca Decl., Ex L.)

55.     Officer Rosiello alerted the other officers that plaintiff had a gun and drew his firearm.  (Exhibit F to DeLuca Decl. at 89:3-19)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Defendant officers, including Officer Rosiello, did not give any verbal commands. Pl. CSOF ¶¶54-61. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53. Plaintiff was shot in the back and posed no threat. Pl. CSOF ¶¶72, 136-139, 155-158, 162-166, 170-175.

**Defendants' Reply:**  Plaintiff's denial is not responsive, as plaintiff does not address whether Rosiello alerted the other officers that plaintiff had a gun.  Plaintiff has also failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.

56.     Officer Anderson also observed plaintiff holding a gun while he was running. (Exhibit B to DeLuca Decl. at 98:10-14; 106:25-107:5)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53.  See Plaintiff's Response to Defendants' Fact No. 55.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. In further response to plaintiff's response, defendants respectfully refer the Court to their response to the above-cited paragraphs of plaintiff Counter Statement of Facts Pursuant to Rule 56.1 and to paragraph 54, *supra*.

57. Officer Anderson did not discharge his firearm at plaintiff because his line of fire was obstructed by Officer Rosiello. (Exhibit B to DeLuca Decl. at 107:24-108:7)

**PLAINTIFF RESPONSE:** Plaintiff admits this purported fact in part – Anderson noted that his line of fire was obstructed by Officer Rosiello. Plaintiff denies in part that this was the sole reason that Anderson did not shoot. Benbow was not a threat because he was running away from the officers with his back to them. Pl. CSOF ¶¶42-44, 62-63, 72, 136-139, 155-158, 162-166, 170-175. Plaintiff was shot in his back as he posed no threat to Defendant Officers. Pl. CSOF ¶¶72, 136-139, 155-158, 162-166, 170-175.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. Further, plaintiff's denial largely consists of unresponsive allegations and unsupported conjecture. In further response to plaintiff's response, defendants respectfully refer the Court to their response to the above-cited paragraphs of plaintiff Counter Statement of Facts Pursuant to Rule 56.1.

58. Officer Rosiello observed plaintiff pointing a gun in his direction. (Exhibit F to DeLuca Decl. at 88:8-12; 138:2-5)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53. Plaintiff did not point a gun in Officer Rosiello's direction. Pl. CSOF ¶71. Furthermore, Officer Rosiello provides conflicting testimony stating that the alleged gun was

pointing at Feeley. The shooting reconstruction expert has also established that this is false and forensically impossible. Aboushi Cert. Ex. 13.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. Also, plaintiff admitted under oath that had a gun. (*See. e.g*, Plea Tr. at 17:22-18:5, DeLuca Decl., Ex. W.) In further response to plaintiff's response, defendants respectfully refer the Court to their response to the above-cited paragraphs of plaintiff Counter Statement of Facts Pursuant to Rule 56.1, and to paragraph 54, *supra*. Defendants also object to plaintiff's repeated use of subjective assertions and irrelevant commentary on the evidence.

59. Officer Rosiello also observed plaintiff run in the direction of Officer Feeley and believed that plaintiff posed a threat to Officer Feeley because plaintiff had a gun out. (Exhibit F to DeLuca Decl. at 146:16-19)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Benbow did not pose any threats to the officers, as he turned to run away from them, and he did not have a gun. Pl. CSOF at ¶¶51-53, 69-74. Furthermore, the cited testimony conflicts with previous testimony. Finally, the shooting reconstruction expert has also established that this is false and forensically impossible. Aboushi Cert. Ex. 13.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact. Insofar as plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted. Moreover, the cited expert report does not support plaintiff's denial, as the Highlands experts did not opine that the substance of Feeley's testimony is "forensically impossible." (*See id.*, *passim*.) In further response to plaintiff's denial, defendants respectfully refer the Court to their response to the above-cited paragraphs of plaintiff Counter Statement of Facts Pursuant to

Rule 56.1. Defendants also object to plaintiff's legal conclusions, subjective assertions, and commentary on the evidence.

60. Fearing for the safety of both himself and Officer Feeley, Officer Rosiello discharged his firearm one time at plaintiff while Officer Rosiello was standing on the sidewalk. (Exhibit F to DeLuca Decl. at 88:13-18; 100:20-22; 144:21-145:6; <u>see also</u> Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact No. 59. The reconstruction expert has also established that this is false and forensically impossible. Aboushi Cert. Ex. 13.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact. Because plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted. Moreover, the cited expert report does not support this denial, as the Highlands experts did not opine that the substance of Rosiello's testimony is "false and forensically impossible." (*See id., passim.*)

61. Officer Rosiello discharged his firearm when he observed plaintiff run between the two cars. (Exhibit F to DeLuca Decl. at 89:3-19; <u>see also</u> Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Officer Rosiello provided conflicting testimony wherein he stated that he fired at Benbow after Benbow had already turned into the street. Aboushi Cert. Ex. 4 at 138:12-18; 140:15-19. Benbow was in the middle of the street when he was shot twice in the back. Pl. CSOF ¶¶42-44. The shooting reconstruction expert has also established that this is false and forensically impossible, undermining Defendant Rosiello's false statements as to why he allegedly shot Plaintiff. Aboushi Cert. Ex. 13.

**Defendants' Reply:**  Plaintiff's denial is not supported by the cited evidence and, insofar as portions of plaintiff's denial are not supported with citations to evidence, such portions should be disregarded.  Moreover, the cited expert report does not support this denial, as the Highlands experts did not opine that the substance of Rosiello's testimony is "false and forensically impossible."  (*See id.*, *passim*.)  In further response to plaintiff's denial, defendants respectfully refer the Court thereto and to their response to the above-cited paragraphs of plaintiff's Counter Statement of Facts Pursuant to Rule 56.1.  Defendants also object to plaintiff's irrelevant commentary on the credibility the evidence.

62.     At the time Officer Rosiello discharged his firearm, he believed that Officer Anderson was located behind him.  (Exhibit F to DeLuca Decl. at 99:15-100:4; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Officer Rosiello provides conflicting testimony where he stated that he had no idea where Officer Anderson was in relation to himself. Pl. CSOF ¶81. See Plaintiff's Response to Defendants' Fact Nos. 60 and 61.

**Defendants' Reply:**  The cited paragraphs of plaintiff's Counter Statement of Fact (which are not evidence) do not support plaintiff's denial, and defendants respectfully refer the Court defendants' responses thereto.  Defendants also object to plaintiff's commentary on the credibility of evidence.  Because plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted.

63.     At the time Officer Rosiello discharged his firearm, Officer Anderson observed Officer Rosiello to be in front of him on the sidewalk closer to the street.  (Exhibit B to DeLuca Decl. at 108:23-109:11; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact Nos. 61 and 62.

**Defendants' Reply:** The cited paragraphs do not support plaintiff's denial, and defendants respectfully refer the Court thereto. Because plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted.

64. At the time Officer Rosiello discharged his firearm, he believed that Officer Feeley was in the street on the other side of the car that Officer Rosiello was standing next to on the sidewalk. (Exhibit F to DeLuca Decl. at 100:5-11; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Officer Rosiello provides conflicting testimony where he stated that he had no idea where Officer Feeley was in relation to himself. Aboushi Cert. Ex. 4 at 138:12-18; 140:15-19. See Plaintiff's Response to Defendants' Fact No. 60. See also Aboushi Cert. Ex. 13 at p. 12.

**Defendants' Reply:** The cited evidence does not support plaintiff's denial, and defendants respectfully refer the Court thereto. Indeed, Officer Feeley is not mentioned in the cited testimony. Further, the cited expert report does not include any opinion that "Officer Rosiello provides conflicting testimony where he stated that he had no idea where Officer Feeley was in relation to himself." (*See* Aboushi Cert. Ex. 13, *passim*.) Insofar as plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted.

65. Officer Feely, positioned in the street, observed plaintiff run between the two cars. (Exhibit H to DeLuca Decl. at 86:11-18).

**PLAINTIFF RESPONSE:** Denied. See Plaintiff's Response to Defendants' Fact No. 64. See also, Aboushi Cert. Ex. 13 at p. 12, wherein shooting reconstruction experts established where each person was located.

**Defendants' Reply:** The cited evidence and paragraph of plaintiff's Counter State of Fact Pursuant to Rule 56.1 do not support plaintiff's denial, and defendants respectfully refer the Court

27

thereto.  Indeed, the Highlands expert report does not opine that Feeley was not in the street or that he did not observe plaintiff run between two cars.  Insofar as plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted.

66.     Officer Feeley further observed plaintiff run in his direction while raising a gun in his direction.  (Exhibit H to DeLuca Decl. at 86:11-22; 144:5-12).

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53.  Plaintiff did not point a gun in Officer Feeley's direction. Pl. CSOF ¶78. Furthermore, the forensic evidence demonstrates that Feeley was located behind Plaintiff and could not possibly be running towards Feeley. Pl. CSOF ¶¶42-44, 62-63, 72, 136-139, 155-158, 162-166, 170-175. See also Plaintiff's Response to Defendants' Fact No. 65.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  In further response to plaintiff's response, defendants respectfully refer the Court to their responses to the above-cited paragraphs of plaintiff's Counter Statement of Facts Pursuant to Rule 56.1 (which, again, are not evidence).

67.     After Officer Feeley observed plaintiff raise a gun in his direction, he heard either Officer Rosiello or Officer Anderson say "Police. Drop the gun."  (Exhibit H to DeLuca Decl. at 144:13-23)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact Nos. 44-46.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  Further, the cited paragraphs do not support plaintiff's denial.

68.     Officer Feeley discharged his firearm three times from the street.  (Exhibit H to DeLuca Decl. at 92:14-16; see also Exhibit M to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit. See Shooting Reconstruction Expert Report, which establishes where everyone was standing. Aboushi Cert. Ex. 13 at p. 12.

69.     Before he discharged his firearm and as plaintiff was running between the two cars, Officer Feeley yelled "Police. Drop the gun."  (Exhibit H to DeLuca Decl. at 91:17-23)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact Nos. 44-46.

     **Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  Further, the cited paragraphs do not support plaintiff's denial.

70.     Officer Minucci recognized the voice of one of the officers in the conditions team yell "gun."  (Exhibit D to DeLuca Decl. at 94:20-24)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact Nos. 44-46.

     **Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  Further, the cited paragraphs do not support plaintiff's denial.

71.     At the time Officer Feeley discharged his firearm, he believed plaintiff to be about ten to fifteen feet away from him.  (Exhibit H to DeLuca Decl. at 76:9-16)

**PLAINTIFF RESPONSE:** Denied. See also, Aboushi Cert. Ex. 13 at p. 12, wherein shooting reconstruction experts established where each person was located.

**Defendants' Reply:** The cited evidence does not controvert this fact. Indeed, the Highlands experts did not opine on Feeley's perceptions. (*See id.*, *passim*.) Because plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted.

72.     After discharging his firearm three times, Officer Feeley ceased firing because he believed the threat was over when plaintiff fell to the ground and the gun fell out of plaintiff's hands. (Exhibit H to DeLuca Decl. at 142:13-21)

**PLAINTIFF RESPONSE:** Plaintiff admits this purported fact in part – Officer Feeley ceased firing after three shots, and after Plaintiff fell to the ground. Pl. CSOF ¶46. Plaintiff denies this purported fact in part he did not have a gun. Pl. CSOF ¶¶51-53. Furthermore, Plaintiff never posed any threat, nor could he be. Pl. CSOF ¶¶42-44, 62-63, 72, 136-139, 155-158, 162-166, 170-175. See also, Aboushi Cert. Ex. 13, wherein shooting reconstruction experts establish that Plaintiff had his back to the Defendant Officers and could pose no threat to them. Aboushi Exhibits 14-15 for expert medical opinion regarding location of bullet wounds in the middle of the back.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. In further response to plaintiff's response, defendants respectfully refer the Court to their response to the above-cited paragraphs of plaintiff's Counter Statement of Facts Pursuant to Rule 56.1. Further, the Highlands experts did not opine, nor are they qualified to opine, that plaintiff "could pose no threat" to the officers (*See* Aboushi Cert. Ex. 13, *passim*), nor did either of plaintiff's purported medical experts opine that plaintiff was shot in the middle of his back. (*See* Aboushi Cert. Exs. 13, 14, *passim*.) Defendants also object to plaintiff's commentary, *i.e.*, that plaintiff "never posed any threat"— which is not a proper response to a 56.1 Statement.

30

73.     Officer Feeley discharged the three shots quickly – one after the other.  (Exhibit H to DeLuca Decl. at 146:17-21; 151:10-12)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Officer Feeley testified that there were approximately 20-30 seconds between shots. Pl. CSOF ¶66.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  Moreover, plaintiff misrepresents Officer Feeley's testimony.  Feeley did not testify that "there were 20-30 seconds between shots," but rather, in response to being asked to estimate how much time elapsed between the first and last shot, he testified "Oh, it was very quick . . . [m]aybe 20 seconds, 30—not—not long."  (See Aboushi Cert. Ex. 3 – Feeley 146:17-24.)  Officer Feeley went on to clarify that he had trouble estimating the time and that he fired three shots "in a row . . . like a boom, boom, boom."  (See Feeley Deposition Transcript ("Feeley Tr. 2") at 149:24-150:21, annexed to the Kalmbach Decl. as Ex. AC.)  Further, Officer Anderson testified that two to three seconds elapsed between the time Officer Feeley fired his first shot until the time Officer Rosiello fired his one and only shot.  (See Aboushi Cert. Ex. 6 – Anderson at 139:3-10.)

74.     Only seconds elapsed between the time of the first and last gunshots fired by Officers Rosiello and Feeley.  (Exhibit A to DeLuca Decl. at 111:9-11; Exhibit D to DeLuca Decl. at 125:12-17; Exhibit B to DeLuca Decl. at 139:3-10; Exhibit G to DeLuca Decl. at 96:2225)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact No. 73.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  In further response to plaintiff's denial, defendants respectfully refer the Court paragraph 73, *supra*.

75. When plaintiff was shot, Officers Anderson and Feeley each observed a gun fall out of plaintiff's hand. (Exhibit B to DeLuca Decl. at 122:21-123:2; Exhibit H to DeLuca Decl. at 142:13-21)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53. Furthermore, no DNA or fingerprints were recovered from any purported gun found. Pl. CSOF at ¶124; Aboushi Cert. Ex. 22.

**Defendants' Reply:** To the extent plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted. The only evidence cited in response to this fact—Aboushi Cert. Ex. 22—does not support plaintiff's denial. In addition to Anderson and Feeley's observations, Sgt. Diab observed a silver gun a few feet away from where plaintiff was located on the ground. (*See* Diab Tr. at 102:8-15, DeLuca Decl., Ex. E.) A loaded chrome Interams Star .45 caliber semi-automatic pistol was recovered from the scene of the shooting and vouchered. (*See* Crime Scene Unit Report dated March 7, 2015, DeLuca Decl., Ex. O; Photo of Interams Star .45 Caliber Semi-Automatic Pistol, DeLuca Decl., Ex. P; NYPD Property Voucher, DeLuca Decl., Ex. Q.) Plaintiff told a Kings County Criminal Court judge, under oath, that he possessed a firearm on the date of the incident. (*See* Plea Tr. at 17:22-18:5, DeLuca Decl., Ex. W.) Finally, surveillance footage shows plaintiff pull a gun from the area of his waistband. (*See* Surveillance Footage at timestamp 12:45:39-12:45:40, DeLuca Decl., Ex L.)

76. A second or two after he heard gunshots, Detective Mitchell heard what he believed to be a metal object hitting the ground. (Exhibit G to DeLuca Decl. at 99:16-100:2)

**PLAINTIFF RESPONSE:** Denied. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53. See also Plaintiff's Response to Defendants' Fact No. 75.

**Defendants' Reply:** Plaintiff's denial is not responsive to this fact. Further, plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. In further response to this denial, defendants respectfully refer the Court to the above-cited paragraphs and defendants' responses thereto. Indeed, plaintiff has already admitted that he possessed a gun. (*See* Plea Tr. at 17:22-18:5, DeLuca Decl., Ex. W.)

77.     After plaintiff was shot, Sergeant Diab observed a silver gun a few feet away from where plaintiff was located on the ground. (Exhibit E to DeLuca Decl. at 102:8-15)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff did not have a gun. Pl. CSOF at ¶¶51-53.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. Defendants respectfully refer the Court to their responses to the above-cited paragraphs. Moreover, plaintiff has already admitted that he possessed a gun. (*See* Plea Tr. at 17:22-18:5, DeLuca Decl., Ex. W.)

78.     Sergeant Diab did not discharge his firearm. (Exhibit E to DeLuca Decl. at 75:2-4)

**PLAINTIFF RESPONSE:** Admit.

79.     Officer Minucci did not discharge his firearm. (Exhibit D to DeLuca Decl. at 98:23-25)

**PLAINTIFF RESPONSE:** Admit.

80.     Detective Mitchell did not discharge his firearm. (Exhibit G to DeLuca Decl. at 83:25-84:3)

**PLAINTIFF RESPONSE:** Admit.

81.     One loaded chrome Interams Star .45 caliber semi-automatic pistol was recovered from the scene of the shooting and vouchered.  (See Crime Scene Unit Report dated March 7, 2015, annexed to DeLuca Decl. as Exhibit O; see also photo of Interams Star .45 caliber semiautomatic pistol, annexed as Exhibit P to DeLuca Decl.; see also NYPD Property Voucher, annexed as Exhibit Q to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff admits this purported fact in part – a loaded chrome Interams Star .45 caliber semi-automatic pistol was allegedly recovered from the scene, but it did not belong to Plaintiff, as he did not have a gun, and no DNA or fingerprints were recovered on the gun. Pl. CSOF 133.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.  In further response to plaintiff's denial, defendants respectfully refer the Court to their response to the above-cited paragraph of plaintiff's Counter Statement of Facts Pursuant to Rule 56.1 and to paragraph 8, *supra*.  Plaintiff has already admitted that he had a gun.  (*See* Plea Tr. at 17:22-18:5, DeLuca Decl., Ex. W.)

82.     After he was shot, plaintiff was handcuffed by Officer Minucci and subsequently taken by ambulance to Kings County Hospital.  (See Exhibit D to DeLuca Decl. at 99:2-5; see also plaintiff's medical records from Kings County Hospital, annexed to as Exhibit R to DeLuca Decl. at Bates Nos. DEF_3807-3808).

**PLAINTIFF RESPONSE:** Admit.

83.     Plaintiff's medical records from Kings County Hospital indicate that plaintiff

████████████████████████████████████████████████████

████████████████████████ (See Exhibit R to DeLuca Decl. at Bates Nos. DEF_4001-4005)

**PLAINTIFF RESPONSE:** Denied. The locations of Plaintiff's wounds were established by experts. Pl. CSOF ¶¶167-178.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted. In further response to plaintiff's denial, defendants respectfully refer the Court to their responses to the above-cited paragraphs of plaintiff's Counter Statement of Facts Pursuant to Rule 56.1.

84. Plaintiff's gunshot wounds are also depicted on a Crime Scene Unit diagram. (See Crime Scene Unit diagram, annexed as Exhibit S to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. The figure depicting Benbow's injuries are inaccurate. Plaintiff's actual injuries were lower and to the middle of his back, rather than towards his sides, like the Crime Scene Unit diagram depicts. Pl. CSOF ¶¶ 136-137. This is corroborated by review of the uncontested medical experts. Pl. CSOF ¶¶164-178. See also Aboushi Cert. Ex. 13 at p. 12; Aboushi Cert. Ex. 14 at p. 3-6.

**Defendants' Reply:** To the extent plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and it must be deemed admitted. Defendants object to plaintiff's argument and irrelevant commentary on the evidence. In further response to plaintiff's response, defendants respectfully refer the Court to their response to the above-cited paragraphs of plaintiff's Counter Statement of Facts Pursuant to Rule 56.1. Further, the cited expert reports do not include any opinion that plaintiff's "actual injuries were lower and to the middle of his back, rather than towards his sides." (*See* Aboushi Cert. Exs. 13, 14, *passim.*) Defendants object to plaintiff's characterization of plaintiff's expert reports as "uncontested," as, in the event plaintiff's claims survive summary judgment, defendants intend to rebut and/or move to preclude such reports.

85. Plaintiff was arrested and charged with violating New York Penal §§ 265.03(3)

(Criminal Possession of a Weapon in the Second Degree), and 120.14(1) (Menacing in the Second Degree). See NYPD Arrest Report associated with plaintiff's arrest, dated March 8, 2015, annexed as Exhibit T to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit that based upon Defendants' false testimony, Plaintiff was arrested, charged, and maliciously prosecuted.

**Defendants' Reply:** Defendants object to plaintiff's irrelevant and improper commentary.

86.    A Criminal Court Complaint was filed against plaintiff in the Kings County Criminal Court. Docket No. 2015KN01452, charging plaintiff with violating New York Penal §§ 265.03(1)(B) (Criminal Possession of a Weapon in the Second Degree), 265.03(3) (Criminal Possession of a Weapon in the Second Degree), and 265.01(1) (Criminal Possession of a Weapon in the Fourth Degree). See Criminal Court Complaint, annexed as Exhibit U to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit based upon Anderson's false allegations. Pl. CSOF ¶¶85-86.

**Defendants' Reply:** Defendants object to plaintiff's irrelevant and improper commentary.

87.    A Superior Court Information was filed in the Supreme Court of New York, Indictment No. 01849-2015, Kings County, wherein the Grand Jury of Kings County accused plaintiff of the crimes of, *inter alia*, Criminal Possession of a Weapon in the Second Degree (265.03(3)), Criminal Possession of a Firearm (265.01-B), and Criminal Possession of a Weapon in the Fourth Degree (265.01(1). (Superior Court Information, annexed as Exhibit V to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit. See Plaintiff's Response to Defendants' Fact No. 86.

88.    On April 24, 2018, plaintiff, represented by counsel, pled guilty in open court to

Count 2 of the Indictment, Criminal Possession of a Firearm in violation of New York Penal Law § 265.01-B, in the Supreme Court of New York, Kings County, Criminal Term, Part 16, before the Honorable Bruce M. Balter. (See April 24, 2018 Court Transcript, annexed as Exhibit W to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. Plaintiff was coerced into the plea deal because they offered to let him walk out of the courtroom instead of facing 15 years in prison as his family sat in the galley crying to him to take the deal and go home. Pl. CSOF ¶¶177-179. Plaintiff's conviction was overturned, vacated, and terminated in his favor. Pl. CSOF ¶¶180-184.

> **Defendants' Reply:** Plaintiff's denial and irrelevant commentary is not responsive to this fact. Because plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, it must be deemed admitted.

89. On April 24, 2018, when asked by the Court if he had discussed the plea and the case with his attorney (who was present at the proceeding), plaintiff answered "yes." (Exhibit W to DeLuca Decl. at 15:1-4)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact No. 88.

> **Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus plaintiff's denial is improper and this fact it must be deemed admitted.

90. On April 24, 2018, when asked by the Court if anyone forced or threatened to get plaintiff to plead guilty, plaintiff answered "no". (Exhibit W to DeLuca Decl. at 15:16-19)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact No. 88.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus plaintiff's denial is improper and this fact it must be deemed admitted.

91.      On April 24, 2018, when asked by the Court, under Indictment No. 01849-2015, if, on or about March 7, 2015, in Kings County, if plaintiff possessed any firearm, namely a pistol, plaintiff answered "yes".  (Exhibit W to DeLuca Decl. at 17:22-18:5)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact No. 88.

**Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus plaintiff's denial is improper and this fact it must be deemed admitted.

92.      On April 14, 2021, the Second Department of the New York State Appellate Division vacated plaintiff's guilty plea and omnibus motion to suppress physical evidence – the gun – was granted.  (See April 14, 2021 Decision, annexed as Exhibit X to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit.

93.      The Second Department held that the Supreme Court of New York "erred in finding, in effect, that the police had lawfully stopped [plaintiff] before [plaintiff] fled from the police and removed a gun from his waist.  The hearing testimony indicated that the law enforcement officials who were in the sergeant's vehicle had received a tip that two individuals, one of whom had a gun, were leaving the club.  There was no evidence presented at the [suppression] hearing as to the identity of the individual who provided the tip, no evidence that the

informant explained to the police how he or she knew about the gun, no evidence that the informant supplied any basis to believe that he or she had inside information about the defendant, and no evidence that the informant had knowledge of concealed criminal activity. Therefore, the police lacked reasonable suspicion to stop the defendant and his companion based solely on the tip." (Exhibit X to DeLuca Decl. at 3).

**PLAINTIFF RESPONSE:** Admit that this is a selective quote from the record but does not include the certificate of dismissal that expressly states that the dismissal is in favor of Plaintiff. Aboushi Cert. Ex. 18.

> **Defendants' Reply:** Defendants object to plaintiff's irrelevant and improper commentary.

94.     The Second Department did not rule that plaintiff's guilty plea was involuntary or coerced. (See Exhibit X to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Denied. The record speaks for itself, and the plea is a nullity. The Certificate of Dismissal expressly states that the proceedings were terminated in favor of Plaintiff. See Plaintiff's Response to Defendants' Fact. No. 88.

> **Defendants' Reply:** Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus plaintiff's denial is improper and this fact it must be deemed admitted.

95.     While represented by attorney Kenneth J. Montgomery, plaintiff filed a Notice of Claim against the City of New York. (Notice of Claim and Notice of 50-H Hearing, annexed as Exhibit Y to DeLuca Decl.)

**PLAINTIFF RESPONSE:** Admit.

96.     Plaintiff was noticed, via his then-attorney, Kenneth J. Montgomery, in a letter dated June 23, 2015 to appear at his 50-h hearing on August 27, 2015 at 12:00 p.m. (Exhibit Y to DeLuca Decl.; see also Exhibit A to DeLuca Decl. at 172:2-173:14)

**PLAINTIFF RESPONSE:** Plaintiff denies this alleged fact in its entirety. Plaintiff was never served a notice to appear for a 50-h hearing directly nor through his attorneys. Pl. CSOF ¶¶185-194. In fact, Plaintiff was in the custody and control of the City on the date and time allegedly noticed for the hearing through the Department of Corrections at Riker's Island, but was still never notified or contacted regarding a 50-h hearing. Pl. CSOF ¶¶188-192. Furthermore, there is no evidence any notice was sent to Plaintiff.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus it must be deemed admitted.

97.     Plaintiff did not appear for his 50-h hearing on August 27, 2015 and the hearing was not held. (See Exhibit Y to DeLuca Decl.; see also Exhibit A to DeLuca Decl. at 50:24-51-2)

**PLAINTIFF RESPONSE:** Plaintiff denies this purported fact in its entirety. See Plaintiff's Response to Defendants' Fact No. 96.

**Defendants' Reply:**  Plaintiff has failed to controvert this fact with citation to relevant, admissible evidence, and thus plaintiff's denial is improper and this fact it must be deemed admitted.

Dated:          New York, New York
                October 1, 2021

> **GEORGIA M. PESTANA**
> Corporation Counsel of the City of New York
> *Attorney for Defendants*
> 100 Church Street
> New York, New York 10007
> (212) 356-2322
>
>
> By:     /s/ *Zachary Kalmbach*
>         Zachary Kalmbach
>         *Assistant Corporation Counsel*
>         Special Federal Litigation Division

cc:     **<u>Via ECF</u>**
        Aymen Aboushi, Esq.
        *Attorney for Plaintiff*