# THE ABOUSHI LAW FIRM

1441 Broadway, 5th Floor, New York, NY 10018
235 Lakeview Avenue, Clifton, NJ 07011

Tel: 212.391.8500           Fax: 212.391.8508           www.Aboushi.com

October 19, 2021

Honorable Eric R. Komitee, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Via: ECF

      Re:  Benbow v. Feeley, et al.,
          17-cv-06457-ERK-LB

Dear Judge Komitee,

  I represent Plaintiff and write pursuant to the Court's Order dated October 15, 2021 regarding the sealing of information submitted in connection with the pending Motion for Summary Judgment. Defense counsel informed me today that the Defendants intend to file unredacted copies of the motion papers on October 21, 2021. In light of the foregoing, the Plaintiff respectfully submits this letter in further support of the request to seal Plaintiff's medical records contained in Plaintiff's Exhibits 10, 14-15, and Defendants' Exhibit R.

  As the Court correctly noted, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) mandates a balancing test in regards to the sealing of documents. Under that test, in considering a request for sealing of judicial documents filed in connection with a motion, the Court must analyze the weight of the presumption of access, and balance competing considerations to determine if sealing is warranted. Lugosch, 435 F.3d at 119–20. Pursuant to Lugosch, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Id. at 120.

  Courts in this Circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information. Valentini v Group Health Inc., Civ. No. 20-cv-9526, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020); See also McGuirk v. Swiss Re Fin. Servs. Corp., No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); Dilworth v. Goldberg, Civ. No. 10–cv–2224, 2014 WL 3798631, at *2 (S.D.N.Y. Aug. 1, 2014) ("Exhibits S, T, and Z were properly redacted, as they comprised Plaintiff's private medical records."); Hand v. New York City Transit Auth., Civ. No. 11–cv–997, 2012 WL 3704826, at *5 (E.D.N.Y. Aug. 26, 2012) ("Federal law generally treats medical records as confidential.... Thus, plaintiff's motion to seal is granted in part with respect to portions of dockets sheets that include the aforementioned Employee Medical History & Physician's Certification Form.").

  Plaintiff's medical records contained in Plaintiff's Exhibits 10, 14-15, and Defendants' Exhibit R fall squarely under the type of privacy interest our Courts protect from public disclosure. Indeed, a review of these documents establishes that they contain intimate details of Plaintiff's medical condition, injuries, and treatment as a result of the Defendants shooting him in his back. As noted above, our Courts have routinely held filing such information under seal protects the strong privacy interest that outweighs any presumption of access to same. Consistent

with the jurisprudence since <u>Lugosch</u>, Plaintiff has a strong privacy interest in his medical information, treatment, and injuries that warrants the sealing of the aforementioned documents.

      Finally, the cases cited by the Court are distinguishable from the pending application. The Court cited <u>United States v. Sattar</u>, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) for the proposition that privacy interest in medical records is neither "fundamental nor absolute." In turn, the <u>Sattar</u> case relied upon <u>Crawford v. Manion</u> for that proposition. Civ. No. 96-cv-1236, 1997 WL 148066, at *1 (SDNY Mar. 31, 1997). In <u>Sattar</u>, the Court was primarily focused on non-medical background and personal information contained in a medical report that was used for sentencing purposes. In <u>Crawford</u>, the Court was construing whether the Defendants in a medical malpractice action violated Plaintiff's privacy rights by sharing Plaintiff's medical records with their attorneys. Here, Plaintiff seeks to redact actual medical information that is not a part of any medical malpractice action.

      In light of the foregoing, the Plaintiff respectfully requests that the Court maintain the seal as to Plaintiff's Exhibits 10, 14-15, and Defendant's Exhibit R.

Respectfully submitted,<br>
<u>s/Aymen A. Aboushi</u><br>
Aymen A. Aboushi, Esq.

Cc: All counsel of record via ECF