# THE ABOUSHI LAW FIRM

1441 Broadway, 5th Floor, New York, NY 10018
235 Lakeview Avenue, Clifton, NJ 07011

Tel: 212.391.8500         Fax: 212.391.8508         www.Aboushi.com

July 24, 2022

Honorable Eric R. Komitee, U.S.D.J.
Honorable James R. Cho, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

<u>Via: ECF</u>

         Re:      <u>Benbow v. Feeley, et al.,</u>
                     17-cv-06457-ERK-JRC

Dear Judge Komitee and Judge Cho,

       I represent Plaintiff and write in regards to the Defendants' Motion for Summary Judgment. Plaintiff hereby formally notes his objection to "Defendants' Reply to Plaintiff's Responses and Objections to Defendants' Statement of Undisputed Facts," Dkt. No. 105-1 (hereinafter "Defendants' Improper Reply"), as well as to "Defendants' Response to Plaintiff's Counter Statement of Facts Pursuant to Rule 56.1," Dkt No. 105-2 (hereinafter "Defendants' Improper Response"). While the deficiencies and problems with Defendants' submissions identified below are obvious and axiomatically require the Court to disregard these submissions, the Plaintiff memorializes the below objections out of an abundance of caution, to preserve the record, reserve Plaintiff's rights, and request that the Court strike the submissions, disregard them in their entirety or deem the Plaintiff's various Paragraphs in opposition to the Motion admitted.

       As an initial matter, neither Rule 56 nor our Local Rules permit the Defendant to submit Defendants' Improper Reply. Indeed, nowhere in Rule 56 or our Local Rule 56 are Defendants permitted to file a purported "Reply" to Plaintiff's Responses to Defendants purported Statement of Undisputed Material Facts. Given the clear lack of authority for this misleading and self-serving filing, the Court must strike Defendants' Improper Reply from the record and disregard same.

       Further, Defendants' Improper Response is equally inappropriate, unauthorized by the Rules, and must be stricken or disregarded. Moreover, the Defendants failed to contest the Plaintiff's Statement of Facts with admissible evidence or any citations. As such, Plaintiff's Statement of Materials Facts must be admitted. Indeed, almost all of Defendants "denials" contain defense counsel's bare statement of denial, with no citations to evidence, let alone admissible evidence. For example, in Defendants' responses to Paragraphs 1-19, 21-38, 41-43, 44-50, 55-58, 60, 71, 73-74, 81-85, 88-95 and 97-118 do not contain anything more than defense counsel's unavailing general denials. What is more, while Plaintiff cites many sources for his statement of facts, Defendants only respond to a singular citation, while ignoring the plethora of others that support the statement.

       Relatedly, the Plaintiff objects to defense counsel's conclusory and unsupported statements made in response to Plaintiff's Rule 56 Counter Statement of facts, particularly in

relation to his statements in regards to the Plaintiff's experts.[1] Defense counsel's opinions are woefully inadequate to contest Plaintiff's experts' opinions. Further, the defense has no experts, and before this very Court, stated repeatedly that they did not need experts to obtain summary judgment, notwithstanding having been served with Plaintiff's expert disclosures and having them for many months before moving for Summary Judgment. Despite having no experts to contest Plaintiff's experts, defense counsel inappropriately and unavailingly offers his own self-serving opinions and unqualified analysis in his denial of the Experts' well laid-out opinions. For example, defense counsel simply denies and argues against the expert opinions contained in Paragraphs 132-135, 137-152, 154, 157-159 and generally throughout Paragraphs 160-184. Defense counsel inappropriately substitutes his own opinion and unqualified analysis to contest the opinions of doctors, a well-credentialed expert in police practices, and a forensic shooting reconstructionist. Clearly, this tactic is both factually and legally unavailing, and results in these Paragraphs being admitted and summary judgment denied. Further fatal to the Defendants self-serving and inadequate denials is that they failed to cite anything in the record in support of their denials in contravention to Rule 56 and Local Rule 56.

The Defense then goes on to make previously undisclosed <u>Daubert</u> arguments for the first time in a footnote in a response to Plaintiffs Statement of Facts,[2] despite having the expert reports for months before filing for Summary Judgment and failing to raise any issue regarding their credentials or opinions. In light of the fact that Defendants have no experts and never previously raised any arguments regarding admissibility until this rogue footnote, all of the expert reports and opinions provided in opposition to the Defendants motion must be admitted and any statements made in response to Plaintiff's submission must be disregarded. A throw away footnote buried in Defendants' Improper Response is not the appropriate means by which to raise <u>Daubert</u> arguments, especially when the Plaintiff has no meaningful way to challenge these self-serving arguments raised for the first time in the Improper Response. In addition, as noted earlier, the Defense chose not to retain any experts, and thus cannot make any meaningful <u>Daubert</u> argument even if they were permitted to at this late stage, which they should not be.

In sum, the documents filed as Docket Numbers 105-1 and 105-2 suffer from fatal deficiencies that require that they be disregarded, the Plaintiff's facts admitted, and Defendants' Motion for Summary Judgment be denied. Plaintiff hereby preserves and reserves all rights regarding the impropriety of Defendants' submissions.

We thank the Court for its attention to this matter.                     Respectfully submitted,
                                                                          s/Aymen A. Aboushi
                                                                          Aymen A. Aboushi, Esq.

---

[1] In a passing footnote, Defendants claim that Expert Pollini should be disregarded. Defendants do not, however, contest the admissibility or reliability of Plaintiff's two Medical Experts or Forensic Shooting Reconstruction Experts. Instead, they claim in a conclusory manner that the Plaintiff's medical experts "go to damages" and thus should not be considered. Not so. The Plaintiff's Experts are not as limited as the Defendants wish. Instead, the medical experts offer crucial expert medical testimony regarding location of wounds as well as injury caused by being shot in the back by the Defendants where no such injury would have occurred if the Plaintiff was not shot in the back. Given the Defendants' claim that Plaintiff was not shot in the back, despite the plethora of evidence that establishes otherwise, the medical experts' testimony will establish the location and extent of injury that is consistent with being shot in the back.

[2] Defendants make no arguments whatsoever regarding Plaintiff's experts in the Reply itself. Rather, the Defendants improperly offer scant and erroneous criticism here and there in Defendant's Improper Reply, and in Defendant's Improper Response. Not only is the Court required to disregard any claims asserted for the first time in a reply, but also certainly required to disregard the scant and uninformed opinion leveled by Defense counsel in purported Rule 51 Statements. Any objection to Plaintiff's experts must be disregarded.