

**H**ON. **S**YLVIA **H**INDS-**R**ADIX
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY KALMBACH
*Assistant Corporation Counsel*
Phone: (212) 356-2322
Fax: (212) 356-3509
Email: zkalmbac@law.nyc.gov

July 27, 2022

**BY ECF**
Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>James Benbow v. Police Officer Feeley, et al.</u>,
             17-CV-6457 (EK) (LB)

Your Honor:

      I represent defendants City of New York, Feeley, Rosiello, Anderson, Diab, Minucci, and Mitchell in the above-referenced matter. Defendants write in response to plaintiff's letters dated July 24, 2022 and July 25, 2022 (ECF Nos. 110, 111).

      By way of background, defendants filed a fully-dispositive motion for summary judgment in this matter, which was fully briefed on November 19, 2021 (ECF Nos. 103-105). In support of defendants' motion, defendants filed a reply to plaintiff's response to defendants' Local Rule 56.1 Statement ("Reply 56.1," ECF No. 105-1) and a response to plaintiff's 56.1 Statement ("56.1 Response," ECF No. 105-2). Over eight months later, plaintiff filed a letter which can best be categorized as a sur-reply, objecting to defendants' Reply 56.1 and 56.1 Response (ECF No. 110). On July 25, 2022, the Court held oral argument on defendants' motion for summary judgment (<u>See</u> Docket Entry Dated July 25, 2022), during which there was a discussion regarding plaintiff's sworn admission that he possessed a gun during the incident which gave rise to this case (ECF No. 103-26). Later on July 25, 2022, plaintiff filed a letter "further elaborat[ing]" on that discussion, in which he asserted that "a review of the Certificate of Disposition Dismissal ("Certificate") precludes the Court from relying upon or in any way using the allocution against Plaintiff in this matter" (ECF No. 111).

    **A. Plaintiff's July 24, 2022 Letter Should be Disregarded**

      The Court should disregard plaintiff's July 24, 2022 letter on the grounds that it was filed without leave—over eight months after defendants' motion for summary judgment was fully briefed—and that the arguments therein lack merit.

Plaintiff's July 24, 2022 letter is essentially a sur-reply. However, "[p]laintiffs do[] not have a right to file a sur-reply," and "[s]ur-replies filed without the court's permission are generally considered improper." Trombetter v. Novocin, No. 18 Civ. 993 (RA), 2021 U.S. Dist. LEXIS 244587, at *35 (S.D.N.Y. Dec. 20, 2021) (quotations omitted). Indeed, "[a]llowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." Kapiti v. Kelly, No. 07 Civ. 3782 (RMB) (KNF), 2008 U.S. Dist. LEXIS 20135, at *1 n. 1 (S.D.N.Y. Mar. 12, 2008). Additionally, the Honorable Eric Komitee, before whom defendants' motion for summary judgment was originally submitted, specifically prohibits parties from submitting sur-replies without leave (See Judge Eric Komitee Individual Rules and Practices § III(D)(1)). As such, the fact that plaintiff's July 24, 2022 letter was filed without leave is, on its own, reason enough for the Court to disregard it. And, not only did plaintiff file the letter without leave, but he inexplicably filed it more than *eight months* after defendants' motion for summary judgment was fully briefed. To the extent plaintiff took issue with defendants' Reply 56.1 or 56.1 Response, he should have requested leave to file a sur-reply within a reasonable period of time after defendants' filed their motion papers. Instead, plaintiff waited to raise the issue until after the Court has already spent a significant amount of time considering the parties' motion papers (as was made clear by the comprehensive oral argument and the Court's indication that it is prepared to "expeditiously" rule on defendants' motion). Accordingly, defendants respectfully request that the Court reject plaintiff's efforts to flout the Court's rules and waste judicial resources, and disregard plaintiff's July 24, 2022 letter.

In any event, the arguments set forth in plaintiff's letter are unavailing. With regard to defendants' Reply 56.1, plaintiff has failed to point to any rule or authority prohibiting defendants from replying to plaintiff's response to defendants' 56.1 Statement. Indeed, courts in this circuit routinely accept such reply 56.1 statements without issue. See Keith v. City of New York, No. 11 Civ. 3577 (KPF), 2014 U.S. Dist. LEXIS 166469, at *3 n. 2 (S.D.N.Y. Dec. 1, 2014) ("The facts set forth herein are drawn from . . . Defendants' Response to Plaintiff's Rule 56.1 Statement *and Reply to Plaintiff's Response ("Def. 56.1 Reply")*."); James Cerisier v. City of New York, et al., No. 19-CV-3850 (ENV) (JRC) at ECF No. 34-22 (granting summary judgment where defendants submitted a "Reply to Plaintiff's Response to Defendants' 56.1 Statement"). Further, defendants respectfully submit that a Reply 56.1 was especially warranted here in light of the severe defects permeating plaintiff's response to defendants' 56.1 Statement. Accordingly, and because plaintiff has failed to cite to any authority in support of his contentions, the Court should consider defendants Reply 56.1 along with the rest of the parties' motion papers.

Additionally, as is the case with many of the contentions set forth in plaintiff's motion papers, plaintiff's substantive objections to defendants' 56.1 Response are either plainly wrong or misleading. For example, plaintiff claims that "almost all of Defendant's 'denials' contain defense counsel's bare statement of denial, with no citation to evidence." In support of this assertion, plaintiff cites to a number of paragraphs within defendants' 56.1 response. In many of these paragraphs, it was impossible for defendants to cite to evidence because defendants were responding to improper statements of "fact" and/or legal conclusions. See, e.g., ¶ 2 ("Running away from police is not an illegal act). In fact, in most of the paragraphs to which plaintiff cites, defendants *did* cite to evidence, often the very evidence cited by plaintiff. See, e.g., ¶ 24 ("The cited testimony does not support this fact."). And in many, many instances, plaintiff's purported "facts" are simply false and/or completely unsupported by the cited evidence. See, e.g., ¶ 25

(citing to Officer Diab's testimony in support of the asserted "fact" that Marshal "had never given tips before and was an unreliable information," whereas Diab did not testify as such); ¶ 28 (falsely asserting that Officer Cespedes "had a least 12 CCRB complaints filed against him"); ¶ 58 (asserting that Officer Mitchell "does not recall hearing any verbal commands," whereas Mitchell testified that he could not remember whether *he* issued any verbal commands). Defendants respectfully urge the Court to scrutinize plaintiff's evidentiary citations, as the sheer number of mischaracterizations and/or misrepresentations in plaintiff's motion papers is staggering. Additionally, the fact that "Plaintiff cites many sources for his statement of facts" does not matter if the evidence cited does not support the asserted "fact."

Plaintiff's arguments with regard to his purported "expert" evidence are similarly lacking. In defendants' 56.1 response, they simply pointed out, *inter alia*, that many of plaintiff's assertions with regard to his purported experts are, for example, not proper assertions of fact, mischaracterizations of reports and their conclusions, or plainly immaterial. See, e.g., ¶ 138 (relying on a purported expert in police practices for the legal conclusion that "there was no lawful reason to use force"); ¶ 159 (citing an expert report for the assertion that the "proffered reasons for shooting Plaintiff are forensically impossible," whereas the expert report includes no such conclusion); ¶ 168 (asserting that plaintiff medical symptoms may worsen in the future). Defendants respectfully submit that their 56.1 Response with regard to plaintiff's purported expert reports was entirely proper, and thus plaintiff's purported objections thereto should be disregarded.

Accordingly, the Court should disregard plaintiff's letter dated July 24, 2022, on the grounds that it was filed without leave and lacks merit.

### B. The Certificate of Disposition Does Not Preclude the Court from Relying Upon Plaintiff's Plea Allocution

As discussed during oral argument on defendants' motion for summary judgment, plaintiff previously swore under oath that he possessed a firearm during the incident alleged in the Complaint. However, in this litigation plaintiff has taken the position—and *only* the position—that he "did not have any weapons or guns."[1] See Plaintiff's Rule 56.1 Counter-Statement, ECF No. 104-1 at ¶ 51; see also Plaintiff's Brief in Opposition, ECF No. 104 at 9 ("Plaintiff never pointed a gun at the officers because he did not have a gun."). Presumably because there is no actual evidence in the record that plaintiff's plea was coerced, plaintiff now argues, for the first time, that the Certificate of Disposition relating to the criminal case underlying this lawsuit precludes a federal court from applying the doctrine of judicial estoppel.

The language in the Certificate of Disposition to which plaintiff refers comes from New York Criminal Procedure Law § 160.60. There is no indication in the text of § 160.60, nor has plaintiff provided any authority, that § 160.60 precludes a federal court from doing anything, let alone applying a well-established doctrine such as judicial estoppel. Indeed, courts in this circuit have long relied on dismissed criminal prosecutions in barring civil rights claims despite the language on which plaintiff relies here. See, e.g., Sanders v. Simonovic, No. 19 Civ. 5525

---

[1] As discussed during the July 26, 2022 oral argument, plaintiff has only alleged that he did not possess a gun at all, and he cannot create a dispute of fact at this juncture—eight months after defendants' motion for summary judgment was fully briefed—by suddenly asserting an alternative theory of liability (*i.e.*, that even if plaintiff did have a gun, he did not display it).

- 3 -

(LJL), at *21-22 (S.D.N.Y. Feb. 23, 2021) (dismissing a malicious prosecution claim and holding that "[p]laintiff cannot rely on the language of [N.Y. C.P.L.] § 160.60 to argue otherwise"). Moreover, plaintiff has failed to identify any exception to the doctrine of judicial estoppel that would apply here, where plaintiff's conviction was vacated based on a technicality unrelated to whether plaintiff actually possessed the gun. Accordingly, neither the language contained in the Certificate of Disposition nor the fact of the disposition itself has any bearing on whether plaintiff's sworn judicial statement estops him from taking a contrary position in order to create an issue of fact so as to evade summary judgment.

Defendants thank the Court for its time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **Via ECF**
Aymen A. Aboushi, Esq.
*Attorney for Plaintiff*