17-CV-06457 (EK) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES BENBOW,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN FEELEY, POLICE OFFICER MATTHEW ROSIELLO, POLICE OFFICER KENNETH ANDERSON, SERGEANT WILLIAM DIAB, DETECTIVE SHANIEL MITCHELL, AND POLICE OFFICER STEPHEN MINUCCI,

                          Defendants.

**DEFENDANTS' PARTIAL OBJECTION TO MAGISTRATE JUDGE JAMES R. CHO'S AUGUST 31, 2022 REPORT AND RECOMMENDATION**

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel of the City of New York*
  *Attorney for City of New York, Police Officer Kenneth Anderson, Sergeant William Diab, Police Officer Brian Feeley, Police Officer Stephen Minucci, Detective Shaniel Mitchell, and Police Officer Matthew Rosiello*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Zachary Kalmbach*
*Tel: (212) 356-2322*
*Matter No.: 2017-066702*

# TABLE OF CONTENTS

                             **Page**

TABLE OF AUTHORITIES ................................................................................................ II

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

STANDARD OF REVIEW ................................................................................................. 2

ARGUMENT

  POINT I

    PLAINTIFF'S FALSE ARREST CLAIM FAILS ..................................... 2

    A. Plaintiff's Arrest was Supported by Probable Cause............................................................................................... 3

    B. Plaintiff's Arrest was Lawful Pursuant to the "Fellow Officer Rule." ................................................................... 4

    C. Defendants are Entitled to Qualified Immunity. ................................... 5

  POINT II

    PLAINTIFF'S EXCESSIVE FORCE CLAIMS AGAINST FEELEY AND ROSIELLO FAIL .......................................... 8

  POINT III

    PLAINTIFF'S FAILURE TO INTERVENE CLAIM AGAINST ANDERSON FAILS ................................................ 10

  POINT IV

    PLAINTIFF'S STATE LAW CLAIMS FAIL ........................................ 11

    A. Plaintiff's Assault and Battery Claim Fails as a Matter of Law ....................................................................................... 11

    B. The Court Should Not Exercise Jurisdiction Over Any Pendant State Law Claims ........................................................... 11

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                          **Pages**

Anthony v. City of New York,
   No. 00 Civ. 4688 (DLC), 2001 U.S. Dist. LEXIS 8923
   (S.D.N.Y. July 2, 2001) ..................................................................................................... 11

Bernstein v. Misk,
   948 F. Supp. 228 (E.D.N.Y. 1997) ..................................................................................... 12

Biggs v. City of New York,
   No. 08 Civ. 8123 (PGG), 2010 U.S. Dist. LEXIS 121332
   (S.D.N.Y. Nov. 16, 2010) ....................................................................................................... 8

Bradway v. Gonzales,
   26 F.3d 313 (2d Cir. 1994) ...................................................................................................... 5

City & County of San Francisco v. Sheehan,
   575 U.S. 600 (2015) ................................................................................................................ 6

City of Tahlequah v. Bond,
   142 S. Ct. 9 (U.S. 2021) .......................................................................................................... 8

Content v. Curran,
   No. 20 Civ. 5444 (PED), 2022 U.S. Dist. LEXIS 130675
   (S.D.N.Y. July 22, 2022) ........................................................................................................ 4

Golphin v. City of New York,
   No. 09-CV-1015 (BSJ), 2011 U.S. Dist. LEXIS 106272
   (S.D.N.Y. Sep. 19, 2011) ........................................................................................................ 4

Gonzalez v. City of Schenectady,
   728 F.3d 139 (2d Cir. 2013) .................................................................................................... 5

Estate of Jackson v. City of Rochester,
   705 F. Supp. 779 (W.D.N.Y. 1989) ....................................................................................... 9

Frost v. New York City Police Dep't,
   980 F.3d 231 (2d Cir. 2020) .................................................................................................... 3

Malone v. Hinman,
   847 F. 3d 949 (8th Cir. 2017) ................................................................................................. 8

Morales v. City of New York,
   No. 14 Civ. 9276 (JPO), 2016 U.S. Dist. LEXIS 175927
   (S.D.N.Y. Dec. 20, 2016) ........................................................................................................ 7

| **Cases** | **Pages** |
|---|---|
| Mullenix v. Luna,<br>    577 U.S. 7 (2015) | 5, 7 |
| Mushchette v. Gionfriddo,<br>    910 F. 3d 65 (2d Cir. 2018) | 7, 9 |
| Nelson v. Smith,<br>    618 F. Supp. 1186 (S.D.N.Y. 1985) | 2 |
| Panetta v. Crowley,<br>    460 F.3d 388 (2d Cir. 2006) | 5 |
| Perlleshi v. County of Westchester,<br>    No. 98 Civ. 6927 (CM), 2000 U.S. Dist. LEXIS 6054<br>    (S.D.N.Y. Apr. 24, 2000) | 3 |
| Pitchell v. Callan,<br>    13 F.3d 545 (2d Cir. 1994) | 11 |
| Plumhoff v. Rickard,<br>    572 U.S. 765 (2014) | 7 |
| Posr v. Doherty,<br>    944 F.2d 91 (2d Cir. 1991) | 11 |
| Rivas-Villegas v. Cortesluna,<br>    142 S. Ct. 4 (U.S. 2021) | 8 |
| Stevens v. Metro. Transp. Auth. Police Dep't,<br>    293 F. Supp. 2d 415 (S.D.N.Y. 2003) | 8 |
| Taravella v. Town of Wolcott,<br>    599 F.3d 129 (2d Cir. 2010) | 5 |
| United States v. Colon,<br>    250 F.3d 130 (2d Cir. 2001) | 4 |
| Vasquez v. Shameed Yadali,<br>    No. 16 Civ. 0895 (PMH), 2022 U.S. Dist. LEXIS 90659<br>    (S.D.N.Y. May 19, 2022) | 3 |
| Walston v. City of New York,<br>    289 F. Supp. 3d 398 (E.D.N.Y. 2018) | 6 |

| **Cases** | **Pages** |
|---|---|

**Statutes**

28 U.S.C. § 636(b)(1) ...........................................................................................................2

28 U.S.C. § 636(b)(1)(C) ......................................................................................................2

42 U.S.C § 1983 ...................................................................................................................1

Fed. R. Civ. P. 72 .................................................................................................................2

Fed. R. Civ. P. 72(b) ............................................................................................................2

Fed. R. Civ. P. 72(b)(3) ........................................................................................................2

Local Civil Rule 56.1 ...........................................................................................................2

N.Y. Penal Law § 265.01 .....................................................................................................3

N.Y. Penal Law § 265.01-B .................................................................................................3

# PRELIMINARY STATEMENT

Plaintiff brought this action, pursuant to 42 U.S.C § 1983, alleging claims of excessive force, false arrest, malicious prosecution, failure to intervene, Monell, and state-law assault and battery and negligence against defendants City of New York ("City"), Kenneth Anderson, Brian Feeley, Stephen Minucci, Matthew Rosiello, William Diab, and Shaniel Mitchell. Defendants submitted a fully dispositive motion for summary judgment on November 19, 2021. On August 31, 2022, the Honorable James R. Cho issued a Report and Recommendation ("R&R"), wherein it was recommended that defendants' motion be granted as to (1) plaintiff's Monell claim; (2) plaintiff excessive claims against defendants Anderson, Diab, Minucci, and Mitchell; (3) plaintiff's failure to intervene claims against defendants Diab, Minucci, and Mitchell; (4) plaintiff's malicious prosecution claim; (5) plaintiff's state-law assault and battery claim against defendants Anderson, Diab, Minucci, and Mitchell; and (6) plaintiff's state-law negligence claim. The R&R recommended that defendants' motion be denied as to (1) plaintiff's false arrest claim; (2) plaintiff's excessive force claims against defendants Feeley and Rosiello; (3) plaintiff's failure to intervene claim against defendant Anderson; and (4) plaintiff's state-law assault and battery claims against defendants Feeley and Rosiello. The Court should reject the R&R insofar as it recommends denial of defendants' motion for summary judgment because: (1) there was probable cause, or at least arguable probable cause, to arrest plaintiff; (2) defendants Feeley and Rosiello's use of force was reasonable under the circumstances and did not violate any clearly established law; and (3) defendant Anderson did not have a realistic opportunity to intervene in defendants Feeley or Rosiello's use of force and did not violate any clearly established law.[1]

---

[1] The R&R did not address defendants' argument that plaintiff's Rule 56.1 Statement should be stricken. (See Dkt. No. 105 at 1-2). For the reasons set forth in defendants' Reply Memorandum of Law, defendants maintain that plaintiff's Rule 56.1 Statement is so riddled with improprieties that it should be stricken in its entirety. (See id.)

## STATEMENT OF FACTS

For a complete statement of facts, the Court is respectfully referred to Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("Defs' 56.1") dated August 11, 2021.

## STANDARD OF REVIEW

In evaluating a Magistrate Judge's recommended disposition with respect to a pretrial matter that is dispositive of a claim or defense of a party, a district court shall, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. 636(b)(1), review the recommendation *de novo*. Rule 72(b)(3) instructs the district judge to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Id.; see also 28 U.S.C. §636(b)(1)(C); Nelson v. Smith, 618 F. Supp. 1186, 1190 (S.D.N.Y. 1985). The district judge's review may be based on the entire record. See Fed. R. Civ. P. 72(b). Further, Rule 72 states that the "the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

## POINT I

## PLAINTIFF'S FALSE ARREST CLAIM FAILS

The R&R recommended that defendants' motion for summary judgment as to plaintiff's false arrest claim be denied on the grounds that: (1) "a disputed question of fact still remains as to whether plaintiff *removed* the weapon from his waistband and *pointed* the weapon at defendants"; (2) that the "fellow officer rule" does not apply to this case; and (3) qualified immunity is inappropriate because "key facts remain in dispute." (See Dkt. No. 114 at 13-17) (emphasis in original). The Court should reject each of these conclusions.

A.   **Plaintiff's Arrest was Supported by Probable Cause.**

The R&R concluded that plaintiff's denial that he removed and/or pointed a firearm at defendants prevented the Court from finding probable cause to arrest plaintiff. (See Dkt. No. 114 at 14-15). As an initial matter, as discussed *infra*, it does not appear that Magistrate Cho considered the surveillance video of plaintiff removing an object from his waistband. (See Surveillance Footage at 12:45:39, annexed to the Declaration of Christopher D. DeLuca in Support of Defendants' Motion for Summary Judgment ("DeLuca Decl.") as Exhibit L).[2] In any event, whether plaintiff removed the firearm from his waistband and/or pointed it at defendants is immaterial to plaintiff's false arrest claim in light of his sworn admission that he *possessed* a firearm (See Dkt. No. 103-26).[3] That is, possessing a firearm satisfies the elements of N.Y. Penal Law §§ 265.01 (Criminal Possession of a Weapon) and 265.01-B (Criminal Possession of a Firearm), neither of which require that a person remove and/or point a firearm. As such, there was probable cause to arrest plaintiff for at least those two crimes, which is sufficient to dispose of plaintiff's false arrest claim. See Vasquez v. Shameed Yadali, No. 16 Civ. 0895 (PMH), 2022 U.S. Dist. LEXIS 90659, at *10 (S.D.N.Y. May 19, 2022) ("Probable cause to arrest for any crime will suffice" to dispose of a false arrest claim). As such, the Court should reject the R&R on this point and dismiss plaintiff's false arrest claim.

---

[2] For the Court's convenience, defendants are enclosing a copy of the video with the courtesy copy of this objection.

[3] Defendants note that Magistrate Cho did not make a determination as to whether plaintiff is judicially estopped from now claiming that he did not possess a firearm. However, in light of plaintiff's sworn admission that he possessed a firearm, judicial estoppel clearly applies here. See Frost v. New York City Police Dep't, 980 F.3d 231, 255-56 (2d Cir. 2020) ("As part of his allocution, Frost specifically admitted to possessing the weapon . . . [a]s a result, Frost cannot now maintain that the weapon was planted on him by defendants."); see also Perlleshi v. County of Westchester, No. 98 Civ. 6927 (CM), 2000 U.S. Dist. LEXIS 6054, at *14-15 (S.D.N.Y. Apr. 24, 2000) ("Judicial estoppel precludes a party from asserting the genuineness of a material fact that is contrary to a prior statement made by the party under oath in a judicial or quasijudicial proceeding."). As such, the Court should disregard plaintiff's self-serving denial that he possessed a firearm.

## B. Plaintiff's Arrest was Lawful Pursuant to the "Fellow Officer Rule."

The R&R concluded that the "Fellow Officer Rule" does not apply to this case because the Second Department of the New York State Appellate Division determined that there was not probable cause to initially stop plaintiff. (See Dkt. No. 114 at 15). However, the basis for the Second Department's holding was that there "was no evidence presented at the [suppression] hearing as to the identity of the individual who provided the tip, no evidence that the informant explained to the police how he or she knew about the gun, no evidence that the informant supplied any basis to believe that he or she had inside information about the defendant, and no evidence that the informant had knowledge of concealed criminal activity." (See Dkt. No. 103-27 at 3). However, while such evidence may not have been presented at the suppression hearing, the undisputed evidence in the instant case shows it was a law enforcement official—Officer Marshall—who provided the officers with the information that plaintiff possessed a firearm (along with a description of plaintiff and updates on his location). (See Dkt. No. 105-1 at ¶¶ 8-30). The R&R should be rejected because it did not take this evidence into account.

Indeed, in light of the undisputed fact that Marshall provided the information that was relayed to defendants, it is clear that the "Fellow Officer Rule" squarely applies in this case. The "Fellow Officer Rule" provides that an "arresting officer might not be aware of all the underlying facts that provided probable cause or reasonable suspicion, but may nonetheless act reasonably in relying on information received by other law enforcement officials." United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001). The proper inquiry is whether defendants acted reasonably, as opposed to whether probable cause actually existed or the vouching officer acted reasonably. Golphin v. City of New York, No. 09 Civ. 1015 (BSJ), 2011 U.S. Dist. LEXIS 106272, at *4 (S.D.N.Y. Sep. 19, 2011). Here, in light of the information provided by Marshall, it is clear that defendants acted reasonably in arresting plaintiff. Indeed, plaintiff has failed to adduce any

evidence suggesting that defendants should not have believed Marshall. Accordingly, the Court should grant summary judgment in favor of defendants on plaintiff's false arrest claim.

Additionally, even assuming *arguendo* that the "Fellow Officer Rule" does not apply, Marshall's report provided probable cause to arrest plaintiff because "it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006). Here, there was no apparent reason whatsoever to doubt Marshall's veracity. As such, there was probable cause to arrest plaintiff.

**C.    Defendants are Entitled to Qualified Immunity.**

The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known . . . or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 139, 144 (2d Cir. 2013) (citing Taravella v. Town of Wolcott, 599 F.3d 129, 133-34 (2d Cir. 2010)). A right is clearly established when it is "sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right." Mullenix v. Luna, 577 U.S. 7, 11 (2015) (emphasis added). Qualified immunity is intended to give "government officials breathing room to make reasonable

5

but mistaken judgments," and it "protects all but the plainly incompetent or those who knowingly violate the law." City & County of San Francisco v. Sheehan, 575 U.S. 600, 611 (2015).

Here, the R&R concluded that qualified immunity is inappropriate as to plaintiff's false arrest claim because "key facts remain in dispute"—namely, that there is "[l]ittle to no evidence regarding the nature of" Marshall's tip and that plaintiff disputes that he removed and/or pointed his firearm at defendants. (Dkt. No. 114 at 16-17). However, the record simply does not support the finding that there is "[l]ittle to no evidence regarding the nature of" Marshall's tip. (See Dkt. No. 105-1 at ¶¶ 8-30). For example, defendant Mitchell testified: "[Marshall] gave me the description of two males. One of the males had a bag in his hand and the other male was the one with the firearm in his waistband." (See Dkt. No. 103-10 at 53:23-54:2). Notably, the surveillance video shows Eric Bradley holding a bag and plaintiff pull an object out of his waistband. (See Surveillance Footage at 12:45:39, DeLuca Decl., Exhibit L).

Moreover, the R&R failed to consider that there was at least "arguable probable cause" to arrest plaintiff, which is a lower standard than actual probable cause. Walston v. City of New York, 289 F. Supp. 3d 398, 406 (E.D.N.Y. 2018). Indeed, the information provided by Officer Marshall—namely, that plaintiff possessed a firearm—conferred *at least* arguable probable cause to arrest plaintiff. Further, it is undisputed that a firearm was recovered next to plaintiff before he was arrested. Indeed, plaintiff *admitted*, in response to Paragraph 81 of defendants Rule 56.1 Statement, that "[o]ne loaded chrome Interams Star .45 caliber semi-automatic pistol was recovered from the scene of the shooting and vouchered." (See Dkt. No. 105-1 at ¶ 81). And, although plaintiff purports to deny the fact that "[a]fter plaintiff was shot, Sergeant Diab observed a silver gun a few feet away from where plaintiff was located on the ground," he failed to cite any evidence that supports his denial. (See Dkt. No. 105-1 at ¶ 77). As such, at a minimum, it is

undisputed that a loaded firearm was recovered only a few feet from plaintiff before he was arrested. And there is no evidence that any civilian was in closer proximity to the firearm than plaintiff. Accordingly, the recovery of the firearm near plaintiff, along with the information provided by Marshall, provided at least arguable probable cause to arrest plaintiff for possession of a firearm. See Content v. Curran, No. 20 Civ. 5444 (PED), 2022 U.S. Dist. LEXIS 130675, at *14-15 (S.D.N.Y. July 22, 2022) (arguable probable cause where a weapon was found up to six feet away from plaintiff); see also Morales v. City of New York, No. 14 Civ. 9276 (JPO), 2016 U.S. Dist. LEXIS 175927, at *7-8 (S.D.N.Y. Dec. 20, 2016) (arguable probable cause where a firearm was recovered six-to-seven feet away from plaintiff).

Further, even assuming *arguendo* that the Court concludes that actual probable cause was lacking, it simply cannot be said that "*every* reasonable official" would have understood as such under the circumstances (*i.e.*, where officers were provided with information that a person had a firearm and then a firearm was recovered next to that person), and thus defendants are entitled to qualified immunity. Mullenix, 577 U.S. at 11 (emphasis added); see also Mushchette v. Gionfriddo, 910 F. 3d 65, 70 (2d Cir. 2018) ("An officer is entitled to qualified immunity if any reasonable officer, out of the wide range of reasonable people who enforce the laws in this county, could have determined that the challenged action was lawful.").

Additionally, defendants note that the R&R failed to cite even a single Second Circuit or Supreme Court case holding that the specific information known to defendants did not provide probable cause to arrest plaintiff. Time and again—including twice in the past year—the Supreme Court has instructed lower courts "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." Plumhoff v. Rickard, 572 U.S. 765, 779 (2014) (omission in

7

original) (citation and internal quotation marks omitted); see also City of Tahlequah v. Bond, 142 S. Ct. 9, 11 (U.S. 2021) ("We have repeatedly told courts not to define clearly established law at too high a level of generality . . . [i]t is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted."); see also Rivas-Villegas v. Cortesluna, 142 S. Ct. 4, 7-8 (U.S. 2021) (holding that "existing precedent must have placed the statutory or constitutional question beyond debate"). In the absence of such specific precedent by either the Supreme Court or the Second Circuit, the individual defendants are entitled to qualified immunity on plaintiff's false arrest claim.

## POINT II

## PLAINTIFF'S EXCESSIVE FORCE CLAIMS AGAINST FEELEY AND ROSIELLO FAIL

Magistrate Cho denied summary judgment as to plaintiff's excessive force claims against defendants Feeley and Rosiello on the grounds that plaintiff "denies that he ever reached for his waistband during the time he was running from the police." (Dkt. No. 114 at 20). However, there is no indication that Magistrate Cho considered the surveillance video of plaintiff clearly reaching for his waistband as he was running from the police. (See Surveillance Footage at 12:45:39, DeLuca Decl., Exhibit L). The video undercuts the very basis for the R&R's recommendation on this point, and thus the R&R should be rejected to the extent it recommends that plaintiff's excessive force claims against defendants Feeley and Rosiello be denied. That is, under these circumstances, plaintiff "posed a threat of serious physical harm" to the officers, and it was objectively reasonable for both officers to use deadly force. Stevens v. Metro. Transp. Auth. Police Dep't, 293 F. Supp. 2d 415, 420 (S.D.N.Y. 2003) (citations omitted). Indeed, courts have found deadly force to be objectively reasonable in similar or even less perilous circumstances. See Biggs

v. City of New York, No. 08 Civ. 8123 (PGG), 2010 U.S. Dist. LEXIS 121332, at *16-23 (S.D.N.Y. Nov. 16, 2010) (officer shot a person who was "pointing and waving a knife in close proximity to" a police officer); see also Estate of Jackson v. City of Rochester, 705 F. Supp. 779, 784 (W.D.N.Y. 1989) (officer shot a person who "made a motion" toward the officer with a knife); Malone v. Hinman, 847 F. 3d 949, 954-55 (8th Cir. 2017) (officer shot a person who ran towards a different officer).

Additionally, the Court should reject the R&R's recommendation that defendants Feeley and Rosiello are not entitled to qualified immunity as to plaintiff's excessive force claims against them. Again, the R&R fails to cite any Supreme Court or Second Circuit authority holding that lethal force is unlawful: (1) where plaintiff is running towards police officers while holding a firearm; or (2) where plaintiff is running towards officers who were provided with information from a fellow officer (or any eyewitness) that plaintiff was in possession of a firearm. In the absence of any such *specific* authority, defendants Feeley and Rosiello are entitled to qualified immunity. Further, it was objectively reasonable for defendants Feeley and Rosiello to believe that their actions were lawful. That is, given that plaintiff was running towards officers while holding a firearm—and that defendants were provided with information that plaintiff was in possession of a firearm—it is clear that at least *one* reasonable officer, "out of the wide range of reasonable people who enforce laws in this country, *could have* determined that the challenged action was lawful." Mushchette, 910 F. 3d at 70 (emphasis added). As such, defendants Feely and Rosiello are entitled to qualified immunity as to plaintiff's excessive force claims against them.

9

# POINT III

## PLAINTIFF'S FAILURE TO INTERVENE CLAIM AGAINST ANDERSON FAILS

The Court should reject the R&R insofar as it recommends denial of defendants' motion as to plaintiff's failure to intervene claim against defendant Anderson because: (1) there was no underlying constitutional violation; and (2) there was not a realistic opportunity for defendant Anderson to intervene in defendant Feeley or Rosiello's use of force. The R&R's recommendation on this point appears to based on defendant Feeley's testimony that the shooting lasted "[m]aybe 20 seconds, 30 not—not long" and plaintiff's assertion that Anderson "had a clear line of [sight] to Officer Feeley." (See Dkt. 114 at 24-25.) As an initial matter, defendants note that it was clearly impossible for defendant Anderson to intervene in defendant Rosiello's use of force, as Rosiello fired only a single shot. As such, the only use of force to consider on this point is defendant Feeley's three shots.

Even assuming *arguendo* that the shooting lasted 20 or 30 seconds, plaintiff has failed to cite any evidence indicating that defendant Anderson "had a clear line of [sight] to Officer Feeley" at the time defendant Feeley discharged his firearm. Indeed, the evidence to which plaintiff cites in support of his assertion that "Officer Anderson had a clear line of sight to Officer Feeley" (without specifying whether this was even at the time Feeley discharged his firearm) is pages 106 and 107 of defendant Anderson's deposition. (See Dkt. No. 104-1 at ¶ 81). However, nowhere in this portion of defendant Anderson's testimony did he say anything about his ability to see Officer Feeley. (See Dkt. No. 104-9 at 106-107). In fact, in later portions of defendant Anderson's testimony conveniently omitted by plaintiff, defendant Anderson testified that he "didn't see Feeley." (See Dkt. No. 103-5 at 109:22). In the absence of evidence indicating, at a minimum, defendant Anderson's ability to intervene in defendant Feeley's use of force, plaintiff cannot

establish a failure to intervene claim against defendant Anderson. Accordingly, the Court should reject the R&R insofar as it recommends that summary judgment be denied as to plaintiff's failure to intervene claim against defendant Anderson.

Additionally, defendants note that there is no clearly established law—*i.e.*, decisions by the Supreme Court or Second Circuit—holding that a plaintiff can maintain a failure to intervene claim under the specific circumstances facing defendant Anderson. Accordingly, at a minimum, defendant Anderson is entitled to qualified immunity.

## POINT IV

## PLAINTIFF'S STATE LAW CLAIMS FAIL

### A. Plaintiff's Assault and Battery Claim Fails as a Matter of Law

The same standard is used to evaluate claims of assault and battery under New York law and of excessive force under the Fourth Amendment. Posr v. Doherty, 944 F.2d 91, 94-95 (2d Cir. 1991). Under federal or state law, a plaintiff must show that "the amount of force used was objectively unreasonable" based upon a consideration of "the perspective of the officer at the time of the arrest." Anthony v. City of New York, No. 00 Civ. 4688 (DLC), 2001 U.S. Dist. LEXIS 8923, at *42-43 (S.D.N.Y. July 2, 2001) (citations and quotations omitted). Here, because the R&R should be rejected as to plaintiff's excessive force claims against defendants Feeley and Rosiello, as explained above, it should also be rejected as to plaintiff's state-law assault and battery claim. Accordingly, the Court should reject the R&R and grant summary judgment in favor of defendants Feeley and Rosiello as to plaintiff's assault and battery claim.

### B. The Court Should Not Exercise Jurisdiction Over Any Pendant State Law Claims

To the extent the SAC includes any viable state law claims, defendants respectfully submit that the Court should decline to exercise pendant jurisdiction. See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) (noting that lower court was correct in stating that "it is axiomatic that a court

11

should decline to exercise jurisdiction over state law claims when it dismisses the federal claims");
Bernstein v. Misk, 948 F. Supp. 228, 243 (E.D.N.Y. 1997).

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court reject the R&R insofar as it recommends denial of defendants' motion for summary judgment, and grant defendants' motion for summary judgment in its entirety together with such costs, fees and other further relief as the Court deems just and proper.

Dated: New York, New York
September 14, 2022

>
> HON. SYLVIA O. HINDS-RADIX
> Corporation Counsel of the City of New York
> *Attorney for City of New York, Anderson, Diab, Feeley, Minucci, Mitchell, Rosiello*
> 100 Church Street
> New York, New York 10007
> (212) 356-2322
>
> By: /s/ *Zachary Kalmbach*
> Zachary Kalmbach
> *Assistant Corporation Counsel*
> Special Federal Litigation

cc: Via ECF
Aymen Aboushi, Esq.
*Attorney for Plaintiff*