UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BENBOW, :
  :
        Plaintiff, : Civil Action No: 17-CV-6457 (EK)(JRC)
  v. :
  :
FEELY, et al., :
  :
        Defendants. :
  :

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO THE HONORABLE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Aymen A. Aboushi, Esq.
The Aboushi Law Firm, PLLC
1441 Broadway, Fifth Floor
New York, NY 10018
T: (212) 391-8500
F: (212) 391-8508 (not for service)
Attorneys for Plaintiff

## Table of Contents

**Introduction** ................................................................................................................. 5

**Facts** ............................................................................................................................ 5

**Standard** ..................................................................................................................... 5

    I. The Court properly determined that Plaintiff's Excessive Force Claims may not be dismissed…………………………………………………………………………………..6

    II. The Court aptly concluded that the Defendants are not entitled to Summary Judgment regarding Plaintiff's False Arrest claims……………………………………………………9

    III. The Court properly concluded that Plaintiff's claim for failure to intervene against Defendant Anderson could not be dismissed……………………………………………13

    IV. The Court's decision that Plaintiff's State Law claims are not subject to dismissal is correct……………………………………………………………………………………14

    V. Any aspects of the Report and Recommendation to which the Defendants did not object to are waived……………………………………………………..………………..15

## Table of Authorities

### Cases

Almonte v. Suffolk County, 531 F. App'x 107 (2d Cir. 2013) ...................................................... 15

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). ................................................................. 6

Coach Leatherware Co., Inc. v. AnnTaylor, Inc., 933 F.2d 162 (2d Cir. 1991) ............................ 6

DeCastro v City of New York, 278 F Supp 3d 753 (S.D.N.Y. 2017) .......................................... 11

Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219 (2d Cir. 1994) .......................... 6

Gilliard v. City of New York, No. 10–CV–5187, 2013 WL 521529 (E.D.N.Y. Feb. 11, 2013).. 10

Jackson v. Tellado, 236 F.Supp.3d 636 (E.D.N.Y. 2017) ........................................................ 9,10

Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208 (2d Cir. 2001) .................................... 5

Mario v. P & C Food Mkts., Inc., 313 F.3d 758 (2d Cir. 2002) .................................................. 15

Maxwell v. City of New York, 380 F.3d 106 (2d Cir. 2004) ......................................................... 9

Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157 (2d Cir. 1999) ........................ 6

People v. Bowden, 87 A.D.3d 402 (N.Y. App. Div. 1st Dep't 2011). ......................................... 10

Phillips v. Long Island R.R. Co., 832 F. App'x 99 (2d Cir. 2021) .............................................. 15

Pierre-Antoine v. City of New York, No. 04 Civ. 6987 (S.D.N.Y. May 9, 2006) ....................... 14

Plumhoff v Rickard, 572 US 765 (2014) ..................................................................................... 13

Sepe v. N.Y. State Ins. Fund, 466 F. App'x 49 (2d Cir. 2012) .................................................... 15

Smith v. Campbell, 782 F.3d 93 (2d Cir. 2015) .......................................................................... 15

Tolan v. Cotton, 572 U.S. 650 (2014) ........................................................................................... 8

United States v Colon, 250 F3d 130 (2d Cir 2001). ............................................................... 11,13

United States v. Hussain, 835 F.3d 307, (2d Cir. 2016) .............................................................. 11

Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596
F.3d 84 (2d Cir. 2010)……………………………………………………………………15

## **Federal Rules**

Fed R. Civ. P. 56(a) .................................................................................................... 5

## Introduction

Not surprisingly, the Defendants are using their objection to the Magistrate Judge's well-reasoned and thorough Report and Recommendation ("R&R") to improperly reargue points properly rejected by the Court. The Defendants' objection to the R&R is unavailing as it asks the Court to credit Defendants on disputed issues of material facts and make decisions regarding credibility. Furthermore, Defendants' objections improperly apply rules of law. The Court must reject the Defendants' erroneous attempt to reargue and reject their objections to the R&R.

## Facts

Plaintiff respectfully incorporates by reference the Statement of facts from his Opposition, including but not limited to his Counter Statement of Facts and Response to Defendants' Statement of Facts, and Certifications and Exhibits submitted in Opposition to Defendants' Motion for Summary Judgment. Docket Numbers 99 and 104. Plaintiff also respectfully incorporates the argument made in opposition to the Defendants' Motion for Summary Judgment.

## Standard

Summary judgment is appropriate if the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). Material for these purposes might affect the outcome of the suit under the governing law. An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (internal citations and quotations omitted). In performing this analysis, the Court must resolve all ambiguities and draw all inferences in favor of the non-moving party.

See Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "If, in this generous light, a material issue is found to exist, summary judgment is improper." Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999). The movant has the burden of demonstrating the absence of a question of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## I. The Court properly determined that Plaintiff's Excessive Force Claims must not be dismissed.

Defendants unlawful attempt to reargue precisely rejected erroneous points of facts and law must be rejected for yet a second time by this Court. Defendants' arguments are unavailing on their face. First, Defendants argue that the Court should view a grainy, dark and inconclusive video - the contents of which the parties cannot agree to - solely in their favor. The Court properly rejected this position as (1) the grainy and dark video is at best inconclusive, (2) there are genuine disputes between the parties as to what the video actually depicts, and (3) to adopt the Defendants' self-serving claim as to what the video depicts would directly contradict the mandate of Rule 56 that requires denial of summary judgment when the facts are disputed and that the Court draw all inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986)(In the context of deciding a motion for summary judgment, the court must assess whether there are any disputed material facts and, in doing so, must resolve all ambiguities and draw all reasonable inferences against the moving party.); Coach Leatherware Co., Inc. v. AnnTaylor, Inc., 933 F.2d 162, 166–67 (2d Cir. 1991). Defendants then proceed to make several arguments based upon the erroneous premise that the Court adopt *their* version of the disputed facts. Notwithstanding the disputed facts and evidence that contradict their version of events, Defendants' erroneously take their entitlement to summary judgment on their disputed version of events to the Court. Defendants proceed to argue that these contested

facts somehow entitle them to summary judgment. Quite the contrary. The facts are clear that Plaintiff did not have a gun, did not remove any gun from his waistband, and at no time did he point any weapon at anyone. Pl. CSOF ¶¶51-53, 69-78. Furthermore, other officers also testified that they did not see Plaintiff with a gun and there was no reason to shoot him. Pl. CSOF ¶¶72-73, 114-118. Moreover, the gun recovered from the scene did not have any DNA or fingerprints on it whatsoever, despite the Defendants' allegation that Plaintiff ran in the direction of the officers while pointing a gun at them. Pl. CSOF ¶¶44-46, 50-767, 124, 137, 154, 163-164, 171-172.

      Not only does the Plaintiff, as well as the relevant evidence, dispute the Defendants' claims, which is sufficient to deny summary judgment, the forensic and medical evidence also establish that not only did the Defendants' version of events **not** happen, but that it was impossible for events to have happened as Defendants claim. The record reveals that the Defendants shot Plaintiff in his back as he ran away from them and that he was unarmed. Pl. CSOF ¶¶42-48, 136-139, 155-158, 162-166, 170-175. Indeed, Plaintiff testified to these facts. Pl. CSOF ¶¶42-48. Plaintiff's statement of events is buttressed by uncontested expert, physical, and medical evidence. Pl. CSOF ¶¶124-139, 153-176. As to expert evidence, the uncontested shooting reconstruction experts at Highland Forensics thoroughly analyzed the scene of the shooting and reconstructed the shooting. Pl. CSOF ¶¶153-159. According to these highly qualified Experts, Defendants were standing behind Plaintiff as they shot him. Pl. CSOF ¶¶154-158. While Defendants have sought to manufacture various excuses as to why they shot the Plaintiff, none of them make any sense. The testimony of the Plaintiff and the Expert shooting reconstruction expose that these claims are simply not true, if not implausible. Pl. CSOF ¶¶42-48, 136-139, 155-158, 162-166, 170-175. The Shooting Reconstruction Experts and the Medical

evidence plainly reveal that Plaintiff was shot in the back as he ran away from the Defendants and that Plaintiff did not, and could not, have posed any threat to the Defendants that would justify the shooting. There is no way Plaintiff was facing the Defendants and thus purportedly pointing a gun at them when he was shot. Pl. CSOF ¶¶42-48, 51-53, 69-71, 136-139, 155-158, 162-166, 170-175. Indeed, Plaintiff was shot in the back by Defendants Rosiello and Feeley numerous times. Pl. CSOF ¶¶42-48, 136-139, 155-158, 162-166, 170-175. Unless the bullets used by the Defendants are magic bullets that make u-turns, the officers were behind Plaintiff when they shot him in his back.

Second, from the same defective and contested premise, Defendants argue that they are somehow entitled to qualified immunity. As this Court has previously held, the disputed issues of facts and open determinations regarding credibility that pervade this matter preclude the grant of qualified immunity. Tolan v. Cotton, 572 U.S. 650, 656 (2014) (the Court may not resolve genuine disputes of fact in favor of the party seeking summary judgment.) The Court's conclusion denying summary judgment and denying qualified immunity should not come as a shock. The legal standards applied by the Court in denying summary judgment are well established. With regard to qualified immunity, Defendants first argue that they are entitled to qualified immunity because they claim Plaintiff was running towards police officers while holding a firearm. Not only is this claim disputed, it has been debunked. Defendants also claim that they were entitled to shoot Plaintiff because someone claimed that he had a firearm. Again, not only is this claim disputed, but it has been debunked and there is no admissible evidence regarding what any of the shooters were allegedly told. Further, as the Court aptly observed, allegedly possessing a gun on your person is different from brandishing it, pointing it at officers, and posing a threat to officers. R&R at 20-21.

Defendants also argue the untenable position that anytime an officer is told someone has a firearm, that officer may shoot an individual. Not only is this argument nonsensical and would have disastrous effects upon our society if adopted, but it also contradicts the well-established Constitutional principles that require that the use of force be reasonable and in proportion to the threat faced by the officer employing it. Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004)(Police officers' application of force is excessive under the Fourth Amendment if it is objectively unreasonable in light of the facts and circumstances confronting them); Jackson v. Tellado, 236 F.Supp.3d 636, 665, n.27 (E.D.N.Y. 2017) (stating that use of force "is only reasonable when it is proportional to the threat posed"); Jackson v Tellado, 295 F Supp 3d 164, 179 (E.D.N.Y. 2018). There is nothing in the law, as the Defendants posit, that permit an officer to simply shoot someone they believe is armed based allegedly upon stale information from a third party that they did not speak to.

In sum, the Court properly held that the disputed issues of material fact preclude the grant of summary judgment and qualified immunity. Piper v City of Elmira, 12 F Supp 3d 577, 588 (W.D.N.Y. 2014)("Given the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable.") (Citations and quotations omitted). The Court correctly recommended that Defendants' motion for Summary Judgment be denied.

## II. The Court aptly concluded that the Defendants are not entitled to Summary Judgment regarding Plaintiff's False Arrest claims.

As referenced by the R&R, the Second Department Appellate Division has already held that the Defendants did not have reasonable suspicion or probable cause to stop Plaintiff. Aboushi Cert. Ex. 17-18. Tellingly, the Defendants do not address this insurmountable obstacle,

much less successfully argue against it. The Court thereafter undertook to analyze whether probable cause manifested after the initial encounter with Plaintiff and correctly, and unsurprisingly given a simple application of the law, concluded that genuine disputes of material fact precluded (1) finding that probable cause existed, (2) that Defendants are entitled to qualified immunity, and (3) that they are entitled to summary judgment. See generally Pl. Opp Deft. MSJ. Given these bedrock principles that Defendants cannot overcome, Defendants resort to regurgitating their rejected arguments. None of them are availing. First, the grainy and dark video does not show what Defendants want it to, and Plaintiff disputes its contents. As such, it is an insufficient basis to establish probable cause.

Second, the Appellate Division's holding and the Certificate of Disposition make clear that Plaintiff was returned to the position he was in before Defendants unlawfully accosted him and then shot him in his back. That includes rendering any statements made in the proceedings a nullity. For this Court to hold otherwise at the suggestion of the Defendants would be an improper collateral attack on the Second Department's Decision and Order, as well as violate the Penal Law and the very terms of the Certificate of Disposition. Defendants have provided **NO** authority permitting any of the foregoing. They mean for this Court to permit them to collaterally attack an Appellate ruling and disregard the Penal Law and the Certificate of Disposition simply because Defendants would like the Court to do so. However, this Court should squarely reject these baseless assertions as it previously did.

Third, the Defendants also ignore the authority in this District that firmly establishes that "individuals of whom the police have no reasonable suspicion of criminal activity have the right not to answer an officer's question, or even to run from the police, without those acts creating grounds to detain that individual." Jackson v City of New York, 939 F Supp 2d 235, 247 (EDNY

2013) (citing Gilliard v. City of New York, No. 10–CV–5187, 2013 WL 521529, at *5 (E.D.N.Y. Feb. 11, 2013))(quoting People v. Bowden, 87 A.D.3d 402, 403, (N.Y. App. Div. 1st Dep't 2011)). Defendants have no answer for this mandatory authority which compels the denial of summary judgment. The Appellate Division has already established that there was no probable cause. As such, there was no reason to jump out at Plaintiff with guns drawn and chase after him on a dimly lit street. Even if he ran away from them. Defendants were required to let him get away from their unlawful encounter.

     Fourth, the "fellow officer" construct does not apply in this case. Preliminarily, Defendants failed to establish that the alleged "tip" was made by an officer as required by the collective knowledge doctrine. "A primary focus in the imputed knowledge cases is whether the **law enforcement officers** initiating the search or arrest, on whose instructions or information the actual searching or arresting officers relied, and had information that would provide reasonable suspicion or probable cause to search or arrest the suspect." United States v Colon, 250 F3d 130, 135-36 (2d Cir 2001). The Defendants failed to establish that the alleged tipster was an officer. On the contrary, the record establishes that the tipster was actually a security guard at the time of the alleged tip. Next, there is no evidence that the officers communicated with anyone before shooting the Plaintiff. Neither Defendant-Feeley nor Defendant-Rosiello claim to have spoken to the individual who allegedly provided the tip, nor did they speak with anyone with requisite knowledge. The Second Circuit has declined to extend the collective knowledge doctrine to cases where there is no evidence that an officer has communicated his suspicions with the officer conducting the search, even when the officers are working closely together at a scene. United States v. Hussain, 835 F.3d 307, 316 n.8 (2d Cir. 2016); DeCastro v City of New York, 278 F Supp 3d 753, 771 (S.D.N.Y. 2017). Here, there is no evidence that Defendants other than Diab

spoke to the alleged tipster Marshall-who at the time was a civilian security guard at a bar. Certainly, Defendants Feeley and Rosiello did not speak with him. Glaringly omitted from Defendants' motion is any claim that Defendants Feeley, Rosiello or Anderson communicated with Marshall. Indeed, movants inappropriately use the general designation of "defendants" in an effort to skirt the element that requires each to actually have spoken to the alleged tipster. None of them spoke to the alleged tipster nor were relayed any information, and thus they may not avail themselves of the collective knowledge doctrine.

Moreover, the alleged tip received by the Defendants did not provide them with probable cause.[1] The Defendants were allegedly acting upon an uncorroborated tip from a disgraced security guard[2] who was subsequently arrested for making a false report. Aboushi Cert. Ex. Pl. CSOF ¶¶23-25. None of the police officers who were involved confirmed the information received from an alleged witness as a tip. Pl. CSOF ¶27. Defendants' claim is based upon unverified, second-hand information, from an unreliable informant that had never provided any tips previously. Id. Furthermore, it defies logic that the alleged informer did not call 911 if there was a true emergency with a firearm threat at the club.

Finally, the Defendants yet again fail to address a critical point made by the Court in denying summary judgement. Even if this Court were to accept, based on Plaintiff's vacated

---

[1] The Court did a masterful job addressing this issue in rejecting Defendants' arguments. The Court held that "Foremost, facts remain in dispute with regard to the information and instruction provided to Mitchell or Sergeant Diab regarding the stop and arrest of plaintiff. Mitchell testified at his deposition that he received a call from Marshall with a description of the plaintiff while on the way to Amarachi Prime. See Mitchell Tr. (Dkt. 103-10) at 61:2-10 ("Well, I was on the phone with Marshall and he's -- and he let me know the -- there's a guy with a bag and there's a -- the other guys -- the guy with the firearm. They exited the club which was Benbow and Bradley. And that is when I started to -- once they exited is when I started to drive and pretty much follow behind them a little bit."). Little to no evidence regarding the nature of the tip provided and the contents of a "fellow officer's report indicating the existence of probable cause" to arrest plaintiff has been presented by either party in this case. Accordingly, this Court cannot find at this time that defendants were objectively reasonable in "rely[ing] on a fellow officer's report indicating the existence of probable cause" in arresting plaintiff. See Annunziata, 2008 WL 2229903, at *4." R&R at 16.

guilty plea and allocution regarding his possession of a firearm, that Plaintiff had a gun at *some* point, a disputed question of fact remains as to whether Plaintiff possessed a gun *during* the interaction, removed the weapon from his waistband, or at any time pointed the weapon at Defendants.[3] The allocution, which is a nullity as a matter of law, does not claim that Plaintiff possessed a gun during the incident, before it, or in any way related to this incident. It certainly does not say that Plaintiff brandished it or threatened anyone with it. Defendants yet again would have this Court grant summary judgment based solely upon their view of the evidence and in reliance on Defendants' self-serving statement in contradiction of Rule 56's mandate. Defendants are not entitled to summary judgment or qualified immunity based upon their self-serving recitation of facts, no matter how many times they request that the Court provide them all inferences as the movant in violation of the law itself.

The Defendants also half-quote one line in Plumhoff v Rickard in an attempt to salvage their qualified immunity argument. The Defendants leave out the important portion of the dicta that reveals that the crucial question is "whether the official acted reasonably in the particular circumstances that he or she faced." Plumhoff v Rickard, 572 US 765, 779 (2014). The disputed facts in this matter preclude such a determination on summary judgment. Further, cases in the Second Circuit have routinely held that unreliable information cannot form the basis of probable cause. They have also clearly held that only information from fellow officers may form the basis of a fellow officer defense to a lack of probable cause. United States v Colon, 250 F3d 130, 135-36 (2d Cir 2001). In light of the foregoing, the Court was correct to deny summary judgment to the Defendants.

### III. The Court properly concluded that Plaintiff's claim for failure to intervene against Defendant-Anderson could not be dismissed.

---

[3] There is no evidence that Plaintiff ever held the gun.

Defendants' arguments that the Court's analysis is wrong in regards of Defendant-Anderson's failure to intervene is misplaced. Yet again, Defendants resort to regurgitating previously rejected arguments that simply contradict the relevant standards. Defendants' primary arguments here are that there was no Constitutional violation and that Anderson did not have an opportunity to intervene. Both of these claims advanced by the Defendants in attacking the Court's recommendation fail on their face. As discussed above, there were numerous Constitutional violations. Indeed, the Defendants employed excessive force against Plaintiff. Next, as the Court held, the record identifies material issues of fact that are in dispute regarding Anderson's ability to intervene, and thus only a jury can resolve this question. The Court aptly concluded that "[a]s a result of these conflicting statements regarding the timing between the shots fired by Feeley and Rosiello, a triable issue of fact remains as to whether there existed a realistic opportunity for Defendant Anderson to intervene." R&R at 25. The Court is correct. Only a jury can weigh the conflicting testimony and evaluate whether, under the circumstances, Defendant-Anderson had an opportunity to intervene as he was required to.

Defendants cite no case law in support of the foregoing arguments. In fact, their submission on this issue contains inappropriate factual arguments whereby they try to explain away the contradictory testimony of the Defendants. The Court must reject the Defendants' arguments and affirm the recommendation to deny summary judgment.

**IV.   The Court's decision that Plaintiff's State Law claims are not subject to dismissal is correct.**

Defendants' argument regarding Plaintiff's Assault and Battery claims fails as it relies on the erroneous position that the State law claims fail because the Federal Excessive Force claim fails. As noted by the Court already, and buttressed by the above analysis, Plaintiff has aptly asserted a claim for excessive force and there is ample evidence of same. As such, the Court

must adopt the R&R on this issue. Because the Court must deny summary judgment regarding Plaintiff's Excessive force claim, it must axiomatically deny summary judgment to Defendants as to Plaintiff's Assault and Battery claims. Pierre-Antoine v. City of New York, No. 04 Civ. 6987, 2006 WL 1292076, at *8 (S.D.N.Y. May 9, 2006) ("Because there is a genuine issue of material fact as to whether [the officer] used excessive force against [plaintiff], there is likewise a genuine issue of material fact as to whether [the officer] committed assault against [Plaintiff], and the motion for summary judgment is thus denied with respect to the assault claim.")

## V. Any aspects of the Report and Recommendation to which the Defendants did not object are waived.

Defendants failed to object to all aspects of the report and Recommendation. As a matter of law, they have waived any further judicial review of any other matter they have not objected to. "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same); Almonte v. Suffolk County, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Sepe v. N.Y. State Ins. Fund, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'") (Quotations and citations omitted); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and

[r]ecommendation if the party fails to file timely objections designating the particular issue.") In light of the well-established caselaw, any additional issue that Defendants did not specifically raise or object to in its Objection to the R&R is waived.

## **Conclusion**

For the foregoing reasons, as well as the reasons stated in the R&R, Defendants' objection to the R&R must be overruled and the R&R adopted to the extent that it recommends denial of the Motion for Summary Judgment.

Dated: September 26, 2022

                                                      Respectfully submitted,
                                                    s/Aymen A. Aboushi
                                                    Aymen A. Aboushi, Esq.
                                                    The Aboushi Law Firm
                                                    Attorneys for Plaintiff