17-CV-06457 (EK) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES BENBOW,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN FEELEY, POLICE OFFICER MATTHEW ROSIELLO, POLICE OFFICER KENNETH ANDERSON, SERGEANT WILLIAM DIAB, DETECTIVE SHANIEL MITCHELL, AND POLICE OFFICER STEPHEN MINUCCI,

                              Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE JAMES R. CHO'S AUGUST 31, 2022 REPORT AND RECOMMENDATION**

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel of the City of New York*
   *Attorney for City of New York, Police Officer*
   *Kenneth Anderson, Sergeant William Diab,*
   *Police Officer Brian Feeley, Police Officer*
   *Stephen Minucci, Detective Shaniel Mitchell,*
   *and Police Officer Matthew Rosiello*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Zachary Kalmbach*
   *Tel: (212) 356-2322*

# TABLE OF CONTENTS

| | Page |
|---|---:|
| TABLE OF AUTHORITIES | II |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| STANDARD OF REVIEW | 1 |
| ARGUMENT | |
|     POINT I | |
|     THE COURT SHOULD REVIEW THE PORTIONS OF THE R&R TO WHICH PLAINTIFF OBJECTS STRICTLY FOR CLEAR ERROR | 2 |
|     POINT II | |
|     PLAINTIFF'S *MONELL* CLAIM FAILS | 2 |
|     POINT III | |
|     PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS | 5 |
|     POINT IV | |
|     PLAINTIFF'S NEGLIGENCE CLAIM FAILS | 6 |
|     POINT V | |
|     THE COURT SHOULD DISREGARD POINT IV OF PLAINTIFF'S OBJECTION | 7 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Pages**

Alvarez v. City of New York,
   No. 11 Civ. 5464 (AT), 2015 U.S. Dist. LEXIS 43403
   (S.D.N.Y. Mar 20, 2015) ..................................................................................................6

Alwan v. City of New York,
   311 F. Supp. 3d 570 (E.D.N.Y. 2018) ..........................................................................3, 4

Balz v. Kijakazi,
   No. 20 Civ. 7729 (KMK) (PED), 2022 U.S. Dist. LEXIS 59043
   (S.D.N.Y. Mar. 30, 2022) ...................................................................................................2

Coggins v. Cty. of Nassau,
   254 F. Supp. 3d 500 (E.D.N.Y. 2017) .............................................................................4

Connick v. Thompson,
   131 S. Ct. 1350, 1360 (2011) ...........................................................................................4

Fernandez v. City of New York,
   457 F. Supp. 3d 364 (S.D.N.Y. 2020) .............................................................................4

Jenkins v. City of New York,
   388 F. Supp. 3d 179 (E.D.N.Y. 2019) ............................................................................4

Leser v. United States Bank Nat'l Ass'n,
   No. 09-CV-2362 (KAM) (MDG), 2013 U.S. Dist. LEXIS 32464
   (E.D.N.Y. Mar. 7, 2013) ..................................................................................................2

Lozada v. Weilminster,
   No. 11-CV-2049 (MKB), 2015 U.S. Dist. LEXIS 35955
   (E.D.N.Y. Mar. 23, 2015) ................................................................................................6

Pettus v. City of New York,
   0-CV-01442 (CBA), 2011 U.S. Dist. LEXIS 114129
   (E.D.N.Y. Aug. 23, 2011) ................................................................................................5

Soley v. Wasserman,
   823 F. Supp. 2d 221 (S.D.N.Y. 2011) ..............................................................................1

Sulkowska v. City of New York,
   129 F. Supp. 2d 274 (S.D.N.Y. 2001) ..............................................................................6

Underwood v. City of New York,
   No. 14-CV-7531 (RRM) (PK), 2018 U.S. Dist. LEXIS 54776
   (E.D.N.Y. Mar. 28, 2018) ................................................................................................4

**Cases**                                                                                                                                                          **Pages**

Wilson v. McMullen,
   No. 07-CV-948 (SLT) (LB), 2010 U.S. Dist. LEXIS 32335
   (E.D.N.Y. Mar. 30, 2010) ........................................................................................................6

**Statutes**

28 U.S.C. § 636(b)(1) ....................................................................................................................1

Fed. R. Civ. P. 72(b) ......................................................................................................................1

Local Civil Rule 56.1 .....................................................................................................................1

# PRELIMINARY STATEMENT

On August 31, 2022, Magistrate Judge James R. Cho issued a Report & Recommendation (the "R&R") recommending, *inter alia*, that summary judgment be granted in favor of defendants on plaintiffs <u>Monell</u>, malicious prosecution, and negligence claims. The Court should accept the R&R on these points because: (1) plaintiff's <u>Monell</u> claim is wholly deficient; (2) plaintiff has failed to establish the malice element of his malicious prosecution claim; and (3) plaintiff cannot simultaneously assert both intentional and negligent conduct.

# STATEMENT OF FACTS

For a complete statement of facts, the Court is respectfully referred to Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("Defs' 56.1") dated August 11, 2021.

# STANDARD OF REVIEW

In evaluating a Magistrate Judge's recommended disposition with respect to a pretrial matter that is dispositive of a claim or defense of a party, a district court shall, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. 636(b)(1), review the recommendation *de novo*. "However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the [c]ourt reviews the Report and Recommendation only for clear error." <u>Soley v. Wasserman</u>, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

# ARGUMENT

## POINT I

### THE COURT SHOULD REVIEW THE PORTIONS OF THE R&R TO WHICH PLAINTIFF OBJECTS STRICTLY FOR CLEAR ERROR

Plaintiff's objection to the R&R consists almost entirely—often nearly word-for-word—of the same arguments he made in opposition to defendants' motion for summary judgment. (Compare Dkt. No. 104 with Dkt. No. 117). As such, the Court should decline to review the portions of the R&R to which plaintiff objects *de novo*, and instead review them for clear error. See Balz v. Kijakazi, No. 20 Civ. 7729 (KMK) (PED), 2022 U.S. Dist. LEXIS 59043, at *3 (S.D.N.Y. Mar. 30, 2022) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review.") (quotations omitted); see also Leser v. United States Bank Nat'l Ass'n, No. 09-CV-2362 (KAM) (MDG), 2013 U.S. Dist. LEXIS 32464, at *7 (Mar. 7, 2013) ("In this case, neither of plaintiff's two objections to the Report and Recommendation warrant *de novo* review because they simply reiterate[] the original arguments plaintiff made before Magistrate Judge Go.") (quotations omitted).

## POINT II

### PLAINTIFF'S *MONELL* CLAIM FAILS

The R&R recommended that defendants' motion for summary judgment as to plaintiff's Monell claim be granted because plaintiff: (1) failed to present evidence of a municipal custom or policy; (2) failed to establish a pattern of constitutional violations by the defendant officers or any evidence of the City's response to prior incidents of misconduct; and (3) failed to adduce any evidence of inadequate training. (See Dkt. No. 114 at 9-12). In objecting to the R&R on this point,

plaintiff argues that: (1) defendants Feeley and Rosiello should have been on performance monitoring based on their disciplinary record; and (2) the City's alleged inadequate recordkeeping as to lawsuits against police officers caused plaintiff's alleged constitutional violations. (See Dkt. No. 117 at 6-12).

In keeping with plaintiff's opposition to defendants' motion for summary judgment, plaintiff continues to mischaracterize the defendant officers' discipline and lawsuit histories. For example, despite plaintiff's assertion otherwise (and that of his purported "expert"), there is no evidence that either Feeley or Rosiello should have been on performance monitoring. That is, as defendants noted in their reply memorandum of law, Feeley's Civilian Complaint Review Board ("CCRB") history indicates that there were five complaints against him in the more than five years preceding the incident, which, according to the documents annexed to plaintiff's opposition to defendants' motion for summary judgment, would not have qualified him for monitoring. (See Dkt. No. 105-2 at ¶ 100). Moreover, Feeley's Internal Affairs Bureau ("IAB") history lists only one force complaint prior to the incident. (See id.) Further, while plaintiff asserts that defendant Rosiello has had more than ten CCRB complaints lodged against him, plaintiff fails to clarify that there were only three complaints made prior to the incident, which would not qualify Rosiello for performance monitoring. (See id. at ¶ 96). And, again, plaintiff claims that Rosiello "had 6 complaints of unnecessary force lodged against him in 2013"—which, as defendants have previously explained, is unsupported by the record. (See Dkt. No. 105 at 11-12).

So, there is no evidence that either Feeley or Rosiello should have been on force monitoring at the time of the incident. And, defendants note that there is no evidence that either officer had even a single *substantiated* force claim against them at the time of the incident. See Alwan v. City of New York, 311 F. Supp. 3d 570, 584 (E.D.N.Y. 2018) (unsubstantiated complaints and settled

3

lawsuits "do not provide a valid basis for concluding that the City was deliberately indifferent"). Moreover, despite plaintiff's misleading assertions, the record is clear that Feeley had never been named as a defendant in a lawsuit at the time of the incident, and Rosiello had only been named as a defendant twice.[1] (See Dkt. No. 105-2 at ¶¶ 87, 102). Plaintiff has failed to cite a single case in which a comparable record was sufficient to establish a Monell claim. Rather, the law is clear that "officers' history of disciplinary infractions, without more, is insufficient to withstand summary judgment." See Underwood v. City of New York, No. 14-CV-7531 (RRM) (PK), 2018 U.S. Dist. LEXIS 54776, at *10-13 (E.D.N.Y. Mar. 28, 2018); see also Alwan, 311 F. Supp. 3d at 584 (even where the number of complaints created a triable issue of whether the City was aware of a risk that an officer would use excessive force, plaintiff could not establish a Monell claim without evidence that the City's response was "so patently inadequate to the task as to amount to deliberate indifference"). Plaintiff has adduced no evidence that the City failed to investigate the complaints against Feeley or Rosiello, let alone that such investigations were somehow inadequate. As such, plaintiff cannot satisfy the "stringent standard of fault" required for Monell claims premised on deliberate indifference. Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011).[2]

Plaintiff's argument regarding the City's alleged inadequate recordkeeping as to lawsuits against police officers is likewise unavailing. Indeed, plaintiff has failed to cite any authority

---

[1] Likewise, plaintiff asserts that defendant Minucci "has approximately ten lawsuits against him," but fails to clarify that only half of those lawsuits were filed before the incident. (See Dkt. No. 105-2 at ¶ 106). Frankly, misleading assertions such as these permeate plaintiff's motion papers, and defendants respectfully urge the Court to carefully scrutinize plaintiff's factual citations.

[2] As defendants noted in their reply memorandum, the cases cited by plaintiff on this point are inapposite. In Jenkins v. City of New York, there were "30 complaints filed against [the defendant officer], many alleging conduct strikingly similar to the claims alleged yet again in this litigation[.]" 388 F. Supp. 3d 179, 188 (E.D.N.Y. 2019). See Fernandez v. City of New York, 457 F. Supp. 3d 364, 396 (S.D.N.Y. 2020) (distinguishing Jenkins). In Coggins v. Cty. Of Nassau, there were "numerous civilian complaints . . . several of which alleged" conduct very similar to the allegations there. 254 F. Supp. 3d 500 (E.D.N.Y. 2017). Here, there are far fewer prior complaints, and there is no evidence that any of them are even remotely similar to plaintiff's allegations.

holding that failure to adequately track lawsuits is sufficient to establish a Monell claim. Moreover, plaintiff has failed to proffer any evidence pertaining to City policies pertaining to recordkeeping, and there is no evidence that any such policies are deficient—let alone that such policies *caused* the harms alleged here. As such, plaintiff cannot establish a Monell claim.

## POINT III

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS

The R&R recommended that defendants' motion for summary judgment as to plaintiff's malicious prosecution claim be granted because plaintiff failed to adduce evidence of actual malice. (See Dkt. No. 114 at 26-27). As an initial matter, defendants maintain that there was probable cause to prosecute plaintiff and, therefore, plaintiff cannot prove a lack of probable cause, which bars plaintiff's malicious prosecution claim. That notwithstanding, plaintiff's malicious prosecution claim also fails because plaintiff has failed to establish the element of malice.

As Magistrate Judge Cho observed, plaintiff "presents no evidence to support malicious intent or distortion of evidence related to the criminal prosecution on a charge of illegal possession of a firearm." (Id.) In the absence of any such evidence, plaintiff's malicious prosecution claim cannot stand. See e.g., Pettus v. City of New York, 10-CV-01442 (CBA), 2011 U.S. Dist. LEXIS 114129 at * 31 (E.D.N.Y. Aug. 23, 2011), R & R adopted, 2011 U.S. Dist. LEXIS 107561 (Sep. 23, 2011) (dismissing malicious prosecution claim on summary judgment, because "Pettus has made a conclusory assertion that the Police Defendant acted in bad faith . . . but he makes no attempt to adduce or identify any evidence supporting that assertion."). Accordingly, plaintiff's malicious prosecution claim should be dismissed.

In plaintiff's objection to the R&R, he argues that, because Magistrate Judge Cho determined that there was an issue of fact as to probable cause, he was *required* to infer malice.

(See Dkt. No.117 at 12-13).  That is simply not the law.  See Sulkowska v. City of New York, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001) ("[W]hile the absence of probable cause may bear on the malice issue, the two remain independent elements of a malicious prosecution action."); see also Wilson v. McMullen, No. 07-CV-948 (SLT) (LB), 2010 U.S. Dist. LEXIS 32335, at *18 (E.D.N.Y. Mar. 30, 2010) ("Only where probable cause to initiate a proceeding is . . . totally lacking may malice reasonably be inferred.") (quotation and citation omitted).  Here, as Magistrate Judge Cho observed, a criminal court judge made an independent determination not to suppress the firearm that was recovered next to plaintiff.  As such, it simply cannot be said that probable cause to initiate plaintiff's prosecution was "totally lacking."  Accordingly, plaintiff cannot establish the element of malice, and thus his malicious prosecution claim should be dismissed.

## POINT IV

## PLAINTIFF'S NEGLIGENCE CLAIM FAILS

Magistrate Judge Cho recommended that summary judgment be granted in favor of defendants on plaintiff's state-law negligence claim because, "[w]hen a plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie."  (See Dkt. No. 114 at 29) (quoting Alvarez v. City of New York, No. 11 Civ. 5464 (AT), 2015 U.S. Dist. LEXIS 43403, at *29 (S.D.N.Y. Mar 20, 2015)).  Plaintiff argues that he should be allowed to proceed on alternative theories of liability.  However, "while plaintiff is generally permitted to plead different causes of action in the alternative . . . when a plaintiff's factual allegations are only consistent with a theory of intentional or perhaps reckless conduct, negligence claims must be dismissed."  Lozada v. Weilminster, No. 11-CV-2049 (MKB), 2015 U.S. Dist. LEXIS 35955, at *74 (E.D.N.Y. Mar. 23, 2015).  Accordingly, plaintiff's negligence claim should be dismissed.

## POINT V

### THE COURT SHOULD DISREGARD POINT IV OF PLAINTIFF'S OBJECTION

Plaintiff asserts that "[t]he Court must disregard the materials and arguments submitted by the Defendants in their reply." (See Dkt. No. 117 at 14). It is unclear what this has to do with Magistrate Judge Cho's R&R, but, in any event, plaintiff's arguments lack merit. Defendants note that plaintiff appears to have copy-and-pasted point IV of his objection directly from a letter he filed on July 24, 2022. (See Dkt. 110). As defendants already responded to that letter, they respectfully refer the Court to their letter dated July 27, 2022. (See Dkt. No. 112).

### CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court accept the R&R insofar as it recommends summary judgment in favor of defendants, and grant defendants' motion for summary judgment in its entirety together with such costs, fees and other further relief as the Court deems just and proper.

Dated:      New York, New York
               September 28, 2022

                                      HON. SYLVIA O. HINDS-RADIX
                                      Corporation Counsel of the City of New York
                                      *Attorney for City of New York, Anderson, Diab,*
                                      *Feeley, Minucci, Mitchell, Rosiello*
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-2322

                                  By:   /s/ *Zachary Kalmbach*
                                          Zachary Kalmbach
                                          *Assistant Corporation Counsel*
                                          Special Federal Litigation

cc: <u>Via ECF</u>
Aymen Aboushi, Esq.
*Attorney for Plaintiff*