```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------
```

JAMES BENBOW,

                Plaintiff,

                -against-

POLICE OFFICER BRIAN FEELEY; POLICE
OFFICER MATTHEW ROSIELLO,

                Defendants.

**MEMORANDUM & ORDER**
17-CV-6457(EK)(JRC)

```
-------------------------------------
```

ERIC KOMITEE, United States District Judge:

    Trial is scheduled to begin shortly in this case. Plaintiff Benbow and individual defendants have submitted various motions *in limine*. *See* ECF Nos. 140-41 and 150-51. The Court issued a previous ruling on certain motions, *see* ECF No. 175, and now resolves several additional motions in advance of opening statements as follows. Judgment is reserved on any motion not expressly addressed herein or in our previous order.

    ***Motion to Preclude Plaintiff from Calling Witnesses Not Properly Disclosed in Discovery (Defendants).*** Defendants seek to preclude plaintiff from calling Sgt. Winston, Det. Lamoglia, Det. Bustamente, and Det. Testa because he did not properly disclose those witnesses during discovery. ECF No. 150-1, at 16. In opposition, Plaintiff argues that he disclosed

his intention to call witnesses in *this category* — namely, "[m]embers of The City of New York / NYPD who investigated any claims related to the parties." ECF No. 155, at 15. This is insufficient. Fed. R. Civ. P. 26(a)(1)(A)(i); *see, e.g.*, *Fleming v. Verizon New York, Inc.*, No. 03-cv-5639, 2006 WL 2709766, at *8 (S.D.N.Y. Sept. 22, 2006) (the "failure to disclose the names of four witnesses . . . represent[ed] a complete disregard for the rules").[1] Plaintiff will be permitted to call these witnesses only if he demonstrates that he disclosed their *names* as required, or that he *previously* made the necessary showing to excuse this requirement. *See* Fed. R. Civ. P. 37(c)(1).

***Motion to Preclude Plaintiff from Introducing Evidence of Investigations into the Shooting, Except for Prior Statements Properly Used for Impeachment (Defendants).*** Defendants seek to preclude a large quantum of investigative documents that plaintiff identified as potential exhibits. These purportedly include, for example, reports of the Civilian Complaint Review Board and NYPD Use of Force Review Board. But the parties provide no information regarding the findings of those investigations, nor do they point the Court toward the relevant reports. *See* ECF No. 150-1, at 19-20; 155. It is therefore

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

difficult to assess the admissibility of the reports at this juncture.

Nonetheless, Defendants are generally correct that any conclusions reached by investigative bodies would constitute hearsay. *See* ECF No. 150-1, at 19-20. They are also likely to be inadmissible under Federal Rules of Evidence 401 and 403 because they would supplant the jury's role. The jury is the finder of fact in this case, so an investigator's findings are generally irrelevant. And the introduction of these records would risk the suggestion that jurors should defer to an investigator's findings of fact, causing needless confusion. Accordingly, absent a further ruling, this evidence will be excluded.

This ruling should not be read to limit plaintiff's ability to introduce statements defendants Feeley and Rosiello themselves made to investigators as party admissions under Federal Rule of Evidence 801(d)(2). He may do so. To the extent there are other, specific statements plaintiff would like the Court to consider admitting, plaintiff should identify those statements and the specific basis for admitting them (citing authority) by 8:00 p.m. on October 26.

***Motion to Preclude Plaintiff from Mentioning the City of New York, Referring to Defense Counsel as City Attorneys, or Suggesting the City May Indemnify Defendants (Defendants).*** The

motion is granted. Any reference to potential indemnification or to defense counsel as city attorneys is excluded as both irrelevant and prejudicial. *See* Fed. R. Evid. 401 & 403. "Indemnification is not relevant to any issue before the jury," *Edwards v. City of New York*, 8-cv-2199, 2011 WL 2748665, at *5 (E.D.N.Y. July 13, 2011), and the suggestion that defendants will be indemnified "may prejudice the jury's assessment of liability or damages," *Est. of Jaquez v. Flores*, 10-cv-2881, 2016 WL 1060841, at *2 (S.D.N.Y. Mar. 17, 2016). Since the City of New York is no longer a defendant in this action, any reference to defense counsel as city attorneys can only serve to prejudice the jury by suggesting defendants may be indemnified.

***Motion to Preclude Officers' Disciplinary History, Prior Lawsuits, and Personnel Files (Defendants).*** Defendants generically object to any inquiry into "disciplinary histories and / or civil rights actions which have been filed against defendants, or any non-party police officers." ECF No. 150-1, at 22. They do not tell the Court what this history consists of. Plaintiff opposes the motion, but in equally generic fashion, pointing to no specific lawsuit, disciplinary action, or incident he wishes to introduce. ECF No. 155, at 23-25.

The motion is granted in part and denied in part. To the extent plaintiff wishes to introduce this evidence against a testifying, non-defendant officer to impeach his or her

4

"character for truthfulness or untruthfulness," it will be permitted to the extent the evidence comports with Rule 608(b) (or, to the extent relevant, Rule 609).

To the extent plaintiff wishes to introduce this evidence against the defendant officers *affirmatively* — that is, other than for impeachment purposes — he must demonstrate that he is offering it for some permissible purpose, and not simply to demonstrate propensity. *See* Fed. R. Evid. 404(b). Because plaintiff has not identified which specific incidents he would like to introduce or the basis for which they would be admitted under Rule 404(b), the Court reserves judgment on this question. Pending further ruling, no party should discuss evidence in this category during opening statements. To the extent there are specific incidents plaintiff would like the Court to consider admitting, plaintiff should identify those incidents and the specific basis for admitting them (citing authority) by 8:00 p.m. on October 26.

***Motion to Preclude Allegations of Misconduct Against Other Police Officers and Events in the News (Defendants).*** Based on the parties' briefing, the Court does not expect plaintiff to offer evidence of misconduct against other police officers (not present at trial in any capacity) or other events in the news, or to include any references to such evidence in

5

argument.  No such evidence or argument should be offered or made without a further ruling from the Court.

***Motion to Admit Relevant Portions of Plaintiff's Criminal History (Defendants).***  The Court reserves judgment on this motion.  Defendants move to admit portions of plaintiff's criminal history under Federal Rule of Evidence 609, which allows impeachment by evidence of certain criminal convictions.  *See* ECF No. 150-1, at 29-30.  Given the lack of certainty regarding whether plaintiff will testify, the Court does not expect either party to mention this evidence in its opening statement.

***Motion to Admit the Fact That Plaintiff Was on Parole on the Date of the Shooting (Defendants).***  The Court currently sees no basis for admitting this.  The parties will not be permitted to mention that plaintiff was on parole at the time of the shooting during opening statements or trial, absent a further ruling.

***Motion to Admit Evidence That Plaintiff Has Previously Used an Alias (Defendants).***  Because plaintiff's prior use of an alias would only be admissible for purposes of impeachment, the Court reserves judgment on this motion.  Given the current lack of certainty regarding whether plaintiff will testify, the Court does not expect either party to mention this evidence in its opening statement.

6

***Motion to Exclude Plaintiff's Proposed Exhibit 3***

***(Defendants).*** Defendants' motion to exclude plaintiff's Exhibit 3 is denied. Subject to plaintiff satisfying applicable foundational requirements, records from the Office of the Chief Medical Examiner will generally be admitted as records of a regularly conducted activity. *See* Fed. R. Evid. 803(6). Defendants will, however, be permitted to levy more specific hearsay and prejudice objections. Additionally, to the extent Exhibit 3 consists of multiple records compiled as a single exhibit, <u>those documents must be disaggregated</u> and marked individually. *See* Rule IV.D.1 of this Court's Individual Rules and Practices.

Defendants also express concern that plaintiff's counsel will opine that "plaintiff's DNA was definitively not found on the gun alleged to have been in his possession" during their opening statement. ECF No. 179. Defendants advise that the NYPD performed no testing on any DNA recovered from the firearm at issue. Given that understanding, the objected-to opinion would lack a basis in fact. To the extent counsel might seek to argue for any inference from the fact that the DNA was left untested, the potential for improper prejudice appears to be substantial (and the relevance minimal). The defendants themselves had no apparent role in the decision to test the DNA or not, and any decision by the NYPD might have been affected by

the plaintiff's decision to plead guilty.  No party should reference this issue, pending further ruling.

***Motion to Preclude Defendants from Referencing Any Prior Bad Acts by Plaintiff, including Incarceration, Convictions, the Underlying Criminal Matter, and Any Arrests (Plaintiff).***  The Court has already ruled on the parties' ability to discuss the underlying criminal matter.  *See* ECF No. 175, at 2-3.  The parties have not indicated what other, unrelated acts are at issue.  Absent such specifics, the Court presumes that any such evidence would be admissible only for purposes of impeachment, and thus reserves judgment at this time.

***Motion to Preclude Jason Marshall from Testifying and to Preclude Reference to Any Events, Including Events at Amarachi Prime, That Preceded Plaintiff's Interaction with Defendants (Plaintiff).***  Defendants have indicated that they do not intend to call Marshall at trial, ECF No. 154, at 8, so that question is moot.  The rest of the motion is granted in part and denied in part.  "Where officers attempting to make an arrest used deadly force, the objective reasonableness inquiry . . . depends only upon the officer[s'] knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force."  *O'Bert ex rel. Est. of O'Bert v. Vargo*, 331 F.3d 29, 36-37 (2d Cir. 2003).  To the

8

extent that certain events at Amarachi Prime were *conveyed* to officers Feeley and Rosiello, those statements are likely to be admissible because they are relevant to defendants' state of mind and are thus offered for a non-hearsay purpose. *See* Fed. R. Evid. 801(c)(2). Events at Amarachi Prime that were never conveyed to defendants are presumably irrelevant and will therefore not be admitted, absent a further ruling.

*Motion to Preclude the Surveillance Video (Plaintiff).* Plaintiff's motion to preclude the surveillance video taken shortly before the shooting is denied. The video will be admitted, *subject to* Defendants satisfying applicable foundational requirements. Plaintiff cites the Court's summary judgment motion as having concluded the video was "inconclusive," ECF No. 151-1, at 9, but that conclusion simply formed the basis for the Court's determination that "genuine questions for the jury" persisted. ECF No. 122, at 25. Nor does the fact that the footage slightly predates the shooting render it categorically irrelevant.

*Motion to Preclude Plaintiff's Rap Sheet, Facebook Posts, and Recordings from Jail (Plaintiff).* Because Plaintiff's "rap sheet" would only be admissible for purposes of impeachment, the Court reserves judgment on its admissibility at this time. Defendants likewise state that plaintiff's Facebook posts will only be used for impeachment purposes. *See* ECF No.

9

190. Given the lack of certainty regarding whether plaintiff will testify, the Court does not expect either party to mention this evidence in its opening statement. As defendants have withdrawn their request to use any recordings from jail, *see id.*, that portion of the motion is moot.

***Motion to Preclude All Records Related to the Underlying Arrest and Prosecution (Plaintiff).*** The Court already ruled on this issue. *See* ECF No. 175, at 2-3.

***Motion to Preclude Any Documents or Materials Not Produced or Disclosed by Defendants in Discovery (Plaintiff).*** The Court cannot rule on so vague a motion. If there are specific documents or materials plaintiff would like the Court to consider excluding on this basis, he should identify them by 8:00 p.m. on October 26.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   October 26, 2025
         Brooklyn, New York