# THE ABOUSHI LAW FIRM

1441 Broadway, 5th Floor, New York, NY 10018
235 Lakeview Avenue, Clifton, NJ 07011

| Tel: 212.391.8500 | Fax: 212.391.8508 | www.Aboushi.com |
|---|---|---|

---

November 5, 2025

**By: ECF**
Honorable Eric R. Komitee, U.S.D.J.
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

                        Re: James Benbow v. Feeley, et al.,
                             17-cv-06457 (ERK)(JRC)

Dear Hon. Judge Komitee,

      I write in regards to the Court's proposed instructions on damages and the proposed verdict form.

## I.   Objections to Proposed Jury Instructions- Damages

1. The Court must strike "if you decide to award them" appearing on page 5 lines 3-4 and any language that indicates that awarding damages is optional should be stricken because damages are mandatory.

2. The Court Must Charge Punitive Damages to The Jury

      Respectfully, the Court must charge the jury as to punitive damages. The jury has returned a verdict in favor of Plaintiff on liability and in response to special interrogatories, the jury found that neither defendant had reasonably believed, even if mistaken, that Plaintiff had a gun or that he ran in any persons' direction.

      "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S. Ct. 1625, 1640 (1983). A punitive damages instruction is appropriate when the plaintiffs have produced evidence that "the defendant's conduct….involves reckless or callous indifference to the federally protected rights of others," or, in other words, when the plaintiffs have produced evidence of "a positive element of conscious wrongdoing" or "malice." *New Windsor Volunteer Ambulance Corps., Inc. v. Meyers*, 442 F.3d 101, 121–22 (2d Cir.2006) (internal quotation marks omitted). The Plaintiffs' evidence need only be enough "to permit the factfinder to infer that the responsible official was motivated by malice or evil intent or that he acted with reckless or callous indifference." Id. at 122 (emphasis added).

      Here, Plaintiff has produced evidence that Defendant's conduct involved reckless or callous indifference to his federally protected rights. What the jury's verdicts mean is that Defendants shot

an unarmed person in his back. The evidence was unequivocal that Plaintiff was shot in his back and that he suffered no bullet wounds to the front part of his body, meaning he could not have been facing either Defendant at the time they shot him. If the jury has already found that the force used was excessive and the officers could not have reasonably believed that plaintiff had a gun, then using deadly force against him is certainly evidence of reckless or callous indifference to plaintiff's right to be free from excessive force.

In *Shuford v Cardoza*, 2025 US Dist LEXIS 160858, at *10-11 [EDNY Aug. 19, 2025, No. 17-CV-6349(EK)(JRC)]), plaintiff brought excessive force claims against correction officers and the jury returned a verdict in his favor. In adopting the magistrate judge's Report and Recommendation, Your Honor held that "the verdict itself shows that [the] injury resulted from intentional wrongdoing or recklessness by the defendants." *Id*. This warrants a charge to the jury on punitive damages.

3. It is improper for the Court to instruct on the jury on nominal damages. Nominal damages are completely inappropriate given the undisputed fact that the plaintiff suffered significant physical injuries as a result of the Defendants' unreasonable use of force as determined by the jury. *See Atkins v. City of New York*, 143 F.3d 100, 103-04 (2d Cir. 1998).

4. An instruction on attorney fees is unnecessary.

5. Regarding Defendants' position on the allocation instruction, the instruction proposed by defendants is improper because there is no "someone else" who caused the Plaintiff's injuries. The jury has already decided that Defendants Feeley and Rosiello used excessive force against Plaintiff. Defendants have not claimed, nor do they now, that anyone else contributed to Plaintiff's injuries. In addition, the Court's proposed instruction addresses the other concerns raised in the proposed language.

## II. Plaintiff Objects to the Verdict Form and Proposes the Questions Below.

The question "Has James Benbow proven that he is entitled to compensatory damages from excessive force, a battery and and/or an assault" is improper. The jury has already found Defendants' liable for excessive force, assault and battery and thus Plaintiff is entitled to compensatory damages. The Plaintiff proposes the following questions for the verdict form:

Compensatory Damages

1. Please state the total amount of compensatory damages the plaintiff is entitled to recover[1]

---

[1] This format avoids confusion and aligns with the Court's instruction that "You should not award compensatory damage smore than once for the same injury. In this case, you have found Defendants liable on three claims: a federal Section 1983 claim and state law claims for battery and assault. In calculating damages, you must rememeber that Mr. Benbow is entitled to be compensated only once for the injuries he actually suffered." It also obviates any basis for allocating damages. Draft Damages Instructions at 6. *See Pfail v. County of Nassau et al.*, Dkt. No. 152 [EDNY May 29, 2025, No. 16-cv-00518 (NRM)(CLP)]

Punitive Damages

2(a) Do you choose to award punitive damages against Defendant Brian Feeley?

_____          _____
    Yes                       No

2(b) If you answered yes to question 2(a), please indicate in the space provided below the amount of punitive damages to be awarded against Defendant Brian Feeley. If you answered no to question 2(a), you may leave this space blank.

_____

2(a) Do you choose to award punitive damages against Defendant Mathew Rosiello?

_____          _____
    Yes                       No

2(b) If you answered yes to question 2(a), please indicate in the space provided below the amount of punitive damages to be awarded against Defendant Mathew Rosiello. If you answered no to question 2(a), you may leave this space blank.

_____

We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

s/Tahanie A. Aboushi
Tahanie A. Aboushi, Esq.
Aymen A. Aboushi, Esq.

3